UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| BILLIE RODRIGUEZ, DANIEL ERWIN, MICHAEL B. ACKERMAN, and KYLE FOREMAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>EXXON MOBIL CORPORATION, CHEVRON USA INC., CHEVRON PHILLIPS CHEMICAL CORPORATION, DUPONT de NEMOURS, INC., DUPONT CORPORATION, CELANESE CORPORATION, DOW INC., DOW CHEMICAL COMPANY, EASTMAN CHEMICAL COMPANY, LYONDELLBASELL INDUSTRIES N.V., and AMERICAN CHEMISTRY COUNCIL,<br><br>        Defendants. | Case No. 4:24-cv-00803-SRB |

**SUGGESTIONS IN SUPPORT OF SPECIALLY APPEARING DEFENDANT[1] EXXON MOBIL CORPORATION'S MOTION TO TRANSFER VENUE**

    This case (*Rodriguez*) is the second of two putative class action lawsuits filed against identical defendants concerning defendants' plastic production and the recyclability of plastics. Nineteen days before filing *Rodriguez*, Plaintiffs' counsel filed *Ford County*[2], in the District of Kansas, an action on behalf of a smaller putative class of

---

[1] Exxon Mobil Corporation specially appears only to contest venue via the first-filed rule. By filing this motion, ExxonMobil does not concede jurisdiction is proper in the District of Kansas or the Western District of Missouri, and the instant motion does not prevent ExxonMobil from subsequently filing 12(b) motions in either forum, including but not limited to motions challenging personal jurisdiction under 12(b)(2). ExxonMobil explicitly preserves all defenses under Rule 12(b) and intends to file such motions after the appropriate forum is determined. *See* Fed. R. Civ. P. 12(h)(1). *Lewis & Clark Reg. Water Sys., Inc. v. Carstensen Contracting, Inc.*, 355 F. Supp. 3d 880 (D.S.D. Dec. 31, 2018); *Dekalb Genetics Corp. v. Syngenta Seeds, Inc.*, No. 4:06CV01191-ERW, 2007 WL 1223510, at *5 (E.D. Mo. Apr. 24, 2007).

[2] The *Ford County* lawsuit is *Ford County, Kansas v. Exxon Mobil Corp., et al.*, Case No. 2:24-cv-02547, filed November 27, 2024 in the District of Kansas. The complaint in that case is attached as Exhibit 1 and the class allegations are contained in paragraphs 152-161.

plaintiffs all included in the proposed *Rodriguez* classes. The *Rodriguez* and *Ford County* lawsuits are based on virtually identical averments of fact.[3] For the reasons set forth below, Defendant Exxon Mobil Corporation ("ExxonMobil") specially appears (see footnote 1) to move this Court to transfer *Rodriguez* to the District of Kansas where the first-filed *Ford County* is pending.

I.  **Relevant Facts**

   A.  ***Ford County* litigation**

Plaintiffs' counsel, Sharp Law, LLP, filed the *Ford County* lawsuit on November 27, 2024, in the United States District Court for the District of Kansas[4] on behalf of a putative class of all Kansas counties. (Ex. 1, ¶ 146). *Ford County* asserts a Kansas state law claim for public nuisance. (*Id.*, ¶¶ 154–65). Specifically, *Ford County* asserts that Defendants have "deceptively advertis[ed] and market[ed] that plastics were recyclable when in reality less than 10% of Plastics are recycled." (*Id.,* ¶ 157).

Plaintiff in *Ford County* seeks "an injunction to enjoin Defendants from engaging in the deceptive, unfair, unconscionable, and unlawful business practices alleged," court-ordered abatement of the "nuisance," and compensatory, treble, and punitive damages. (*Id*. at p. 45).

