UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| BILLIE RODRIGUEZ, DANIEL ERWIN, MICHAEL B. ACKERMAN, and KYLE FOREMAN, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br> v.<br><br>EXXON MOBIL CORPORATION, CHEVRON USA INC., CHEVRON PHILLIPS CHEMICAL CORPORATION, DUPONT de NEMOURS, INC., DUPONT CORPORATION, CELANESE CORPORATION, DOW INC., DOW CHEMICAL COMPANY, EASTMAN CHEMICAL COMPANY, LYONDELLBASELL INDUSTRIES N.V., and AMERICAN CHEMISTRY COUNCIL,<br><br>   Defendants. | Case No.: 4:24-cv-00803-SRB |

## SPECIALLY APPEARING DEFENDANT EXXON MOBIL CORPORATION'S MOTION TO STAY PROCEEDINGS AND SUGGESTIONS IN SUPPORT

Specially Appearing Defendant Exxon Mobil Corporation ("ExxonMobil"),[1] by and through its undersigned counsel, specially appearing for the limited purpose of contesting venue and seeking transfer to another Court, moves this Court for an order staying these proceedings pending the Court's order on ExxonMobil's motion to transfer venue, filed simultaneously with this motion. In support of this Motion, ExxonMobil states:

---

[1] Exxon Mobil Corporation specially appears only to contest venue via the first-filed rule. By filing this motion, ExxonMobil does not concede jurisdiction is proper in the District of Kansas or the Western District of Missouri, and the instant motion does not prevent ExxonMobil from subsequently filing 12(b) motions in either forum, including but not limited to motions challenging personal jurisdiction under 12(b)(2). ExxonMobil explicitly preserves all defenses under Rule 12(b) and intends to file such motions after the appropriate forum is determined. *See* Fed. R. Civ. P. 12(h)(1). *Lewis & Clark Reg. Water Sys., Inc. v. Carstensen Contracting, Inc.,* 355 F. Supp. 3d 880 (D.S.D. Dec. 31, 2018); *Dekalb Genetics Corp. v. Syngenta Seeds, Inc.*, No. 4:06CV01191-ERW, 2007 WL 1223510, at *5 (E.D. Mo. Apr. 24, 2007).

### A. Standard of Review

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "In considering if a stay is appropriate, a court must weigh the parties' competing interests, including the potential of prejudice or hardship and judicial economy concerns." *Sitzer v. Nat'l. Assoc. of Realtors*, No. 4:19-cv-00332-SRB, 2020 WL 8224831, at *2 (W.D. Mo. May 8, 2020) (citing *Gould v. Farmers Ins. Exch.*, 326 F.R.D. 530, 531 (E.D. Mo. 2018)).

### B. Staying This Case Pending Resolution of ExxonMobil's Motion to Transfer Serves All Parties' Interests and Would Not Prejudice Plaintiffs

The Court should stay these proceedings pending resolution of ExxonMobil's motion to transfer venue. That motion does not in and of itself stay any deadlines to file an answer or to raise Rule 12(b) defenses. *Mgmt. Registry, Inc. v. Batinich*, No. 18-1147, 2018 WL 3621036, at *2 n.2 (D. Minn. July 30, 2018). However, given that a grant of the transfer motion would end this Court's involvement in this case and will not prejudice Plaintiffs, a stay is appropriate until the Court rules on ExxonMobil's motion to transfer. *See Johnson v. KFC Corp.*, No. 07-0416-CV, 2007 WL 3376750, at *2-3 (W.D. Mo. Nov. 7, 2007) (granting defendant's motion to stay proceedings pending a decision by the Judicial Panel for Multidistrict Litigation regarding case transfer); *Buie v. Blue Cross and Blue Shield of Kansas City, Inc.*, No. 05–0534–CV, 2005 WL 2218461, at *1-2 (W.D. Mo. Sept. 13, 2005) (same).

Generally, after a plaintiff files and serves its complaint, a defendant must either (1) file an answer "within 21 days after being served with the summons and complaint," Fed. R. Civ. P. 12(a)(1)(A)(i), or (2) raise defenses by motion under Rule 12(b). If the

defendant elects the latter, the deadline to file an answer remains in abeyance until the Court's resolution of the Rule 12(b) motion or notice of intent to rule on the motion after trial. Rule 12(a)(4).[2]

Requiring ExxonMobil to comply with these motion and answer deadlines while its motion to transfer remains pending serves neither Plaintiffs' interests, ExxonMobil's interests, nor broader interests in judicial economy. Quite the opposite. Filing a Rule 12(b) motion and later, an answer, would require significant expenditure of time and effort not just by ExxonMobil, but also by the Plaintiffs in their response to any motion. Likewise, back-and-forth Rule 12 motion practice, while the Court considers ExxonMobil's transfer motion, does not serve the Court's interests in judicial economy and that is especially so if the Court ultimately grants the motion. For the same reasons, a stay pending resolution of that motion does not prejudice Plaintiffs. Whether the Court transfers the case or not, this Court or the transferee court may immediately lift the stay after a ruling on the transfer motion and set a schedule for further proceedings.

As the Federal Circuit has explained, "[a]lthough district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion *should unquestionably take top priority*." *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) (emphasis added). This especially makes sense here, where there has been no activity in the litigation aside from filing the complaint itself and service thereof. The Court should stay these proceedings pending resolution of ExxonMobil's motion to transfer this case to the District of Kansas.

---

[2] As ExxonMobil also noted in its suggestions in support of its Motion to Transfer Venue, ExxonMobil reserves the right to raise defenses under Rule 12(b), including a jurisdictional challenge, as a transfer motion does not bar it from doing so. *See supra* at n.1.

## CONCLUSION

For the foregoing reasons, the Court should stay these proceedings until it resolves Specially Appearing Defendant ExxonMobil's motion to transfer.

Dated: December 22, 2024

Respectfully submitted,

**LATHROP GPM LLP**

By: */s/ Richard N. Bien*
    Richard N. Bien    (MO #31398)
    William F. Ford    (MO #35116)
    Emma C. Halling    (MO #75986)
    Grant A. Harse    (KS #001043)
    Brody Sabor    (MO #73421)
    2345 Grand Boulevard, Suite 2200
    Kansas City, Missouri 64108
    Telephone: (816) 292-2000
    Telecopier: (816) 292-2001
    richard.bien@lathropgpm.com
    bill.ford@lathropgpm.com
    emma.halling@lathropgpm.com
    grant.harse@lathropgpm.com
    brody.sabor@lathropgpm.com

    -AND-

    David J. Lender
    (Pro Hac Vice to be filed)
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Telecopier: (212) 310-8007
    david.lender@weil.com

David R. Singh
(Pro Hac Vice to be filed)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Telecopier: (650) 802-3100
david.singh@weil.com

*Attorneys for Exxon Mobil Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Richard N. Bien
Richard N. Bien
*An Attorney for Exxon Mobil Corporation*