UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| BILLIE RODRIGUEZ, DANIEL ERWIN, MICHAEL B. ACKERMAN, and KYLE FOREMAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>EXXON MOBIL CORPORATION, CHEVRON USA INC., CHEVRON PHILLIPS CHEMICAL CORPORATION, DUPONT de NEMOURS, INC., DUPONT CORPORATION, CELANESE CORPORATION, DOW INC., DOW CHEMICAL COMPANY, EASTMAN CHEMICAL COMPANY, LYONDELLBASELL INDUSTRIES N.V., and AMERICAN CHEMISTRY COUNCIL,<br><br>        Defendants. | Case No. 4:24-cv-00803-SRB |

## SPECIALLY APPEARING DEFENDANT EXXON MOBIL CORPORATION'S MOTION TO RECONSIDER

COMES NOW specially appearing defendant Exxon Mobil Corporation ("ExxonMobil"), by and through its undersigned counsel, and moves the Court to reconsider its order denying ExxonMobil's motion to transfer venue (Doc. 3) and motion to stay proceedings (Doc. 5) as moot ("Order") (Doc. 49). On January 17, 2025, Plaintiffs filed a consolidated response to ExxonMobil's motions (Doc. 47), making ExxonMobil's reply suggestions due January 31, 2025 under Western District of Missouri Local Rule 7(c)(3). Based on Plaintiffs' misstatement of the law, the Court issued its Order on January 21, 2025, before ExxonMobil had an opportunity to reply.

As discussed in greater detail below, Plaintiffs dismissal of *Ford County, Kansas v. Exxon Mobil Corp., et al.*, D. Kan. Case No. 2:24-cv-02547 ("*Ford County*") does not

moot ExxonMobil's motions, the "first-filed" doctrine still applies, Plaintiffs' forum shopping should not be condoned, and transfer is still appropriate. ExxonMobil respectfully requests the Court reconsider its January 21 Order denying ExxonMobil's transfer motion as moot and reach the merits of ExxonMobil's motions to transfer this case to the District of Kansas and stay this case pending the decision on the motion to transfer.

I.   **Background**

ExxonMobil's motion to transfer venue seeks an order from this Court transferring this case to the District of Kansas. (Doc. 3). In its suggestions in support, ExxonMobil explained that nineteen days before this action was filed, Plaintiffs' counsel filed *Ford County*, naming the same defendants named in this case. (Doc. 4 at 1-2). Plaintiffs now admit that the Ford County factual averments and the injunctive relief sought are nearly identical. (Doc. 47). Thus, the "first-filed" rule compels transfer of this case to the District of Kansas. In its motion to stay proceedings, ExxonMobil also requested that the Court stay this case pending its decision on the motion to transfer venue. (Doc. 5).

Plaintiffs' consolidated response to ExxonMobil's motions admits the underlying rationale for transfer and stay and offers no analysis of the pending issues, instead declaring that its dismissal of the first-filed Kansas action allegedly moots ExxonMobil's motions. (Doc. 47). Specifically, Plaintiffs informed the Court that "[u]pon consideration of Defendant Exxon Mobil's arguments regarding the overlap of allegations and parties to the two cases, and for purposes of judicial efficiency and economies, Plaintiffs, as masters of their own Complaint, voluntarily dismissed *Ford County* in the District of Kansas." (Doc. 47 at 2). Plaintiffs attached that notice of dismissal (Doc. 47-1) and incorrectly represented to the Court that ExxonMobil's transfer and stay motions are moot

as a result, requiring "no further response." (Doc. 47 at 2). After ExxonMobil had drawn attention to the indicia of forum shopping in its suggestions in support of its motion to transfer, Plaintiffs confirmed those motivations by dismissing *Ford County* and amending the complaint in this case to add the *Ford County* public nuisance claim. (Doc. 48).[1]

On January 21, 2025, before ExxonMobil had an opportunity to file a reply correcting Plaintiffs' assertion that the transfer motion is moot, the Court accepted Plaintiffs' response rationale and denied both motions, stating, "as Plaintiff has voluntarily dismissed his parallel lawsuit in the District of Kansas, the motions are DENIED AS MOOT" (Doc. 49) (emphasis in original).

