**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

BILLIE RODRIGUEZ, DANIEL ERWIN,
MICHAEL B. ACKERMAN, KYLE FOREMAN,
DREW SCRUGGS, MARY JANE MCQUEENY,
EMILY THORPE, JENNIFER TRITT and THE
BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF FORD, individually and on
behalf of all others similarly situated,

      Plaintiffs,

vs.

EXXON MOBIL CORPORATION, CHEVRON
USA INC., CHEVRON PHILLIPS CHEMICAL
CORPORATION, DUPONT de NEMOURS, INC.,
CELANESE CORPORATION, DOW INC.,
DOW CHEMICAL COMPANY, DUPONT
CORPORATION, EASTMAN CHEMICAL
COMPANY, LYONDELLBASELL INDUSTRIES,
N.V., and AMERICAN CHEMISTRY COUNCIL,

      Defendants,

and

STATE OF KANSAS, *ex rel.*
KRIS W. KOBACH, Attorney General,

      Proposed Defendant-Intervenor.

Case No. 4:24-cv-00803-SRB

**ORAL ARGUMENT REQUESTED**

**SUGGESTIONS IN SUPPORT OF**
**KANSAS'S MOTION FOR LIMITED INTERVENTION**

# TABLE OF CONTENTS

BACKGROUND ............................................................................................................. 1

ARGUMENT ............................................................................................................... 2

    I.   Kansas's intervention is timely. ................................................................... 3

    II.  Kansas has a right to intervene under Rule 24(a)(2) ...................................... 4

        a.    Kansas has recognized sovereign, property, and economic interests in the subject matter of the litigation. ............................................................................... 5

        b.    Kansas's sovereign, economic, and property interests may be impaired by the disposition of the case. ........................................................................... 7

        c.    The existing parties do not—and *cannot*—adequately represent Kansas's interests in this litigation. ............................................................................. 8

    III. Alternatively, the Court should permit Kansas, through its attorney general, to intervene under Rule 24(b). ................................................................................................. 10

        a.    Kansas's intervention is warranted under Rules 24(b)(1)(B) and (b)(3). ............ 10

        b.    Kansas's intervention is warranted under Rules 24(b)(2)(A) and (b)(3). ............ 11

    IV. Kansas has standing for intervention under Rule 24. ..................................... 12

CONCLUSION ............................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**

*ACLU of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088 (8th Cir. 2011) ................................. 3

*Akiachak Native Cmty. v. U.S. Dep't of Interior*, 584 F. Supp. 2d 1 (D.D.C. 2008) ..................... 3

*Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592 (1982) ...... 5, 8, 9, 11, 12

*Aziz v. Trump*, 231 F. Supp. 3d 23 (E.D. Va. 2017) ..................................................... 12

*Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837 (10th Cir. 1996) ................................................................................................... 8

*Coffey v. Comm'r*, 663 F.3d 947 (8th Cir. 2011) ................................................... 11, 12

*Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091 (10th Cir. 2005) ........................ 2

*Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367 (2024) ................................. 13

*In re Baycol Prods. Litig.*, 214 F.R.D. 542 (D. Minn. 2003) ............................................ 3

*Lynch v. Nat'l Prescription Adm'rs, Inc.*, 787 F.3d 868 (8th Cir. 2015) .............................. 8, 12

*Massachusetts v. E.P.A.*, 549 U.S. 497 (2007) ..................................................... 12

*Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994 (8th Cir. 1993) ...................... 4

*Mo. Coal. for Env't Found. v. Wheeler*, No. 2:19-CV-4215-NKL, 2020 WL 2331201 (W.D. Mo. May 11, 2020) ....................................................................................... 5

*Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484 (4th Cir. 1981) ............................... 6

*Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969 (8th Cir. 2014) ......................... 6

*New Jersey v. New York*, 345 U.S. 369 (1953) ...................................................... 5

