IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BILLIE RODRIGUEZ, et al<br>    Plaintiffs,<br><br>v.<br><br>EXXON MOBIL CORPORATION, et al<br>    Defendants. | Case No. 4:24-cv-00803-SRB |

**PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO DEFENDANT EXXON MOBIL CORPORATION'S MOTION FOR RECONSIDERATION**

What Defendant Exxon Mobil Corporation (Exxon) asks this Court to do—to re-open a *terminated* case in a different judicial district—is not relief that can be granted.[1] Plaintiffs respond accordingly because the Motion for Reconsideration lacks merit and moves the Court for something that is not procedurally possible. Exxon's motion to transfer Plaintiffs' case is an attempt at forum shopping that was correctly mooted and its Motion for Reconsideration falls flat.

## BACKGROUND

On November 27, 2024, Plaintiff The Board of County Commissioners of the County of Ford, Kansas (Ford County) filed a class action in the District of Kansas on behalf of a class of all Kansas counties seeking to remedy the harms caused by Defendants' negligent and/or intentional misrepresentations about the recyclability of plastics. *See Ford County, Kansas v. Exxon Mobil Corp. et al.*, 24-cv-02547 (D. Kan.). Nineteen days later, on December 16, the original Plaintiffs in this case filed a similar case on behalf of a class of consumers. Exxon did not appreciate that

---

[1] Not only does Exxon contest this Court's jurisdiction over it in this case, it also contests the District of Kansas's jurisdiction—the jurisdiction it seeks to have this case transferred to. *See* Doc. #4 at 1 n.1.

Plaintiffs had filed two cases in separate judicial districts, and it wished to have both litigated in the District of Kansas. So, six days later, before any party had been served or notified of the filing—and on a Sunday evening—Exxon filed a Motion to Transfer and Motion to Stay in this case, based on its belief that the then Ford County case in the District of Kansas and the Consumer case here significantly overlapped and the "first to file" rule mandated consolidation in the District of Kansas. Docs. #3, 4. Subsequently, Ford County voluntarily dismissed its case in the District of Kansas, before any defendant in that action had been served or appeared, and joined the current case here: the venue where more Plaintiffs reside and that has closer ties to the events alleged. Doc. #48. Plaintiffs then notified the Court that Exxon's requests for transfer and stay were moot because only one case now exists. Doc. #47. The Court then entered a minute entry to that effect. Doc. #49. Even though the Kansas case is now a nullity, Exxon still wants the Court to reconsider its arguments for moving the action to its forum of choice and staying this case in the interim. But all tenets of law and equity require that this case be left undisturbed in this District.

## LEGAL STANDARD

A motion for reconsideration is not rooted in the Federal Rules of Civil Procedure, and is typically treated as a Rule 59(e) motion to alter or amend the judgment, or a Rule 60(b) motion for relief from a final judgment, order, or proceeding. *Provisur Techs., Inc. v. Weber, Inc.*, No. 19-CV-06021-SRB, 2022 WL 22883433, at *1 (W.D. Mo. Aug. 18, 2022) (internal citations and quotation marks omitted). There is a high bar for reconsideration of interlocutory orders because of the Court's inherent "'interest in judicial economy and ensuring respect for the finality of its decisions, values that would be undermined if it were to routinely reconsider[.]'" *Id.* (quoting *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 09-CV-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010)). Because Exxon fails to identify whether its Motion seeks relief under Fed. R. Civ. P 59(e) or Fed. R. Civ. P 60(b), the Court shall discern the basis.

*Robinson v. Midwest Div.-RMC, LLC*, No. 4:19-CV-0934-SRB, 2020 WL 3317614, at *1 (W.D. Mo. June 18, 2020) (citing *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) (observing that a "danger[] of filing a self-styled 'motion for reconsideration' . . . not described by any particular rule of federal civil procedure" is that a "party leaves the characterization of the motion to the court's somewhat unenlightened guess")). But under either Rule, Exxon's motion fails.

