UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| BILLIE RODRIGUEZ, DANIEL ERWIN, MICHAEL B. ACKERMAN, and KYLE FOREMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>EXXON MOBIL CORPORATION, CHEVRON USA INC., CHEVRON PHILLIPS CHEMICAL CORPORATION, DUPONT de NEMOURS, INC., DUPONT CORPORATION, CELANESE CORPORATION, DOW INC., DOW CHEMICAL COMPANY, EASTMAN CHEMICAL COMPANY, LYONDELLBASELL INDUSTRIES N.V., and AMERICAN CHEMISTRY COUNCIL,<br><br>    Defendants. | Case No. 4:24-cv-00803-SRB<br><br>**ORAL ARGUMENT REQUESTED** |

## SPECIALLY APPEARING DEFENDANT EXXON MOBIL CORPORATION'S REPLY SUGGESTIONS IN SUPPORT OF ITS MOTION TO RECONSIDER

Specially appearing defendant Exxon Mobil Corporation ("ExxonMobil"),[1] by and through its undersigned counsel, submits the following Reply Suggestions in Support of its Motion to Reconsider. (Doc. 55). Plaintiffs' Suggestions in Opposition (Doc. 82) contain multiple misstatements of law and mischaracterization of authorities relied on. Plaintiffs proffer an incorrect legal standard, claiming that transfer is unavailable pursuant to the

---

[1] Exxon Mobil Corporation specially appears only to contest venue via the first-filed rule. By filing its motion, motion for reconsideration, and reply in support, ExxonMobil does not concede jurisdiction is proper in the District of Kansas or the Western District of Missouri, and the instant motion does not prevent ExxonMobil from subsequently filing 12(b) motions in either forum, including but not limited to motions challenging personal jurisdiction under 12(b)(2). ExxonMobil explicitly preserves all defenses under Rule 12(b) and intends to file such motions after the appropriate forum is determined. *See* Fed. R. Civ. P. 12(h)(1). *Lewis & Clark Reg. Water Sys., Inc. v. Carstensen Contracting, Inc.*, 355 F. Supp. 3d 880 (D.S.D. Dec. 31, 2018); *Dekalb Genetics Corp. v. Syngenta Seeds, Inc.*, No. 4:06CV01191-ERW, 2007 WL 1223510, at *5 (E.D. Mo. Apr. 24, 2007).

65448655v2

first-filed rule where prior actions were voluntarily dismissed, and based on that falsity, Plaintiffs incorrectly claim that transfer is impossible. To the contrary, transfer pursuant to the first-filed rule is available and appropriate here, particularly in light of Plaintiffs' forum shopping.

**I.    ExxonMobil met its burden for reconsideration of an interlocutory order.**

Plaintiffs incorrectly assert that Rule 59(e) or Rule 60(b) apply to ExxonMobil's motion for reconsideration. Rather than supporting its argument, Plaintiffs' claimed authority demonstrates that the opposite is true – where an order is interlocutory reconsideration is appropriate when the moving party demonstrates "(1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." *Provisur Techs., Inc. v. Weber, Inc.*, No. 19-CV-06021-SRB, 2022 WL 22883433, at *1 (W.D. Mo. Aug. 18, 2022) (quoting *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 09-CV-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010)); (*See, also*, Doc. 55 at 3.).[2]

The foregoing is the proper standard for reconsideration of an interlocutory order, such as the order here. Conversely, Rule 59(e) and Rule 60(b) apply when the order being reconsidered is a <u>final</u> judgment or order.[3] *Disc. Tobacco Warehouse,* 2010 WL 3522476, at *1. This motion for reconsideration addresses an interlocutory order not a final judgment. *See* Fed. R. Civ. P. 54(b) (stating "any order or other decision, however

---

[2] Indeed, *Provisur* recognized that this Court has "greater discretion" to reconsider an interlocutory order, like the one here, than it would have "to reconsider a motion brought pursuant to Rules 59(e) and 60(b)." *Id*.