   B.  ***Rodriguez***

Nineteen days after filing *Ford County*, Plaintiffs' counsel, in this Court, filed *Rodriguez,* a second putative class action. The defendants in *Rodriguez* include the *Ford County* defendants; *Rodriguez* seeks to certify both "nationwide" and "state law" classes,

---

[3] *Compare* Plaintiffs' Class Action Complaint [Doc. 1] *with* Exhibit 1.
[4] The *Ford County* plaintiff has designated Kansas City, Kansas as the place of trial. Notice of Designation of Place of Trial, *Ford County, Kansas*, Case No. 2:24-cv-02547 (D. Kan. Nov. 27, 2024).

both of which would, by their proposed definitions, include "entities" such as the Kansas counties that constitute the putative *Ford County* class. (*See* Doc. 1, ¶¶ 153–61).

*Rodriguez* seeks "an injunction to enjoin Defendants from engaging in the deceptive, unfair, unconscionable, and unlawful business practices alleged," and compensatory and treble damages. (Doc. 1, p. 91).

C. **Near-identical complaints**

The respective complaints in the instant matter and *Ford County* demonstrate that these two lawsuits are based on identical or nearly identical facts in competing forums. *Rodriguez* asserts additional legal theories, but the suit is based on the same fact averments alleged in *Ford County*. For example, the text of the complaints' opening paragraphs are nearly identical:[5]

> **CLASS ACTION COMPLAINT**
>
> ~~Plaintiff Ford County, Kansas files~~ Plaintiffs Billie Rodriguez, Daniel Erwin, Michael B. Ackerman, and Kyle Foreman file this Class Action Complaint, individually and on behalf of all others similarly situated, against the named Defendants, seeking relief to remedy the harms caused by Defendants' coordinated negligent and/or ~~intentional~~ fraudulent representations regarding the recyclability of plastics~~,~~ which led to the production and purchase of more plastics than otherwise would have occurred. These ~~representations~~ joint misrepresentations have led to higher plastic prices than otherwise would have occurred in a competitive market and massive sanitation problems for county and city governments and their landfills. Plaintiffs' allegations are based on personal knowledge as to Plaintiffs' own conduct and investigation of counsel based on publicly available information ~~as to all other allegations~~.

---

[5]The paragraph inserted is a comparison of the *Ford County* Complaint opening paragraph compared to

Both matters assert factual allegations concerning:

- Types of plastics and their uses;
- Recycling challenges associated with plastics, including recycling rates, and technological and economical limitations;
- A historical analysis of the plastics industry, including specific discussion of the 1950s-1970s, the 1980s, and the 1990s to present;
- Environmental Impacts of plastics, including plastic pollution and microplastics; and
- Efforts by plastic industry participants, trade associations, and alleged misinformation campaigns.

Even a cursory review of the two complaints shows that they are nearly identical with many paragraphs repeated nearly verbatim. Further, use of a Compare Write tool shows the two complaint fact averments are largely identical. The distinctions between the factual averments are minor: the order of some averments was changed though the content remains the same and some adjectives and modifiers were changed though the content remains the same. Finally, the respective complaints are estimated to be approximately 95% identical based on an analysis of the factual averments (paragraphs 26–147 of the *Rodriguez* complaint and paragraphs 23–139 of the *Ford County* complaint).[6]

Despite asserting different causes of action, all the *Rodriguez* and *Ford County* legal claims stem from the same theory of alleged liability—that:

> Defendants' false representations regarding the recyclability of plastics led to increased production of plastic products, increased demand for plastics products, increased prices for plastic products and corresponding issues

---

the *Rodriguez* Complaint opening paragraph.

[6] This analysis was conducted using Microsoft CoPilot, an artificial intelligence tool, to compare against each other the fact averment paragraphs of the respective complaints. In a recent study, this tool "exhibited the highest accuracy rate compared to ChatGPT-3.5 and Gemini" in interpreting biochemical laboratory data. Ahmed Naseer Kaftan et al., *Response accuracy of ChatGPT 3.5 Copilot and Gemini in interpreting biochemical laboratory data a pilot study*, Sci. Rep. 14, 8233 (2024), *available at* https://doi.org/10.1038/s41598-024-58964-1 (last accessed Dec. 20, 2024).