## II. Standards Governing Reconsideration

A Court may reconsider a prior interlocutory order "if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." *Provisur Techs., Inc. v. Weber, Inc.*, No. 21-cv-06113-SRB, 2024 WL 4919540, at *1 (W.D.Mo. Oct. 24, 2024) (slip copy) (quoting *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09-CV-05078-DGK, 2010 WL 3522476, at *2 (W.D. Mo. Sept. 2, 2010).

## III. The Court should reconsider its order denying ExxonMobil's motions to transfer venue and to stay proceedings as moot because ExxonMobil did not have a fair opportunity to reply to Plaintiffs' response and reconsideration is necessary to correct a significant error.

Under Western District Local Rule 7(c), any moving party may file reply suggestions "[w]ithin 14 days after the opposing suggestions" to the party's motion are filed. Here, Plaintiffs filed their response to ExxonMobil's motions to transfer venue and

---

[1] It should be noted that putative plaintiffs in the Amended Complaint include "[a]ll counties, cities, and municipalities located within the United States and its territories…." (Doc. 48, at 163). This presumably encompasses the City of Kansas City, Missouri as a plaintiff in this litigation.

to stay proceedings on January 17, 2025, so ExxonMobil had until January 31 to file its reply. Notwithstanding, based on the Plaintiffs' incorrect assertion that the dismissal of the District of Kansas action mooted the transfer motion, the Court denied ExxonMobil's motions as moot on January 21, ten days before ExxonMobil's reply suggestions were due. This denied ExxonMobil "a fair opportunity to argue the matter[s]" contained in the reply it planned to file. *Provisur*, 2024 WL 4919540, at *1.

The assertion that ExxonMobil's transfer motion is moot is a "significant error" warranting reconsideration and because the Court ruled before ExxonMobil had an opportunity to file its reply brief, ExxonMobil did not have an opportunity to respond to Plaintiffs' error. In fact, dismissal of a "first filed" action does not moot a motion to transfer a later-filed action to the initial case's venue. Accordingly, the Court should reconsider its order denying ExxonMobil's motions to transfer venue as moot and should consider the merits of ExxonMobil's motion to transfer and stay proceedings.

### IV. Plaintiffs' voluntary dismissal of *Ford County* does not bar transfer under the "first-filed" doctrine.

Transfer is still appropriate pursuant to the first-filed rule even, and sometimes more so, when the first-filed case has been dismissed. In situations like the one at hand, where Plaintiffs' counsel "has taken calculated steps in filing, serving, and dismissing cases -- all seemingly with the intent to choose what it views as the best jurisdiction in which to proceed," such "indicia of forum shopping" weighs in favor of, not against, transfer. *Abreu v. Pfizer, Inc.*, No. 21-62122-CIV, 2022 WL 2355541, at *13 (S.D. Fla. June 22, 2022), *report and recommendation adopted*, 2022 WL 3370932 (S.D. Fla. Aug. 16, 2022).

### A. Transfer remains appropriate under the first-filed rule when the first-filed action has been dismissed.

Voluntary dismissal of the *Ford County* action did not moot ExxonMobil's transfer motion, as courts frequently transfer cases to jurisdictions where no pending case exists, and courts have regularly transferred second-filed actions to first-filed venues where the earlier filed action has already been dismissed. The lack of a pending case in the transferee jurisdiction does not moot a motion to transfer or to stay. Moreover, the District of Kansas retains a degree of jurisdiction over *Ford County* notwithstanding that case's dismissal. *See, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-99 (1990) (recognizing that "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending").

The above general principals regarding transfer to a district with no active case are exemplified in cases applying the first-filed doctrine post dismissal in the transferee court. For example, in *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021), the Northern District of California considered whether the "first-filed" doctrine warrants transfer "even though the first-filed action is no longer pending in either the district or appellate courts[.]" There, a putative class of plaintiffs filed suit alleging the defendant's cosmetic products suffered from labeling and packaging defects. *Id.* at 702. Two years before that action commenced, the same attorneys representing the plaintiffs in the California case filed a nearly identical action against the same defendant in the Southern District of New York. *Id.* at 703. The New York court dismissed the plaintiffs' complaint, which the Second Circuit affirmed. *Id.* at 703–04. While the Second Circuit appeal was pending, plaintiffs' counsel filed the nearly identical suit in California. *Id.*