*Planned Parenthood of Minn., Inc. v. Citizens for Cmty. Action*, 558 F.2d 861 (8th Cir. 1977) ... 8

*Reynolds v. Sims*, 377 U.S. 533 (1964) ........................................................... 5, 9

*S.E.C. v. Flight Transp. Corp.*, 699 F.2d 943 (8th Cir. 1983) ........................................ 8

*Smith v. Fed. Hous. Fin. Agency*, No. 4:12-CV-54, 2013 WL 12121334 (E.D. Tenn. Jan. 22, 2013) .................................................................................................. 11

*South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783 (8th Cir. 2003) .............. 3, 8

*Thiebaut v. Colo. Springs Utils.*, 455 F. App'x 795 (10th Cir. 2011) ................................. 6

*United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968 (2d Cir. 1984) .................... 9

*United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829 (8th Cir. 2009) ......................... 2

*United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824 (8th Cir. 2010) ................... 4

*United States v. Union Elec. Co.*, 64 F.3d 1152 (8th Cir. 1995) ...................................... 7

*WaterLegacy v. U.S. E.P.A.*, 300 F.R.D. 332 (D. Minn. 2014) ......................................... 2

*Wilson v. CFMOTO Powersports, Inc.*, No. CV 15–3192 (JRT/JJK), 2016 WL 912182 (D. Minn. Mar. 7, 2016) ................................................................................................ 11

*Wyandotte Nation v. City of Kansas City*, 200 F. Supp. 2d 1279 (D. Kan. 2002) ................. 3, 8, 9

**Statutes**

15 U.S.C. § 15c ................................................................................................................. 6, 12

K.S.A. 50-160 ........................................................................................................................ 7

K.S.A. 50-162 ................................................................................................................... 6, 12

K.S.A. 50-628 ...................................................................................................................... 12

K.S.A. 60-908 ................................................................................................................... 6, 12

K.S.A. 65-3401 *et seq.* .......................................................................................................... 6

K.S.A. 65-3408 ...................................................................................................................... 7

K.S.A. 65-3415 .................................................................................................................. 7, 9

K.S.A. 65-3415a ................................................................................................................. 7, 9

K.S.A. 65-3415b ................................................................................................................. 7, 9

K.S.A. 75-702 ................................................................................................................... 6, 12

K.S.A. 75-702(a) .................................................................................................................. 11

**Rules**

Fed. R. Civ. P. 24(a) ........................................................................................................... 3, 4

Fed. R. Civ. P. 24(b)(1) .......................................................................................................... 3

Fed. R. Civ. P. 24(b)(2) ..................................................................................................... 3, 11

Defendant State of Kansas, *ex rel*. Kris W. Kobach, Attorney General ("Kansas"), respectfully submits these suggestions in support of its Motion for Limited Intervention as to Plaintiff The Board of County Commissioners of the County of Ford ("Ford County") in this class action suit against the eleven Plastics Defendants. *See* (Doc. 48.) Federal Rule of Civil Procedure 24 allows Kansas to move for limited intervention as of right, or alternatively, by permission, to challenge Ford County's lack of legal authority to bring its class allegations, challenge the suit's standing, jurisdiction, and venue, and defend Kansas's constitutional, statutory, and common law authority and interests, including its *parens patriae* authority.

## BACKGROUND

On January 17, 2025, Ford County, along with its individual consumer co-plaintiffs, filed its First Amended Class Action Complaint against eleven Plastics Defendants.[1] Ford County alleges the Plastics Defendants misrepresented the recyclability of plastics materials, which caused a nonspecific injury that increased its costs of acquiring plastics and waste management operations costs and interfered with its public health, safety, and welfare. (Doc. 48, ¶ 161-65.) As its remedy, Ford County seeks "a national, 50-state solution" through a statewide and nationwide injunction, abatement of a public nuisance, and monetary and punitive damages. (Doc. 48, ¶¶ 3, 7.) Ford County's "solution" is a class action making claims on behalf of itself *and* the general public and all political subdivisions.[2] (Doc. 48, ¶¶ 23, 161-63.) However, Ford County fundamentally lacks the legal authority to assert Kansas's exclusive *parens patriae* authority and statutory authorities, or attempt to represent the State and its political subdivisions.