## ARGUMENT

**I.     The Motion to Transfer was mooted when Ford County dismissed the action in the District of Kansas.**

**A.     No exceptional circumstances justify reconsideration.**

Exxon decries the Court's Minute Entry Order, Doc. #49, deeming the Motion to Transfer Venue, Doc. #3, and Motion to Stay Proceedings, Doc. #5, as moot, in light of Ford County's dismissal of its case in the District of Kansas and joining the Amended Complaint here. Exxon argues that it didn't get an opportunity to be heard on the merits because, even though Plaintiffs did what Exxon wanted by consolidating the cases for efficiency, Doc. #4 at 9, it wasn't done in the jurisdiction Exxon wanted. *See* Doc. #55 at 2-3. Exxon now seeks the Court's reconsideration and for another bite at the apple to argue why it thinks the District of Kansas is the more appropriate judicial forum. But reconsideration motions are rarely granted, and typically *only* granted to correct unfounded and objectively incorrect rulings. *E.g., Provisur Techs., Inc. v. Weber, Inc.*, No 21-cv-06113-SRB, 2024 WL 4919540, at *1 (W.D. Mo. Oct. 24, 2024).

Exxon did not specify whether they were seeking relief under Rule 59(e) or Rule 60(b), but under either Rule, its argument does not warrant reconsideration. Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately after judgment is entered. *Williamson v. Stange*, No. 1:22-CV-117 JAR, 2022 WL 13818675, at *2 (E.D. Mo. Oct. 24, 2022) (citing *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982)). Rule 59(e) motions are limited,

however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *Id.* (citing *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). The Minute Entry Order at issue here did not make any findings as to law or fact but simply ratified the status of the cases. Plaintiffs told the Court that one case was terminated and Exxon's Motions to Transfer and Stay were no longer at issue because there was no longer a pending case in the District of Kansas. Doc. #47. There is no manifest error to cure.

Similarly, a Rule 60(b) motion for reconsideration should be reserved for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Williamson,* 2022 WL 13818675, at *3 (citing *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003)). Rule 60(b) provides relief for:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
> 
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> 
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> 
>  (4) the judgment is void;
> 
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60. None of these circumstances are present here, nor are there any circumstances that "justify extraordinary relief." *Williamson*, 2022 WL 13818675, at *3.

In pressing its Motion for Reconsideration, Exxon improperly asks the Court to revisit its argument about the relatedness of the two actions, which was already resolved by Ford County dismissing its District of Kansas case and joining this action. Not once in its reconsideration request does Exxon cite either rule to suggest why reconsideration is warranted. Nor could Exxon

cite any such support because there is no basis under either Rule 59(e) or Rule 60(b) to reconsider the Court's Order mooting Exxon's two motions.

> **B.    If the Court does consider the substantive arguments of Exxon's request for reconsideration, it will find that the law is in Plaintiffs' favor.**
>
>> **1.    Plaintiffs get deference for their choice of forum.**

Plaintiffs, most of whom are Missouri residents, chose to bring litigation in their home forum, and that decision should be left undisturbed. Exxon makes no viable argument for disturbing Plaintiffs' choice, other than that the now-nonexistent case in the District of Kansas was filed three weeks before this one. Generally, a court is to give Plaintiffs' choice of forum considerable deference. *Harrison v. Gen. Motors Co.*, No. 17-3128-CV-S-SRB, 2017 WL 11341317, at *1 (W.D. Mo. Sept. 25, 2017) (citing *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) and denying a motion to transfer under Rule 1404)). That choice should only be disturbed upon a clear showing that the balance of interests weighs in favor of the movant's choice of venue. *Painter v. L'Oreal USA, Inc.*, No. 6:24-CV-03077-MDH, 2024 WL 4774904, at *3 (W.D. Mo. Nov. 13, 2024) (citing *Gen. Comm. of Adjustment v. Burlington N. R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995)). Even if the Court were to consider Exxon's substantive arguments and weigh the factors under the first-to-file rule, Exxon's arguments are unavailing, because the purpose of transferring to the first-filed case is to "promote efficient use of judicial resources." *Haworth v. New Prime, Inc.*, 448 F. Supp. 3d 1060, 1064 (W.D. Mo. 2020) (citing *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)). There is no concern over misuse of judicial resources in multiple courts, since this case is only being litigated in a single court. Because the law flies in the face of Exxon's position, it does not provide any law to the contrary. Plaintiffs' choice of forum should not be disturbed by Exxon's unproductive arguments.

## 2. Exxon's authority on cases being transferred to dormant dockets is unavailing.

The relief that Exxon seeks—for this Court to "consider the merits" of its moot request and somehow transfer/reopen a terminated case in the District of Kansas, to move the parties across the state line—is not relief that a party can ask the Court to make. Doc. #55 at 9. The cases cited by Exxon for the proposition that this is logistically feasible and possible are not remotely akin to the facts here.