[3] Rule 59(e) is wholly inapplicable as it applies only to "final judgments." *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). And even if this Court applies Rule 60(b), ExxonMobil's motion nevertheless satisfied the rule's requirement for exceptional circumstances in cases, like the one here, where a ruling is based on mistake. Fed. R. Civ. P. 60(b)(1). ExxonMobil clearly pleaded the denial of its ability to correct Plaintiff's misrepresentations concerning mootness despite the ten remaining days in ExxonMobil's reply period. L.R. 7(c)(3). (Doc. 55, pp. 3-4).

2

designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Treatment of a motion to reconsider as a Rule 60(b) motion "fail[s] to recognize a district court's inherent authority to reconsider interlocutory orders, authority which as a practical matter a district court needs in order to modify orders in response to the changing circumstances of a lawsuit before it." *Disc. Tobacco Warehouse, Inc.*, 2010 WL 3522476, at *1 (citations omitted).

ExxonMobil's motion for reconsideration satisfies both elements of the applicable standard. First, the motion shows that ExxonMobil did not have a fair opportunity to argue the matter previously—the Court ruled on January 21, the first business day after Plaintiffs' response and ten days before ExxonMobil's reply was due under L.R. 7(c)(3). (Doc. 55, pp. 3-4). Because the Order was entered prior to the reply deadline, the Court did not have the opportunity to consider ExxonMobil's argument that the first-filed rule applies when the prior action has been voluntarily dismissed. Second, the Motion to Reconsider affords the Court the opportunity to correct the error occasioned by Plaintiff's incorrect mootness argument. (Doc. 55, pp. 4-7); *see infra* Section II.

## II. Transfer is appropriate despite Plaintiffs' voluntary dismissal of *Ford County*.

Plaintiffs' response incorrectly contends that the first-filed rule is restricted to circumstances where the first-filed case remains pending or circumstances where the first-filed case was dismissed after an adverse ruling. (Doc. 82, pp. 6-7). This is not the law. As explained in ExxonMobil's motion, the longstanding federal policy against forum shopping requires application of the first-filed rule even (or perhaps more so) when

3

65448655v2

Case 4:24-cv-00803-SRB    Document 90    Filed 02/10/25    Page 3 of 9

Plaintiffs' counsel voluntarily dismissed the first-filed action. (Doc. 55, pp. 4, 7) (citing *Abreu v. Pfizer, Inc.*, No. 21-62122-CIV, 2022 WL 2355541, at *13 (S.D. Fla. June 22, 2022), report and recommendation adopted, 2022 WL 3370932 (S.D. Fla. Aug. 16, 2022)).

Plaintiffs' opposition does not address Plaintiffs' obvious forum shopping or the *Abreu* decision. This is unsurprising given the parallels between Plaintiffs' counsel's conduct here and Plaintiffs' counsel's conduct in *Abreu*. In *Abreu*, Plaintiffs' counsel first-filed two class actions in the Southern District of New York, then filed a subsequent class action in the Southern District of Florida. 2022 WL 2355541, at *22. One Southern District of New York case was dismissed on the merits—but one remained pending. *Id*. When the Defendant in the Southern District of Florida filed a motion to transfer that later-filed class action to the Southern District of New York, Plaintiffs' counsel—like Plaintiffs' counsel here—voluntarily dismissed the still-pending Southern District of New York suit, then argued that transfer was no longer appropriate because "the circumstances [have] changed drastically." *Id*. Despite this claim, the Southern District of Florida granted Defendant's motion to transfer because Plaintiffs' counsel's voluntarily dismissal of the earlier filed suit "confirm[ed] the theory that Plaintiff's counsel was, and is, forum shopping." *Id*.

Other U.S. District Courts have also transferred cases to jurisdictions where a Plaintiff earlier voluntarily dismissed a suit in circumstances evincing forum shopping. In *Emerson v. Toyota Motor N. Am., Inc.*, No. 14-CV-02842-JST, 2014 WL 6985183 (N.D. Cal. Dec. 9, 2014), the Plaintiff filed suit in the Central District of California, then voluntarily dismissed the suit after the District Judge was assigned. Plaintiff then re-filed her action

in the Northern District of California. 2014 WL 6985183, at *1-3. The Northern District granted Defendant's motion to transfer the suit back to the Central District, concluding that "Plaintiff's conduct suggests that Plaintiff may have filed in this District believing they would receive a more favorable judicial assignment than the one they had just received in the Central District." *Id.* at *3.