4

with the remediation of plastic waste, all of which have harmed [Plaintiffs].

(*See* Doc. 1, ¶ 2; Ex. 1, ¶ 2).

## II.     Argument

### A. The "first-filed" rule requires transfer of this case to Kansas.

#### i.     The "first-filed" rule applies here because *Rodriguez* and *Ford County* substantially overlap.

"[T]he doctrine of federal comity permits a court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (citing *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir.1982)). This doctrine is known as the "first-filed" rule. "The purpose of this rule is to promote efficient use of judicial resources. The rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration." *Id.* It is the date a suit is filed, not the date a suit is served, that determines chronological precedence for the first-filed rule. *Gray Mfg. Co., Inc v. Vehicle Serv. Grp.*, LLC, No. 18-06001-CV-SJ-GAF, 2018 WL 11411258, at *2 n.3 (W.D. Mo. June 5, 2018).

Application of the first-filed rule does not require that the parties, putative classes, or claims in both cases be identical. They only "must be so related that there is substantial overlap between the cases regarding the issues raised." *Id.* at *2. As Chief Judge Phillips noted, "'[i]n the putative class context, requiring an exact identity among the parties and claims would make it so the first-filed rule would never apply, undercutting its purpose of judicial efficiency.'" *Evans v. J.P. Morgan Chase Bank, N.A.*, No. 13-00686-CV-W-BP, 2014 WL 12600285, at *1 (W.D. Mo. Feb. 12, 2014) (quoting *Worthington v. Bayer Healthcare, LLC*, 2012 WL 1079716, *4 n.3 (D.N.J. Mar. 30, 2012)).

5

Here, "substantial overlap between the cases" supports transfer. The facts alleged in *Ford County* and *Rodriguez* are virtually identical. (*See supra*, Section I.C). Both cases assert that the same defendants engaged in the same deceptive advertising and business practices concerning the recyclability of plastics, which resulted in alleged damages to coterminous groups of Plaintiffs.[7] Given the similarity of the facts, same defendants, overlapping classes, and identical theory of liability supporting both petitions, transfer under the first-filed doctrine is appropriate despite the differing legal claims in both complaints. When, as here, there is substantial overlap between the cases, transfer of the second-filed case (*Rodriguez*) to the district where the first-filed case (*Ford County*) is pending is legally correct. *Painter v. L'Oreal USA, Inc.*, No. 6:24-CV-03077-MDH, 2024 WL 4774904, at *3 (W.D. Mo. Nov. 13, 2024).

In *Painter*, which was decided last month, this District Court applied the first-filed rule to transfer a second-filed putative class action to the district of a first-filed putative class action. In *Painter*, Judge Harpool applied the first-filed rule to transfer to the District of Hawaii a putative class action asserting Missouri state law claims, where a parallel class action was previously filed. *Id*. at *3. This District has also applied the rule to transfer non-class litigation to the district where an earlier-filed parallel class action was underway. *See Evans v. J.P. Morgan Chase Bank, N.A*., No. 13-00686-CV-W-BP, 2014 WL 12600285, at *1 (W.D. Mo. Feb. 12, 2014) (transferring case asserting Missouri citizens' ERISA claims to the Southern District of New York, where a putative class action that could include Plaintiffs was underway).

---

[7] The *Rodriguez* putative classes by definition contain all the members of the *Ford County* putative class. *See supra*, Section I.B.

### ii. The first-filed rule requires the District of Kansas to resolve any questions of jurisdiction.

The first-filed rule determines which of two federal courts will resolve the issues in parallel cases, "including, if necessary, whether personal jurisdiction exists." *Advanced Physical Therapy, LLC v. Apex Physical Therapy*, LLC, No. 17-3149-CV-S-BP, 2017 WL 9717215, at *2 (W.D. Mo. July 6, 2017). "The first-filed rule dictates not only which forum is appropriate, but also which forum should decide which forum is appropriate." *Painter,* 2024 WL 4774904, at *3.