Upon defendant's motion, the Northern District of California transferred the case to the Southern District of New York even though the court in the first-filed case had dismissed, in its entirety, the first case in a decision affirmed on appeal. *Id.* at 706-08. The Northern District explained that "a court is not stripped of its discretion to apply the first-to-file rule even though the first-filed action is no longer pending." *Id.* at 706 (citing *Alul v. Am. Honda Motor Co., Inc.*, No. No. 16-cv-04384-JST, 2016 WL 7116934, at *1, 6 (N.D. Cal. Dec. 7, 2016); *Exec. Law Grp., Inc. v. Exec. Law Grp. PL*, No. SACV 13-01823 MMM, 2014 WL 12577090, at *3 (C.D. Cal. Mar. 24, 2014)).

A more recent decision reached the same result. In *Johnson v. Siemens Indus., Inc.*, No. 23-cv-01562-RS, 2023 WL 4686015 (N.D. Cal. July 21, 2023), the plaintiffs' attorney previously filed two class action suits against the same defendant: one in the Central District of California and the second in California state court, which was then removed to the Northern District of California. *Id.* at *1. In *Johnson* the Northern District found that the first-filed doctrine warranted transfer despite dismissal of the earlier cases. *Id.* at *4. It explained, "[a]lthough the named plaintiff is different, the same counsel is endeavoring to bring the same claims on behalf of the same class," which the Court called an "inescapable" example of "intentional shopping for a different result[.]" *Id.* at *3. So, while "dismissal of an earlier-filed case may render some of the considerations behind the rule moot in certain circumstances, *the forum shopping concern remains*." *Id.* at *4 (emphasis added). The "forum shopping concern" is also at issue here and weighs strongly in favor of transfer under the first-filed rule. For this reason, the Court should reconsider its Order.

### B. Evidence of forum shopping weighs in favor of, rather than mooting, transfer under the first-filed rule.

Plaintiffs' counsel here – the same attorneys who filed *Ford County* – filed this action against an identical set of defendants and based on the same factual allegations seeking identical injunctive relief. When ExxonMobil drew attention to the indicia of forum shopping in its suggestions in support of its motion to transfer, Plaintiffs confirmed those motivations by dismissing *Ford County* and amending the complaint in this case to add the *Ford County* public nuisance claim. (Doc. 48).

Plaintiffs' actions in filing, never seeking service in, and then dismissing *Ford County* evinces the "calculated steps" Plaintiffs have undertaken in "filing, serving, and dismissing cases" with "the intent to choose what it views as the best jurisdiction in which to proceed" – this Court. *Abreu*, 2022 WL 2355541, at *13 (applying first-filed rule to recommend transfer of a case despite both a voluntary dismissal and a dismissal on the merits of cases in the first district, noting that Plaintiff's counsel's earlier voluntary dismissal of a first-filed case weighed in favor of, not against, transfer).

These considerations apply equally in this Circuit. The Eighth Circuit has stated explicitly that "it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011). Plaintiffs should not be permitted to run afoul of this Eighth Circuit policy by voluntarily dismissing the first-filed *Ford County* and joining the public nuisance claim to the second-filed *Rodriguez* in an effort to moot ExxonMobil's motion to transfer and choose what Plaintiffs apparently perceive as a more favorable forum.

Instead of repudiating the law and analysis offered by ExxonMobil in support of its motion for transfer, Plaintiffs' actions and response to the motion admit the overlap in the

cases and demonstrates Plaintiffs' motivations. This conduct underscores the merits of ExxonMobil's motion.

## V. The Court should stay these proceedings until it decides ExxonMobil's motion to transfer.

Plaintiffs similarly did not respond to ExxonMobil's motion to stay proceedings other than to claim that motion was moot due to the *Ford County* voluntary dismissal. As explained above, ExxonMobil's transfer motion is not moot because the Court may still apply the first-filed rule and transfer this case. For the same reason, ExxonMobil's request to stay these proceedings pending adjudication of the motion to transfer is not moot.