---

[1] Ford County joined this matter with the amended complaint. Previously, Ford County brought its own class action in the District of Kansas. *See* Class Action Complaint, *Ford County v. Exxon Mobil Corp., et al.*, No. 2:24-cv-02547-KHV-GEB (D. Kan. Nov. 27, 2024). However, Ford County voluntarily dismissed that suit after Defendant Exxon Mobil Corp. moved to transfer venue. *See* (Docs. 3-4, 47, 55.)

[2] *See* (Doc. 48, at ¶23, ¶ 161 ("All persons, governmental, and non-governmental entities in the United States and its territories"), at ¶ 162 ("All persons, governmental, and non-governmental entities in the Indirect Purchaser states"), at ¶ 163 ("All counties, cities, and municipalities located within the United States and its territories").)

Kansas's intervention as a party-defendant is imperative to defend its State sovereignty and *parens patriae* interests and challenge Ford County's standing, jurisdiction, venue, and class certification. Ford County—an entity created by Kansas with limited authority—is fundamentally undermining Kansas's sovereignty in this action. Kansas does not currently possess enough credible information to assess Ford County's underlying claims and determine whether a (legitimate) statewide suit is needed, *but* Kansas seeks intervention to protect its ability to make similar factual allegations and claims against the Plastics Defendants, if Kansas determines that any such claims exist. Ford County undermines Kansas's goal by attempting to usurp Kansas's authority and commandeer Kansas's possible claims.

Given its strong, legally protectable interest in this matter, Kansas has a right—or *at least* should be permitted—to intervene to protect its exclusive, sovereign authority.

## ARGUMENT

Federal Rule of Civil Procedure 24 empowers a prospective party to intervene in litigation because of its stake in the outcome. Because of Kansas's significant interest in the outcome of this suit, intervention is warranted.

Rule 24(a) articulates a non-party's right to intervention, and Rule 24(b) provides the circumstances where the Court may permit a non-party's intervention. Intervention fosters judicial efficiency and protects non-parties from having their interests adversely impacted without their participation. *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 840 (8th Cir. 2009). And courts often grant limited-purpose intervention, especially because Rule 24 requires flexibility. *See, e.g.*, *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1104 (10th Cir. 2005) (permitting intervention to challenge jurisdiction); *WaterLegacy v. U.S. E.P.A.*, 300 F.R.D. 332, 339 (D. Minn. 2014) (collecting cases discussing limited-purpose interventions);

2

*In re Baycol Prods. Litig.*, 214 F.R.D. 542, 543-44 (D. Minn. 2003) (permitting intervention for limited purpose of modifying a protective order, reasoning the intervenors do not ask the court to exercise jurisdiction over *additional* claims on the merits). Courts have previously recognized that a state has a right to intervene for the limited purpose of protecting its sovereignty. *See, e.g.*, *Wyandotte Nation v. City of Kansas City*, 200 F. Supp. 2d 1279, 1287-89 (D. Kan. 2002) (allowing Kansas to intervene for the purpose of filing a motion to dismiss); *Akiachak Native Cmty. v. U.S. Dep't of Interior*, 584 F. Supp. 2d 1, 6-7 (D.D.C. 2008) (holding Alaska was entitled to intervene as of right as party-defendant to defend its sovereignty).