In *Young v. L'Oreal USA, Inc.*, two similar cases were filed in different jurisdictions, and while the first one was pending on appeal to the Second Circuit, ***after dismissal on the merits*** based primarily on the defendant's preemption arguments, the plaintiffs' counsel filed the second case on the other side of the country. 526 F. Supp. 3d 700, 703 (N.D. Cal. 2021). In its ruling on the motion to transfer by the defendant, the Court appropriately rooted its decision in "sound judicial administration" and "the three pillars supporting the first-to-file rule—economy, consistency, and comity." *Id.* at 708. And most notably, the Court sought to "to avoid the embarrassment of conflicting judgments." *Id.* (quoting *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). Here, Ford County's previous District of Kansas case is not pending anywhere, certainly not on appeal in the Tenth Circuit. There is no potential for conflicting judgments because there is only one case. *Young* does not support Exxon's contention to transfer this current case back to a terminated docket.

Exxon's other caselaw in support is also misleading. In a case involving two class actions against the same defendant, the Northern District of California granted the defendant's motion to transfer to the location of the first-filed case ***after briefing and a court order granting dismissal of the federal claims.*** *Johnson v. Siemens Indus., Inc.*, No. 23-CV-01562-RS, 2023 WL 4686015, at *1 (N.D. Cal. July 21, 2023). Rather than amending that complaint to add Johnson, with

additional plausible allegations and/or refiling with the state law claims, Johnson filed a new, although "essentially the same," case in a different federal judicial district. *Id.* at *3. The court, quoting *Young,* ordered transfer on the basis of the plaintiffs' counsel trying to avoid the prior adverse ruling. *Id.* at *4. Here, Plaintiffs' counsel is not trying to avoid a prior adverse ruling— indeed, there were no rulings in the District of Kansas case, let alone *any* motion practice or briefing that would suggest an efficiency in keeping the case in the District of Kansas.

Despite Exxon's best attempts at analogizing these cases with the instant case, there is no colorable argument that these cases are instructive. And given the weight of authority—and no Eighth Circuit law in support to invoke—Exxon's argument is unavailing. Both cases dealt with new complaints being filed following substantial and time-consuming dispositive briefing and rulings, and both paid special mind to the potential for inconsistent rulings, given the overlap of legal and factual claims. In contrast, the docket in Ford County's District of Kansas case consisted of a single entry outside the case initiation documents—Ford County's Fed. R. Civ. P. 41(a)(1)(A)(i) dismissal notice. There were no rulings or orders, dispositive or otherwise, that created the law of the case and risked creation of conflicting outcomes between this case and that one. And Exxon does not even attempt to argue the pillars supporting a transfer because economy, consistency, and comity are all met by leaving the case exactly where Plaintiffs, the masters of their own complaint, sought to litigate it.

### 3. The relief sought by Exxon is unattainable.

As discussed above, Exxon cites none and Plaintiffs have located no authority in which a transferor-court ordered the re-opening of an already terminated docket in the potential transferee-court, a docket which had no actual filings after case initiation, simply because a similar complaint in another jurisdiction was originally filed there. Exxon postures that, based on the merits of its motion to transfer, this Court has authority to re-open the District of Kansas docket and require it

7

to accept transfer of this case for it to be litigated in that jurisdiction. Doc. #55 at 4-6. Exxon further argues that a stay is warranted while the Court consider it's transfer request, so that Exxon and its co-defendants are not required to prepare their Rule 12(b) motions. *Id.* at 8. But most perplexing, Exxon argues, without support, that "the lack of a pending case in the transferee jurisdiction does not moot a motion to transfer to stay." *Id*. at 5. Indeed, that's exactly what it does. The caselaw authorizes the Court to transfer a latter filed case back to a case that's pending on appeal, after deciding that retaining jurisdiction in the forum of the latter case could risk conflicting rulings. But there is nothing in the Federal Rules of Civil Procedure or binding (or persuasive) caselaw that permits the Court to transfer a case back to a case that was already subject to a Rule 41 voluntary dismissal before an answer was filed.