Likewise, here, Plaintiffs' counsel filed the Ford County matter on November 27, 2024. (Ex. 1, *Ford County* Docket, p. 2). That same day, Judge Vratil was assigned the case. (*Id.*). Plaintiffs' counsel was obviously aware that Judge Vratil had previously dismissed a different putative class action filed by the same Plaintiffs' counsel upon defendant ExxonMobil's motion in that case. See *Wheeler v. Exxon Mobil Corp.*, No. CV 19-4025-KHV, 2019 WL 5188738, at *8 (D. Kan. Oct. 15, 2019). Therefore, after assignment of the case to Judge Vratil, Plaintiffs' counsel never sought service or issuance of a summons in *Ford County*. (Ex. 1, p. 2). Instead, nineteen days after drawing Judge Vratil in *Ford County*, Plaintiffs' counsel filed the instant *Rodriguez* complaint based on near-identical factual averments and seeking identical injunctive relief in this district. (Doc. 1). Upon assignment to this Court, Plaintiffs' counsel immediately set out obtaining and serving summons in the Western District of Missouri. (Ex. 2, *Rodriguez* Docket, p. 8) (noting summons issued December 18, 2024). As in *Emerson*, here, Plaintiffs' counsel's conduct of duplicate filing and withholding service dependent on designation of the judge evinces forum shopping that merits transfer to the District of Kansas.

**III.    Plaintiffs' choice of forum argument is unavailing.**

Plaintiffs' "master of the forum" argument is inapplicable to this litigation and the Court need not defer to that argument. (Doc. 82, p. 5). Initially, as is apparent from this motion, Plaintiffs' first choice of forum was actually Kansas, in the *Ford County* suit.

In addition, Plaintiffs' original complaint in this matter had only a single Missouri Plaintiff. (Doc. 1, ¶¶ 12-15). As originally filed, the majority of Plaintiffs' alleged class representatives were citizens of other states and foreign to the Missouri forum. (Doc. 1, ¶¶ 12-15). The Eighth Circuit recognizes that "a foreign plaintiff's choice of forum 'is entitled to substantially less deference.'" *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (citation omitted). It was not until <u>after</u> ExxonMobil moved to transfer this case that Plaintiffs amended their Complaint to add as Plaintiffs four additional Missouri residents as well as Ford County, Kansas. (Doc. 48, ¶¶ 15-23).

Moreover, in the context of putative nationwide class actions like the one here, "many courts give a plaintiff's choice of forum less deference." *Silverberg v. H&R Block, Inc.*, No. 4:06CV00519 ERW, 2006 WL 1314005, at *2 (E.D. Mo. May 12, 2006); *see also Koster v. Lumbermen's Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) ("where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened."). For example, in *Arnold v. LME, Inc.*, No. 19-CV-00555-FJG, 2020 WL 13470567, at *6 (W.D. Mo. Sept. 22, 2020) the Western District of Missouri applied these principles and transferred a putative class action to the District of Minnesota because even though "twenty [named] plaintiffs reside[d] in the Western District of Missouri [and] worked at the Kansas City Terminal . . . . the putative class comprises over a thousand [former employees] who allegedly worked at approximately thirty [terminals] across the country. Thus . . . the named plaintiffs comprise[d] less than 2% of the putative class" and their choice of forum was entitled to

"little deference." Here, the five named Missouri Plaintiffs from the First Amended Complaint constitute a miniscule fraction of the proposed nationwide class of "all persons, governmental, and non-governmental entities in the United States and its territories who indirectly purchased plastics for end use [since] January 1, 1990." (Doc. 48, ¶ 161).