The *Ford County* Plaintiff has asserted that the District of Kansas has jurisdiction over ExxonMobil. ExxonMobil does not concede that the District of Kansas has jurisdiction over ExxonMobil, and specifically reserves the right to challenge jurisdiction in the District of Kansas, just as it reserves the right to challenge personal jurisdiction in the Western District of Missouri.[8] Regardless, under the first-filed rule, it is the District of Kansas, not the Western District of Missouri, that must decide the jurisdictional issues. See *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999) ("Because the second-filed court is not binding the litigants before it to a ruling of the first, there is no reason to examine the jurisdiction of the first-filed court."); *Advanced Physical Therapy*, 2017 WL 9717215, at *2; *Johnson v. Pfizer, Inc.*, No. 04–1178, 2004 WL 2898076, at *2 (D.Kan.2004) (explaining that "any jurisdictional defects, or objections to venue would be decided by" the first-filed court.).

### iii. No exceptions to the first-filed rule apply.

Missouri federal courts recognize two exceptions to the first-filed rule: "(1) [the]

---

[8] *Dekalb Genetics*, 2007 WL 1223510, at *4–5 (under Rule 12(h), motion to transfer does not waive a defendant's ability to raise subsequent 12(b) defenses).

balance of convenience; and (2) compelling circumstances." *Painter*, 2024 WL 4774904, at *2; *see also Monsanto Tech. LLC v. Syngenta Crop Prot., Inc.*, 212 F. Supp. 2d 1101, 1102 (E.D. Mo. 2002). Other considerations include "inequitable conduct, bad faith, or forum shopping." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 792 (6th Cir. 2016 (quoting *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 972 (3d Cir. 1988)).). "[D]eviations from the rule should be the exception, rather than the norm." *Id.* No exceptional circumstances warrant departure from the first-filed rule in this case.

### a. The Western District of Missouri is less, not more, convenient.

First, the balance of convenience does not prevent application of the first-filed rule; the proposed transfer is simply across the river from Missouri to Kansas. The Western District has no significant ties to the parties, evidence, or alleged events that would render it more convenient than the District of Kansas. Thus, the inefficiencies of litigating parallel cases in separate jurisdictions make the Western District of Missouri less convenient than the District of Kansas.

The Western District has no superior ties to the parties. Plaintiffs in the *Rodriguez* matter include residents of Missouri, Kansas, California, and Florida. (Doc. 1, ¶¶ 12–15). The Western District of Missouri may be a nominally more convenient forum for Plaintiff Billie Rodriguez, who is alleged to be a resident of Missouri, but the Complaint also names Daniel Erwin, who is alleged to be a resident of Kansas, as a Plaintiff. (*Id*.) On information and belief, none of the remaining Plaintiffs nor the Defendants are domiciled in Kansas or Missouri, and thus they would all likely have to travel to the Kansas City Metropolitan Area in either forum.

Further, Missouri law is not uniquely dispositive or applicable as to the vast majority

8

of the *Rodriguez* causes of action. In fact, only Count 7 (of 45) is specifically based on Missouri substantive law. The District of Kansas, which already has the same factual allegations pending in *Ford County*, is as equipped to evaluate a Missouri cause of action among thirty-five other state claims as the Western District of Missouri is to evaluate a Kansas cause of action among those same thirty-five state claims. (*Id*. ¶¶ 176–292).

Finally, Plaintiffs allege "a national crisis affecting citizens (and children) in all 50 states," (*Id*., ¶ 7), with Plaintiffs having purchased plastic products in Missouri, Kansas, California, New York, and Florida. (*Id.*, ¶¶ 12-15.) The putative nationwide and state classes include "[a]ll persons or entities in the United States and its territories who indirectly purchased plastics for end use . . . ," (*id.*, ¶ 153), as well as "[a]ll persons or entities in the Indirect Purchaser states who indirectly purchased plastics for end use . . . ." (*Id.*, ¶ 154 (footnote omitted)). As a result, there is no significant difference between the Westen District of Missouri and the District of Kansas with respect to the factual averments at issue.