If anything, a stay is more warranted now than before given Plaintiffs' recent amended complaint[2] incorporating Ford County, Kansas as a plaintiff and raising the public nuisance claim in this suit. (*Compare* Doc. 48, ¶¶ 205-16 *with* Doc. 4-1, ¶¶ 154-165). It would betray all sense of judicial economy to require Defendants to prepare responsive pleadings or Rule 12(b) motions (in turn requiring Plaintiffs to prepare their own responses) while this Court weighs ExxonMobil's transfer motion. As ExxonMobil explained in its motion to stay, "once a party files a transfer motion, disposing of that motion *should unquestionably take top priority.*" *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) (emphasis added). ExxonMobil's request to stay this case comports with the principle of judicial economy, and Plaintiffs did not provide any analysis or argument to the contrary.[3]

---

[2] Plaintiffs' addition of the public nuisance cause of action to the *Rodriguez* complaint precipitated no substantive changes to the factual allegations. (*Compare* Doc. 1, ¶¶ 26–147 *with* Doc. 48, ¶¶ 34–155).

[3] In their response to the motions to transfer and stay, Plaintiffs assert a non-germane jurisdictional waiver argument, suggesting ExxonMobil's limited appearance is somehow unsupported by law. For support, Plaintiff's cite to *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982) (Doc. 47 n.1.). The holding in *Insurance Corp of Ireland* is not applicable here. There, the Supreme Court discussed instances where personal jurisdiction may be waived, by contract, stipulation or arbitration

## Conclusion

ExxonMobil respectfully requests that this Court reconsider its Order denying ExxonMobil's motion to transfer based on the first filed rule as moot and consider the merits of ExxonMobil's motion and grant ExxonMobil's motions to transfer this case to the District of Kansas and stay this case pending the decision on the motion to transfer venue.

Dated: January 22, 2025

Respectfully submitted,

**LATHROP GPM LLP**

By: */s/ Richard N. Bien*
    Richard N. Bien    (MO #31398)
    William F. Ford    (MO #35116)
    Emma C. Halling    (MO #75986)
    Grant A. Harse    (KS #001043)
    Brody Sabor    (MO #73421)
    2345 Grand Boulevard, Suite 2200
    Kansas City, Missouri 64108
    Telephone: (816) 292-2000
    Telecopier: (816) 292-2001
    richard.bien@lathropgpm.com
    bill.ford@lathropgpm.com
    emma.halling@lathropgpm.com
    grant.harse@lathropgpm.com
    brody.sabor@lathropgpm.com

-AND-

---

agreements, "voluntary use of certain state procedures," including filing a cross-action, *id.* at 704, or "filing a plea in abatement, or taking the question to a higher court." *Chicago Life Ins. Co. v. Cherry*, 244 U.S. 25, 30 (1917) (cited in *Insurance Corp. of Ireland*, 456 U.S. at 704). ExxonMobil has not waived personal jurisdiction by these acts or otherwise. There is no contract, stipulation or arbitration agreement, and ExxonMobil has not filed an "answer or a responsive pleading" to the complaint nor has it yet filed a 12(b) motion. *See* Fed. R. Civ. P. 7(a) and *McDowell v. Tankinetics, Inc., infra.* ExxonMobil has not waived, but instead has specifically preserved a challenge to personal jurisdiction. ExxonMobil has provided Plaintiffs with explicit, unambiguous notice that it does not concede personal jurisdiction and will challenge "personal jurisdiction under 12(b)(2)," and assert other defenses, once the proper forum has been established. (Doc. 4 n.1.) See *McDowell v. Tankinetics, Inc.*, No. 11–3306–CV–S–RED, 2012 WL 828509, at *4 (W.D.Mo. Mar. 8, 2012), aff'd 507 Fed.Appx. 624, *per curiam* (May 31, 2013) ("Under Rule 12, a defense is only waived if it is not included in a responsive pleading or set forth in a motion to dismiss. Rule 12(h)(1)(B)(i)-(ii). . . . Defendants covered all bases by specifically indicating in their Notice of Removal (Doc. 1) that they did not intend to waive personal jurisdiction by removing this case to federal court.").

David J. Lender (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Telecopier: (212) 310-8007
david.lender@weil.com

David R. Singh
(pro hac vice to be filed)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Telecopier: (650) 802-3100
david.singh@weil.com

*Attorneys for Exxon Mobil Corporation*

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on January 22, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Richard N. Bien*
Richard N. Bien
*An Attorney for Exxon Mobil Corporation*