Kansas has a right to intervene in this matter because it has an interest that could be impaired or impeded by this action, and the parties do not adequately represent its interests. *See* Fed. R. Civ. P. 24(a)(2); *see also South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003) ("Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor"); *Wyandotte Nation*, 200 F. Supp. 2d at 1287-89. Kansas also meets the standard for permissive intervention under Rule 24(b) because Kansas has a claim or defense in common with the underling suit, *see* Fed. R. Civ. P. 24(b)(1)(B), and the Attorney General is the only official authorized to bring a statewide suit, *see* Fed. R. Civ. P. 24(b)(2)(A)

## I. Kansas's intervention is timely.

As a precondition, Rule 24 requires that a motion to intervene be timely. *See* Fed. R. Civ. P. 24(a)(2), (b)(1)-(2) Timeliness is generally "based on all of the circumstances," including the litigation's progress, the intervenor's awareness of the litigation, any reasons for delayed intervention, and whether intervention prejudices existing parties. *ACLU of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1094 (8th Cir. 2011). Intervention in the early phases of litigation is considered timely. *See Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 999

(8th Cir. 1993) (finding the district court abused its discretion by denying a motion to intervene when "the legal proceedings were still at a preliminary stage," and no discovery requests have been exchanged).

Kansas seeks to intervene nineteen calendar days after the amended complaint was filed in this action. This litigation has progressed very little since the first amended complaint (Doc. 48) was filed. No party has filed a dispositive motion, and no defendant has filed an answer. In fact, the parties have agreed to *extend* the opportunity for dispositive motions to March 10, 2025. *See* (Doc. 56, at 2.) Kansas's effort to intervene in this matter is at an early and preliminary stage, which is important in light of the Kansas's proposed motion to dismiss. To the extent Kansas has delayed its intervention (though it has not), any delay was caused by Ford County's choice to join this suit. *See* (Docs. 47 and 48.) Finally, Kansas's intervention will not delay litigation or prejudice an existing party, especially at this preliminary stage. On the contrary, *Kansas* would be significantly prejudiced if denied intervention because *this action* is where Kansas's sovereignty is threatened, so it is the appropriate venue for Kansas to protect its sovereign interest. *Cf. United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 834 (8th Cir. 2010) (finding intervention prejudicial, in part, when a party has other venues to contest and protect its interests). This motion is timely.

## II. Kansas has a right to intervene under Rule 24(a)(2).

Kansas is entitled to intervene as of right under Rule 24(a)(2). That rule provides a non-party the right to intervene if: "(1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." *South Dakota*, 317 F.3d at 785 (citing *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997)); Fed. R. Civ. P. 24(a)(2). A non-

party has "only a "minimal burden of showing that its interests are not adequately represented by the parties." *South Dakota*, 317 F.3d at 785 (quoting *Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir.1996)). Because Kansas's motion is timely and it meets Rule 24(a)(2)'s other requirements, Kansas is entitled to intervene as of right.

      **a.   Kansas has recognized sovereign, property, and economic interests in the subject matter of the litigation.**

Kansas has a recognized interest in defending its sovereign *parens patriae* authority from usurpation by a political subdivision. The *parens patriae* authority is derived from Kansas's unique "quasi-sovereign interest." *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 607 (1982). "[P]*arens patriae* is inherent in the supreme power of every State[.]" *Id*. at 600. Although the Supreme Court has declined to provide "an exhaustive formal definition [or] a definitive list of qualifying interests[,]" it articulated two general categories. *Id*. at 607. First, a State has a sovereign interest in creating and enforcing a legal code, which includes a State's interest in the physical and economic well-being and health of its residents in general. *Id.* at 601, 607. Second, a State has an interest in demanding recognition of its sovereignty within the federal system. *Id.* at 601, 607. A State is uniquely positioned to sue on behalf of all citizens of the State by virtue of its *parens patriae* interests. *New Jersey v. New York*, 345 U.S. 369, 372 (1953) (quoting *Kentucky v. Indiana*, 281 U.S. 163, 173-74 (1930)). This is in *stark* contrast to the comparably narrow authority held by counties. *See Reynolds v. Sims*, 377 U.S. 533, 575 (1964) (recognizing that counties "never were and never have been considered as sovereign entities" and instead are "subordinate governmental instrumentalities created by the State"); *Mo. Coal. for Env't Found. v. Wheeler*, No. 2:19-CV-4215-NKL, 2020 WL 2331201, at *9 (W.D. Mo. May 11, 2020) (recognizing political subdivisions are not sovereigns and cannot invoke *parens patriae*); *see also Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 496 (4th Cir.