There is no Eighth Circuit authority that would allow the Court to grant Exxon's requested relief, because a Rule 41(a)(1)(A) dismissal without prejudice operates as a complete bar of future litigation of that docket and case number. In fact, a notable quote from *Young* (a case in which Exxon relied, but the quote was conspicuously absent from its brief) is instructive: "'[A] suit dismissed without prejudice,'. . . leaves the situation the same as if the suit had never been brought in the first place." *Young*, 526 F. Supp. 3d at 707 (citations omitted). That sentiment resonates in the Eighth Circuit, as it has repeatedly held the result of a voluntary dismissal under Rule 41(a) renders the case null and leaves the parties in the same position as if the case had never been filed. *Tri-Nat'l, Inc. v. Yelder*, 781 F.3d 408, 414 (8th Cir. 2015) (quoting *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir. 1977)). Indeed, because the case becomes a nullity, "[t]he jurisdictional effect of such a voluntary dismissal deprives the court of any power to adjudicate the withdrawn claim." *Vanover v. Bohnert*, 11 F. App'x 679, 681 (8th Cir. 2001) (citing *Smith v. Dowden,* 47 F.3d 940, 943 (8th Cir. 1995); *see Safeguard Bus. Sys., Inc. v. Hoeffel,* 907

F.2d 861, 864 (8th Cir.1990) (holding district court orders filed after a voluntary dismissal are void for want of jurisdiction)). So Ford County's District of Kansas lawsuit is now exactly that: a nullity.

And Exxon's quote from Thatcher regarding the Eighth Circuit's "policy" on forum-shopping is again misleading and without context. Doc. #55 at 7. The *Thatcher* plaintiff voluntarily dismissed his case without prejudice after the defendants answered—apparently wanting to refile in state court to avoid federal jurisdiction—so the Eighth Circuit found the district court abused its discretion by granting the dismissal. *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212 (8th Cir. 2011) To reiterate, nothing had been done in Ford County's District of Kansas case prior to its dismissal and Ford County joining this action. Even Exxon points out that the defendants in Ford County's Kansas case had not even been served. *See* Doc. #55 at 7. So, considering the closure of the docket and termination of the cause, the District of Kansas action is no longer pending, active, or able to accept new filings, and Exxon must answer to a Western District of Missouri court. Even if the Court were to reconsider its minute entry and contemplate Exxon's sought-after transfer to the District of Kansas, it is without the ability to move this case to a terminated docket that operates under the law as though it never existed.

## CONCLUSION

The irony is not lost that the very relief sought by Exxon is what it accuses Plaintiffs of doing: trying to get the case heard in a venue of their choice. And consider the implications of what Exxon asks this Court to do: it would mean that anytime a case was nonsuited before service or responsive pleadings, it would still anchor and serve as "first-filed" for all future cases and would require every other court to transfer similar cases brought in other forums, in perpetuity. This would flout logic and law. Exxon cannot ignore Rule 41(a)(1)(A)(i). Plaintiffs' case rests soundly in this Court, with more Plaintiffs at home here than in the District of Kansas. Accordingly, Plaintiffs request that the Court deny Exxon's Motion for Reconsideration.

Dated: February 5, 2025.                              Respectfully submitted,

                                                     /s/ Isaac L. Diel
                                                     Rex A. Sharp, MO #51205
                                                     Isaac L. Diel, MO #39503
                                                     W. Greg Wright, MO #49545
                                                     Sarah T. Bradshaw, MO #66276
                                                     Hammons P. Hepner, MO #77258
                                                     SHARP LAW, LLP
                                                     4820 W. 75th Street
                                                     Prairie Village, KS 66208
                                                     (913) 901-0505
                                                     (913) 261-7564 Fax
                                                     rsharp@midwest-law.com
                                                     idiel@midwest-law.com
                                                     gwright@midwest-law.com
                                                     sbradshaw@midwest-law.com
                                                     hhepner@midwest-law.com

                                                     --and--

                                                     Dave Rebein, KS #10476
                                                     REBEIN BROTHERS, PA
                                                     1715 Central Ave.
                                                     Dodge City, KS 67801
                                                     Tel: (620) 227-08126

                                                     --and--

                                                     Glenn I. Kerbs, KS #09754
                                                     Samantha F. Sweley, KS #26833
                                                     KERBS LAW OFFICE, LLC
                                                     1715 Central Ave.
                                                     Dodge City, KS 67801
                                                     Tel: (620) 255-0238
                                                     gkerbs@kerbslaw.com
                                                     ssweley@kerbslaw.com

                                                     *Attorneys for Plaintiffs
                                                     and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 5, 2025, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Isaac L. Diel
Rex A. Sharp