Further, "any remaining deference is negated by evidence that Plaintiff's choice of forum was admittedly based on impermissible forum shopping." *Merrick Bank Corp. v. Savvis, Inc.*, No. 4:08CV00674 ERW, 2008 WL 5146660, at *5 (E.D. Mo. Dec. 8, 2008). So, too, here, Plaintiffs' "choices of forum" are entitled to little weight, given the national scope of this putative class action, the circumstances of Plaintiffs' inclusion of additional Plaintiffs, and Plaintiffs' counsel's conduct of "filing, serving, and dismissing cases" with "the intent to choose what it views as the best jurisdiction in which to proceed." *Abreu*, 2022 WL 2355541, at *13.

**IV.     This court can transfer a case to the District of Kansas.**

Finally, Plaintiffs insist that transfer is "unattainable" because this Court would be "order[ing] the re-opening of an already terminated docket in the potential transferee-court." (Doc. 82, p. 7). This is nonsense. This Court would not be forcing the District of Kansas to re-open *Ford County* after it was voluntarily dismissed. It would be transferring this case—*Rodriguez*—to the District of Kansas, a routine exercise for district courts. See e.g. *Est. of Logan by & Through Logan v. Busch*, No. 4:21-CV-00416-RK, 2022 WL 551256, at *5 (W.D. Mo. Feb. 23, 2022) (*sua sponte* transferring suit on behalf of Missouri estate to District of Kansas); *Auld v. Great Plains Tech. Servs., Inc.*, No. 20-CV-00120-FJG, 2020 WL 8415077, at *4 (W.D. Mo. July 1, 2020) (transferring case to District of Kansas even though venue was also proper in Western District of Missouri); *Simpkins v.*

*Univ. of Kansas Hosp. Auth.*, No. 2:16-CV-04009-NKL, 2016 WL 738229, at *3 (W.D. Mo. Feb. 23, 2016) (transferring putative class action to the District of Kansas).

Transferring a case to a different district does not require the transferee district to re-open a closed case, and Plaintiffs have provided no authority in support of this argument. Rather, transfer provides the transferee district the opportunity to preside over the transferred case. In addition, as noted above, multiple courts have transferred actions to the first-filed jurisdiction after Plaintiffs voluntarily dismissed their suits in the first-filed jurisdiction. *See supra* Section II.

Plaintiffs' theory that transfer to the District of Kansas would impermissibly force open a terminated case is without any support and contrary to established law and practice.

## V. Conclusion.

Plaintiffs' opposition consists largely of misinterpretations of case law and unsupported statements. Plaintiffs' counsel's conduct of filing, holding service, re-filing in a different jurisdiction upon designation of the judge, and then voluntarily dismissing the first filed suit is strong evidence of forum shopping that warrants transfer under the first-filed rule. Transfer to the District of Kansas is proper under the first-filed rule.

Dated: February 10, 2025                    Respectfully submitted,

/s/ *Richard N. Bien*                       AND         David J. Lender (Pro Hac Vice)
Richard N. Bien (MO #31398)                             **WEIL, GOTSHAL & MANGES LLP**
William F. Ford (MO #35116)                             767 Fifth Avenue
Emma C. Halling (MO #75986)                             New York, New York 10153
Grant A. Harse (MO #68948)                              Telephone: (212) 310-8000
Brody Sabor (MO #73421)                                 Telecopier: (212) 310-8007
**LATHROP GPM LLP**                                     david.lender@weil.com
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108                             David R. Singh
Telephone: (816) 292-2000                               (Pro Hac Vice to be filed)
Telecopier: (816) 292-2000                              **WEIL, GOTSHAL & MANGES LLP**
richard.bien@lathropgpm.com                             201 Redwood Shores Parkway
bill.ford@lathropgpm.com                                Redwood Shores, California 94065
emma.halling@lathropgpm.com                             Telephone: (650) 802-3000
grant.harse@lathropgpm.com                              Telecopier: (650) 802-3100
brody.sabor@lathroppgm.com                              david.singh@weil.com

*Attorneys for Defendant ExxonMobil Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 10, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ *Richard N. Bien*
Richard N. Bien
*An Attorney for ExxonMobil Corporation*