In contrast, there are clear efficiencies to be had from dealing with a single court, but Defendants will be deprived of these efficiencies if forced to duplicate their efforts across multiple courts. *See Battenfeld Techs., Inc. v. Birchwood Lab'ys, Inc.*, No. 2:10-CV-04224-NKL, 2011 WL 1131101, at *3 (W.D. Mo. Mar. 28, 2011) (the "inefficiencies of litigating overlapping disputes in two different venues at the same time" would "lead to unnecessary expenses to the parties, the witnesses, and the taxpayer-funded federal courts."); *Larsen v. Pioneer Hi-Bred Int'l, Inc.*, No. 4:06-CV-0077-JAJ, 2007 WL 3341698, at *11 (S.D. Iowa Nov. 9, 2007) (granting motion to transfer in part because defendant would "be forced to proceed in two districts and incur duplicative litigation costs.").

9

Accordingly, the balance of convenience weighs in favor of transfer to the District of Kansas.

### b. The compelling circumstances here weigh in favor of, rather than against, transfer.

Courts sometimes invoke "compelling circumstances" to decline to transfer a second-filed case. "Compelling circumstances" involve, for example, race-to-the-courthouse situations where a defendant races to a friendlier jurisdiction to file a declaratory judgment suit to head off anticipated litigation by a plaintiff. *Painter*, 2024 WL 4774904, at *2. Such is not the case here—the first-filed suit was filed by the same Plaintiffs' counsel on behalf of putative class members of both the first and second-filed suits. This is no race to the courthouse. Instead, parity between the actions, alleged fact averments, and classes may actually suggest judge- or forum-shopping. *Miles v. Ill. Cent. R. Co.*, 315 U.S. 698, 706–07 (1942) (Jackson, J., concurring) (noting that plaintiffs should not be entitled to go shopping for a judge or jury); *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1088 n.22 (6th Cir. 1996) (noting the Sixth Circuit was "troubled by the appearance of the same counsel in the several pending class actions, which raises an obvious concern that counsel may be forum-shopping.").

Accordingly, in keeping with the first-filed rule and "the doctrine of federal comity", *Orthmann,* 765 F.3d at 121, the Court should transfer this matter to the District of Kansas, where Plaintiffs' counsel chose to first file *Ford County*.

## III. Conclusion

Federal courts maintain strong policies in favor of judicial efficiency and opposed to forum shopping. Transfer of this second putative class action to the district where the first putative class action remains pending satisfies both these policies and complies with

the first-filed rule. Specially appearing Defendant ExxonMobil therefore respectfully requests that this Court transfer this matter to the District of Kansas.

Dated: December 22, 2024									Respectfully submitted,

										**LATHROP GPM LLP**

										By:  /s/ Richard N. Bien
										Richard N. Bien		(MO #31398)
										William F. Ford		(MO #35116)
										Emma C. Halling		(MO #75986)
										Grant A. Harse		(KS #001043)
										Brody Sabor		(MO #73421)
										2345 Grand Boulevard, Suite 2200
										Kansas City, Missouri 64108
										Telephone: (816) 292-2000
										Telecopier: (816) 292-2001
										richard.bien@lathropgpm.com
										bill.ford@lathropgpm.com
										emma.halling@lathropgpm.com
										grant.harse@lathropgpm.com
										brody.sabor@lathropgpm.com

										-AND-

										David J. Lender
										(Pro Hac Vice to be filed)
										WEIL, GOTSHAL & MANGES LLP
										767 Fifth Avenue
										New York, New York 10153
										Telephone: (212) 310-8000
										Telecopier: (212) 310-8007
										david.lender@weil.com

David R. Singh
(Pro Hac Vice to be filed)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Telecopier: (650) 802-3100
david.singh@weil.com

*Attorneys for Exxon Mobil Corporation*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on December 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Richard N. Bien*
Richard N. Bien
*An Attorney for Exxon Mobil Corporation*