1981) ("[C]ommon sense dictates that when an alleged wrong affects governmental units on a state-wide basis, the state should seek redress on their behalf as well as on its own rather than parcelling out the actions among local agencies.").

Here, Kansas has the recognized sovereign interest to ensure the *proper party* (*i.e.*, the State of Kansas) is bringing an action on behalf of the State, its political subdivisions, and the general public, in compliance with Kansas and federal law. *See, e.g.*, 15 U.S.C. § 15c (attorney general's sole authority to bring federal antitrust claims for the State); K.S.A. 50-162 (attorney general's exclusive authority to bring Kansas Restraint of Trade Act claims for the State and its political subdivisions); K.S.A. 75-702 (attorney general's sole authority to prosecute civil matters for the State); K.S.A. 60-908 (attorney general's *exclusive* authority to abate statewide nuisances); *see also Thiebaut v. Colo. Springs Utils.*, 455 F. App'x 795, 800 (10th Cir. 2011) (recognizing "that in deciding whether a plaintiff qualifies for *parens patriae* standing, it is appropriate to look to state law" (citing *Hous. Auth. of Kaw Tribe of Indians of Okla. v. City of Ponca City*, 952 F.2d 1183 (10th Cir. 1991)). Further, Kansas has a recognized sovereign interest in enforcing its public nuisance laws, state and federal antitrust laws, and state consumer protection laws, if violations have occurred.

Kansas also has property and economic interests in the subject matter of the litigation. The Eighth Circuit has consistently held that when a potential judgment implicates an intervenor's property or economic interests, the intervenor has a "recognized interest" warranting intervention. *Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 976 (8th Cir. 2014) (collecting cases). Through its sovereign authority, Kansas developed comprehensive safety and sanitation laws. *See generally*, K.S.A. 65-3401 *et seq.* (Kansas's solid and hazardous waste statutes). Even Kansas itself must comply with its sanitation laws and obtain permits for

applicable state land use. K.S.A. 65-3408. Assuming the Plaintiffs were to succeed on the merits, Kansas would have economic and property interests the potential judgment implicate, such as: (1) the likely loss of solid waste tonnage fees, (2) Kansas's increased costs to investigate public nuisances caused by solid and hazardous waste, (3) Kansas's increased costs of waste management grants to counties and cities, (4) civil penalties, (5) and Kansas's foreseeable operational costs of coordinating and administering a statewide nuisance abatement. *See* K.S.A. 65-3415 (solid waste grants); K.S.A. 65-3415a (solid waste management fund); K.S.A. 65-3415b (solid waste tonnage fees); K.S.A. 50-160 (civil penalties to the State for violating Kansas Restraint of Trade Act).

Kansas has thus demonstrated that its stake in this litigation is sufficient to satisfy the recognized interest requirement and warrants its intervention as of right.

**b. Kansas's sovereign, economic, and property interests may be impaired by the disposition of the case.**

Kansas's interests in this litigation are precipitated by the significant possibility that Ford County's statewide (and nationwide) class allegations may foreclose Kansas's ability to (legitimately) "hold these plastic producers and manufacturers accountable" in the future *if* unlawful conduct is discovered. (Doc. 48, ¶ 8.) In other words, Kansas's interests may be impaired by the disposition of the case by operation of *res judicata*, collateral estoppel, or *stare decisis*. *See United States v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir. 1995) (intervenor need not show "would be," but only "may be" impaired). Ford County's broad class allegations seek to illegitimately invoke and represent each sovereign State's *parens patriae* authority. In doing so, and assuming Ford County prevails, Kansas faces a tremendously high risk of being foreclosed from bringing the same or similar claims against the same or similar manufacturers. If nothing less, the *stare decisis* effect of this litigation will speak volumes on future (legitimate)

7

actions brought by the States. *See Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 844 (10th Cir. 1996) ("[T]he *stare decisis* effect of the district court's judgment is sufficient impairment for intervention under Rule 24(a)(2)."). Thus, disposition of Ford County's claims may (most likely *will*) impair Kansas's sovereign, economic, and property interests.

### c. The existing parties do not—and *cannot*—adequately represent Kansas's interests in this litigation.

The current parties are neither equipped, nor motivated, to represent Kansas's sovereign interests. *See Wyandotte Nation*, 200 F. Supp. 2d at 1288-89 (recognizing that private parties and a municipality could not represent the State's interests). And, Kansas has "only a minimal burden of showing that its interests are not adequately represented by the parties." *South Dakota*, 317 F.3d at 785 (quoting *Mausolf*, 85 F.3d at 1303). Even when certain interests are "not adverse," the interests are not adequately represented if the interests are "disparate." *Planned Parenthood of Minn., Inc. v. Citizens for Cmty. Action*, 558 F.2d 861, 870 (8th Cir. 1977); *South Dakota*, 317 F.3d at 786 (recognizing that sovereign governments, acting *parens patriae*, represent interests of all its citizens and subdivisions). "[I]ntervention as of right may be based upon an interest which is contingent upon the outcome of the litigation." *S.E.C. v. Flight Transp. Corp.*, 699 F.2d 943, 948 (8th Cir. 1983) (interests were disparate where intervenor had additional and concrete interests different from existing government party).

Because Kansas seeks to intervene to challenge Ford County's usurpation of Kansas's *parens patriae* and statutory authority, the existing defendants cannot adequately represent Kansas's interests. Ford County *cannot* exercise Kansas's *parens patriae* authority in this action. *See Snapp*, 458 U.S. at 607; *see also Lynch v. Nat'l Prescription Adm'rs, Inc.*, 787 F.3d 868, 872 (8th Cir. 2015) (Attorneys General can invoke *parens patriae* doctrine); *Reynolds*, 377 U.S. at

575 ("[p]olitical subdivisions of States—counties, cities, whatever—never were and never have been considered as sovereign entities[,]" cannot invoke *parens patriae* authority, and can only exercise the "powers conferred upon them" by the State (cleaned up)). Ford County cannot represent Kansas's interests and prospective legal claims against the Plastics Defendants because Ford County cannot exercise any authority on behalf of all the State, its political subdivisions, and its citizens. And, assuming plaintiffs prevail on the merits, Kansas *will* (*at minimum*) face a *direct* impact to its solid waste management fund and ability to investigate the precise conduct plaintiffs allege. *See* K.S.A. 65-3415; K.S.A. 65-3415a; K.S.A. 65-3415b.

Separately, the Plastics Defendants may seek a similar outcome as Kansas (*i.e.*, dismissal), but they do not share the "unique," sovereign interests of the State in defending its *parens patriae* and statutory authority. *See Wyandotte Nation*, 200 F. Supp. 2d at 1288-89. And the Plastics Defendants will likely seek to dismiss the claims as a whole *with prejudice*. But, Kansas is seeking dismissal of Ford County's class allegations *without prejudice* because Kansas may choose to bring or participate in a legitimate "national, 50-state solution" "to hold [the] plastics producers and manufacturers accountable[,]" if or when concrete facts show violations of Kansas or federal law. (Doc. 48, ¶¶ 7-8.)

Because the "State is no ordinary litigant," no existing party can adequately represent its interests, especially when acting to protect its sovereign authority. *Snapp*, 458 U.S. at 612 (Brennan, J., concurring); *cf. United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 984 (2d Cir. 1984) ("[A] government asserting its status as *parens patriae* deserves special consideration when the issue is adequacy of representation."). Kansas's interests are not adequately represented by the existing parties.

*     *     *

Because Kansas has many recognized interests that this litigation may (or *will*) impair, and no existing party can represent these interests, the Court should find that Kansas is entitled to intervene under Rule 24(a)(2).

### III. Alternatively, the Court should permit Kansas, through its attorney general, to intervene under Rule 24(b).

If this Court determines that Kansas is not entitled to intervene as of right, then it should allow Kansas, through its attorney general, to intervene under Rule 24(b). As previously noted, the motion is timely. And Kansas otherwise meets the necessary requirements for intervention.

### a. Kansas's intervention is warranted under Rules 24(b)(1)(B) and (b)(3).

Rules 24(b)(1)(B) and (b)(3) allow Kansas to timely intervene if (1) Kansas has a claim or defense that shares a common question of law or fact, and (2) intervention would not unduly delay or prejudice the right of the original parties. Kansas meets this standard.

*First*, Kansas has a claim or defense that shares a common question of law with the underlying suit. Specifically, whether Ford County is attempting to improperly usurp Kansas's *parens patriae* and statutory authority by bringing an action on behalf of all persons, States, counties, and municipalities. (Doc. 48, ¶¶ 161-165.) By bringing this action on behalf of Kansas, its political subdivisions, and its citizens, Ford County *directly* challenges Kansas's sovereignty (without naming Kansas as a defendant). And, by Ford County's own account, Ford County shares a common question of law with Kansas. *See* (Doc. 48, ¶¶ 165-66 ("there are numerous and substantial questions of law or fact common to all of the Class Members").) The Plastics Defendants will also likely raise the common question of whether Ford County has the authority to bring this suit as it has. Kansas seeks to defend its sovereignty through this limited intervention and proposed motion to dismiss.

*Second*, Kansas's intervention would not unduly delay or prejudice the rights of the original parties because the State's intervention is timely and at a preliminary stage of litigation. If Kansas is unable to intervene, Kansas's sovereignty "inherent in [its] supreme power" would be fatally prejudiced. *Snapp*, 458 U.S. at 607. Because of Kansas's significant interests in the underlying suit and the common legal question, this Court should allow the State to intervene under Rules 24(b)(1)(B) and (b)(3).

### b. Kansas's intervention is warranted under Rules 24(b)(2)(A) and (b)(3).

Alternatively, the Court should allow Kansas to intervene under Rule 24(b)(2)(A), which permits timely intervention by a state governmental officer who administers a statute or regulation at issue without unduly delaying or prejudicing the existing parties. *Coffey v. Comm'r*, 663 F.3d 947, 951 (8th Cir. 2011); Fed. R. Civ. P. 24(b)(2)(A); *see also Wilson v. CFMOTO Powersports, Inc.*, No. CV 15–3192 (JRT/JJK), 2016 WL 912182, at *8 (D. Minn. Mar. 7, 2016) (permitting a state agency head intervention three months after amended complaint, but before start of discovery, when state agency administered and enforced the statute at issue); *Smith v. Fed. Hous. Fin. Agency*, No. 4:12-CV-54, 2013 WL 12121334, at *1-2 (E.D. Tenn. Jan. 22, 2013) (allowing state official to intervene in a class action suit based on a statute that state law authorized only the official to administer and the suit was "based on a matter of significant concern" to the official). Represented by the attorney general and as previously shown, Kansas's motion is timely and will not cause undue delay or prejudice to the existing parties.

As the chief law enforcement officer of Kansas, the attorney general is the exclusive authority to "appear for the state, and prosecute and defend any an all actions and proceedings" in all federal courts. K.S.A. 75-702(a). And, Kansas (through the attorney general) is the sole authority to enforce antitrust, consumer protection, and public nuisance claims on behalf of the

State, its subdivisions, and its citizens. *See* 15 U.S.C. § 15c (attorney general's sole authority to bring federal antitrust claims for the State); K.S.A. 50-162 (attorney general's exclusive authority to bring Kansas Restraint of Trade Act claims for the State and its political subdivisions); K.S.A. 75-702 (attorney general's sole authority to prosecute civil matters for the State); K.S.A. 60-908 (attorney general's exclusive authority to abate statewide nuisances); *see also* K.S.A. 50-628 (attorney general's exclusive authority to enforce state consumer protection law "throughout the state"). Kansas (through its attorney general) meets all prerequisites for permissive intervention under Rule 24(b)(2)(A) and (b)(3).

## IV. Kansas has standing for intervention under Rule 24.

Prospective intervenors in the Eighth Circuit must also establish standing for intervention under Rule 24. *Coffey*, 663 F.3d at 950. Kansas, as a sovereign entity, satisfies its *parens patriae* standing burden under Article III because its intervention relates to Kansas's quasi-sovereign interests. *Snapp*, 458 U.S. at 600 (1982); *Massachusetts v. E.P.A.*, 549 U.S. 497, 519 (2007) ("[w]hen a State enters the Union, it surrenders certain sovereign prerogatives[,]" which entitles the State to "special solicitude in our standing analysis."); *see, e.g.*, *Aziz v. Trump*, 231 F. Supp. 3d 23, 29 (E.D. Va. 2017) (recognizing Virginia had a right to intervene because of its *parens patriae* interest in the litigation). To show its quasi-sovereign interests, a state must show it is "commenc[ing] an action to protect a public interest," such as the safety, health, or welfare of its citizens, enforcement of its legal code, or demanding recognition of its sovereignty in the federal system. *Lynch*, 787 F.3d at 872 (cleaned up); *Snapp*, 458 U.S. at 601-07. Kansas intervenes here, as *parens patriae*, to defend its sovereignty from Ford County's usurpation, enforce its legal code, and protect the interests of the State, its political subdivisions, and all its citizens by preventing possible foreclosure on statewide abatement, antitrust, and consumer protection

claims by Ford County's impermissible lawsuit. No other prospective intervenor can protect Kansas's interests in this way. Kansas has *parens patriae* standing for intervention under Rule 24.[3]

*   *   *

If the Court does not allow Kansas to intervene as of right, then it should allow Kansas, through the attorney general, to intervene for the limited purpose of defending its *parens patriae* and statutory authority and its ability to bring a similar suit against the defendants.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Kansas's Motion for Limited Intervention.

---

[3] If the Court finds Kansas is not acting *parens patriae* and must establish traditional standing: (1) Ford County's litigation will likely cause Kansas an injury of a partial loss of its sovereignty, loss of funding for statewide solid waste management, and a loss of possible legal claims; (2) such likely injury is caused by Ford County's litigation attacking Kansas's sovereignty; and (3) dismissal of Ford County's class allegations will protect against Kansas's sovereignty, future funding, and possible legal claims. *See Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024). Accordingly, Kansas also has traditional standing.

**Dated:** February 4, 2025

Respectfully submitted,

**KRIS W. KOBACH**
**Attorney General of Kansas**

*/s/ Nicholas C. Smith*
Melanie S. Jack, W.D. Mo. No. KS-001292
  *First Assistant Attorney General*
Nicholas C. Smith, W.D. Mo. No. KS-001290
  *Assistant Attorney General*
Adam T. Steinhilber, Mo. Bar No. 73959
  *Assistant Solicitor General*
OFFICE OF ATTORNEY GENERAL
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Phone: (785) 296-3751
Fax: (785) 291-3699
Email: Melanie.Jack@ag.ks.gov
        Nicholas.Smith@ag.ks.gov
        Adam.Steinhilber@ag.ks.gov

*Attorneys for State of Kansas*


## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have entered an appearance, and I otherwise caused all parties to be served with the foregoing document as required by Federal Rule of Civil Procedure 24(c).

*/s/ Nicholas C. Smith*
Nicholas C. Smith