## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BILLIE RODRIGUEZ, DANIEL ERWIN, MICHAEL B. ACKERMAN, KYLE FOREMAN, DREW SCRUGGS, MARY JANE MCQUEENY, EMILY THORPE, JENNIFER TRITT, and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FORD, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> EXXON MOBIL CORPORATION, CHEVRON USA, INC., CHEVRON PHILLIPS CHEMICAL CORPORATION, DUPONT de NEMOURS, CELANESE CORPORATION, DOW INC., DOW CHEMICAL COMPANY, EASTMAN CHEMICAL COMPANY, LYONDELLBASELL INDUSTRIES N.V., AND AMERICAN CHEMISTRY COUNCIL, <br><br> Defendants, <br><br> and <br><br> STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General <br><br> Defendant-Intervenor. | Case No. 4:24-cv-00803-SRB |

**DEFENDANTS EXXON MOBIL CORPORATION, CHEVRON U.S.A. INC., CHEVRON PHILLIPS CHEMICAL COMPANY LP, DUPONT DE NEMOURS, INC., DOW INC., THE DOW CHEMICAL COMPANY, AND AMERICAN CHEMISTRY COUNCIL'S MOTION FOR RECUSAL AND SUGGESTIONS IN SUPPORT**

Defendants Exxon Mobil Corporation, Chevron U.S.A. Inc., Chevron Phillips Chemical Company LP, DuPont de Nemours, Inc., Dow Inc., The Dow Chemical Company, and American Chemistry Council ("Defendants") respectfully move for recusal under 28 U.S.C. § 455(a) and submits these suggestions in support.[1]

## PRELIMINARY STATEMENT

Recusal of a judge is required under 28 U.S.C. § 455(a) when a "judge's impartiality *might* reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *In re Kan. Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996) (emphasis added); *see* 28 U.S.C. § 455(a) (requiring a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned"). Here, Defendants respectfully submit that an informed average person might reasonably question this Court's impartiality in this case.

Plaintiffs seek to represent "[a]ll persons, *governmental*, and non-governmental entities in the United States"—with certain exclusions not relevant here—that have indirectly purchased plastics or incurred sanitation costs for plastic waste clean-up and disposal. *See* Dkt. 48 ("Am. Compl."), ¶¶ 161–63 & n.131 (the "Nationwide Class," "State Law Class," and "Public Nuisance Class"). That necessarily means that the City of Kansas City, Missouri is encompassed within the definitions of these putative classes and is a putative class member. Your Honor's spouse is a member of the City of Kansas City's City Council, and she accordingly has a direct interest in the

---

[1] Defendants do not submit to the personal jurisdiction of this Court, and expressly reserve their rights to raise such a defense in a separate motion brought under Rule 12(b)(2) of the Federal Rules of Civil Procedure. *See, e.g.*, *Subway Int'l B.V. v. Cere*, 2011 WL 3511462, at *3 (D. Conn. Aug. 11, 2011) (holding that a defendant did "not waive[] the defense" that the court lacks personal jurisdiction "by filing motions that raise separate issues," including a recusal motion); *see also In re Diloreto*, 2008 WL 141922, at *6 (Bank. E.D. Pa Jan. 11, 2008) ("the putative debtor did not waive her right to seek dismissal for lack of personal jurisdiction" by filing a motion to recuse before filing a motion to dismiss under Rule 12(b)(2)).

outcome of this case. This Court should follow its standard practice of recusing itself from litigation where the City of Kansas City is a party, and return the case to the Chief Judge for re-assignment.[2]

### STATEMENT OF FACTS

Plaintiffs are residents of Missouri, Kansas, California, and Florida, as well as Ford County, Kansas, who allegedly purchased plastic products in their respective states and in New York. Am. Compl. ¶¶ 15–23. On November 27, 2024, Plaintiff Ford County filed a putative class action in the District of Kansas, alleging that the defendants made false representations regarding the recyclability of plastics that led to the increased production of plastics, increased demand for plastics, and increased prices for plastics. *Ford County, Kansas v. Exxon Mobil Corp., et al.*, No. 2:24-cv-2547-KHV-GEB (D. Kan. Nov. 27, 2024), Dkt. 1. On December 16, 2024, Plaintiffs (with the exception of Ford County), filed a separate putative class action in this Court raising virtually identical allegations against the same defendants. *See* Dkt. 1 ("Compl.") ¶¶ 1–9. On January 17, 2024, Ford County voluntarily dismissed the action in the District of Kansas, and Plaintiffs filed an amended complaint in this Court, adding Ford County as a plaintiff. *See* Dkts. 47, 48 ("Am. Compl."). Plaintiffs collectively now assert 46 causes of action for violations of the Sherman Act, violations of various state consumer protection laws, nuisance, and unjust enrichment. Am. Compl. ¶¶ 171–520. They also seek "an injunction . . . to enjoin Defendants from engaging in the deceptive, unfair, unconscionable, and unlawful business practices alleged," as well as compensatory and treble damages. *Id.* at 91.

---

[2] Given the Court's standard practice in cases involving the City of Kansas City, Defendants thought it was important to bring this issue to the Court's attention and did so in an email to the Court. The Court responded by instructing Defendants to file a motion for recusal.

Plaintiffs seek certification of three putative classes: (1) the Nationwide Class; (2) the State Law Class; and (3) the Public Nuisance Class. *Id.* ¶¶ 161–63. The Nationwide Class consists of "[a]ll persons, *governmental*, and non-governmental entities in the United States and its territories who indirectly purchased plastics for end use from January 1, 1990" to the present. *Id.* ¶ 161 (emphasis added). The State Law Class similarly includes "[a]ll persons, *governmental*, and non-governmental entities . . . who indirectly purchased plastics for end use" but from "Indirect Purchaser states," including Missouri. *Id.* ¶ 162 & n.131 (emphasis added). And the Public Nuisance Class consists of "[a]ll counties, cities, and municipalities located within the United States and its territories which have incurred and will continue to incur sanitation costs for plastic waste clean-up and disposal from January 1, 1990" to the present. *Id.* ¶ 163.

Excluded from each Class are the defendants, "[t]he judges in this case and any members of their immediate families," and "[t]he State of California and all cities, counties, and municipalities within." *Id.* ¶¶ 161–63. The City of Kansas City, Missouri is not excluded from any of the putative classes.

**LEGAL STANDARD**

A judge is required to recuse himself "in any proceeding in which his impartiality *might* reasonably be questioned." 28 U.S.C. § 455(a) (emphasis added). Congress enacted the statute "to promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859–60 (1988); *see also Ligon v. City of New York*, 736 F.3d 118, 123 (2d Cir. 2013) (per curiam) (explaining that Section 455(a) "embodies the principle that 'to perform its high function in the best way justice must satisfy the appearance of justice'" (quoting *In re Murchison*, 349 U.S. 133, 136 (1955))). The well-established standard is objective and focused solely on appearances: proof of actual bias or hostility is not needed. *See United*

*States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996). As the Eighth Circuit has explained, "[w]hether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant," because Section 455(a) sets an objective standard and asks "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002), *abrogated on other grounds by Johnson v. McCarver*, 942 F.3d 405 (8th Cir. 2019) (quoting *In re Kansas*, 85 F.3d at 1358).

This standard recognizes that the reasonable outside observer is "less inclined to credit judges' impartiality and mental discipline than the judiciary itself will be." *Matter of Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). "[P]eople who have not served on the bench are often all too willing to indulge suspicions and doubts concerning the integrity of judges." *Liljeberg*, 486 U.S. at 864–65. And "where the question is close, the judge whose impartiality might reasonably be questioned must recuse himself." *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980).

## ARGUMENT

Recusal is warranted under Section 455(a) because Your Honor's spouse is a member of the City Council of the City of Kansas City, Missouri, which is a putative class member in this case. In their amended complaint, Plaintiffs named Kansas City as a putative class member of the Nationwide Class, the State Law Class, and the Nuisance Class. Am. Compl. ¶¶ 161–63. As a member of Kansas City's City Council, therefore, Your Honor's spouse has a fiduciary interest in the outcome of this litigation. *See* Kansas City, Mo., Code of Ethics, art. XV, § 2-2061(e) (noting "the fiduciary relationship of the council members to the expenditure of public funds"). And this Court has a practice of routinely recusing itself from cases in which the City of Kansas City or its Police Department are named parties. *E.g.*, *Rowe v. Kansas City, Missouri*, No. 4:23-cv-00503-DGK, Dkt. 3; *Chastain v. Kansas City, Missouri*, No. 4:23-cv-00490-BP, Dkt. 11; *MDKC, LLC v.*

4

*Kansas City, Missouri*, No. 4:23-cv-00395-DGK, Dkt. 3; *West v. Kansas City, Missouri*, No. 4:21-cv-00692-HFS, Dkt. 2; *Adams v. Kansas City, Missouri*, No. 4:24-cv-00630-DGK, Dkt. 7; *Cook v. Jackson Cnty. Prosecutor, et al.*, No. 4:24-cv-00002-RK, Dkt. 4; *Humes v. Kansas City, Mo. Police Dep't*, No. 4:24-cv-00179-BP, Dkt. 4.

That Kansas City is not a named party does not affect its status as being considered a party for purposes of recusal. It is well-established that "[n]onnamed class members . . . may be parties for some purposes." *Devlin v. Scardelletti*, 536 U.S. 1, 9–10 (2002). And "for purposes of the recusal statute, the term 'party' includes class members" and putative class members. *In re Cement Antitrust Litig.*, 688 F.2d 1297, 1313 (9th Cir. 1982); *see also Liljeberg*, 486 U.S. at 859 n.9 (noting that even in "[l]arge, multidistrict class actions, . . . the judge is required [under the recusal statute] to familiarize himself or herself with the named parties and all the members of the class"); *Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1030 (5th Cir. 1998) (holding that recusal can be required due to a financial interest in the case stemming from the fact that a "a judge, her spouse, or a minor child residing in her household is a member of a putative class").

That Plaintiffs excluded Your Honor and Your Honor's spouse from the putative classes does not change the analysis. Am. Compl. ¶¶ 161–63. The concern is not Your Honor's spouse's individual interest in the outcome of this action; instead, it is her interest as a member of the City Council of Kansas City—which is included in the putative classes—that warrants recusal. *Cf. Liljeberg*, 486 U.S. at 866–67 & n.15 (judge's fiduciary interest warranted recusal, even though he did not benefit personally from the action). Your Honor's spouse maintains an interest in the outcome of these proceedings given her role as a member of the City Council of Kansas City.

Because the City of Kansas City is considered a party for purposes of recusal and this Court has a practice of recusal from cases where the City of Kansas City is a party, the Court should recuse itself from this case.

## CONCLUSION

To preserve public confidence in the appearance of judicial impartiality, this Court should recuse itself from this case.

Respectfully submitted,

/s/ *Thomas P. Schult*
Thomas P. Schult, MO Bar # 29986
Jeffrey D. Morris, MO Bar # 45243
Lauren Tallent, MO Bar # 72304
Courtney A. Kroeger, MO Bar # 77213
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: (816) 561-7007
Facsimile: (816) 561-1888
tschult@berkowitzoliver.com
jmorris@berkowitzoliver.com
ltallent@berkowitzoliver.com
ckroeger@berkowitzoliver.com

Joshua D. Dick (admitted *pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 393-8200
jdick@gibsondunn.com

Theodore J. Boutrous Jr. (admitted *pro hac vice*)
Christopher D. Dusseault (admitted *pro hac vice*)
Perlette Michèle Jura (admitted *pro hac vice*)
Bradley J. Hamburger (admitted *pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
tboutrous@gibsondunn.com
cdusseault@gibsondunn.com
pjura@gibsondunn.com
bhamburger@gibsondunn.com

***Attorneys for Defendant, Chevron U.S.A. Inc.***

*/s/ Tristan L. Duncan*
Tristan L. Duncan (MO #39525)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
Email: tlduncan@shb.com

Daniel B. Rogers (admitted *pro hac vice*)
**SHOOK, HARDY & BACON L.L.P.**
Citigroup Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470
Email: drogers@shb.com

***Attorneys for Defendant, Chevron Phillips Chemical Company LP (named improperly in Amended Complaint as Chevron Phillips Chemical Corporation)***

/s/ *William F. Ford*
Richard N. Bien    (MO #31398)
William F. Ford    (MO #35116)
Emma C. Halling    (MO #75986)
Grant A. Harse    (KS #001043)
Brody Sabor    (MO #73421)
**LATHROP GPM LLP**
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
richard.bien@lathropgpm.com
bill.ford@lathropgpm.com
emma.halling@lathropgpm.com
grant.harse@lathropgpm.com
brody.sabor@lathropgpm.com

-AND-

David J. Lender (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
david.lender@weil.com

David R. Singh
(pro hac vice to be filed)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
david.singh@weil.com

***Attorneys for Defendant, Exxon Mobil Corporation***

8

/s/ Kara T. Stubbs
Kara Trouslot Stubbs (MO Bar No. 43414)
**BAKER STERCHI COWDEN & RICE, LLC**
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
Telephone: (816) 471-2121
Facsimile:  (816) 472-0288
stubbs@bakersterchi.com

David L. Schrader (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
300 South Grand Ave., 22nd Floor
Los Angeles, California 90071-3132
Telephone: (213) 612-2500
david.schrader@morganlewis.com

Rachel P. Raphael (admitted *pro hac vice*)
Drew Cleary Jordan (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
rachel.raphael@morganlewis.com
drew.jordan@morganlewis.com

William T. McEnroe (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market St.
Philadelphia, Pennsylvania 19103-3007
Telephone: (215) 963-5000
william.mcenroe@morganlewis.com

***Attorneys for Defendant, DuPont de Nemours, Inc.***

/s/ *Robert J. Hoffman*
Robert J. Hoffman MO# 76565
Robert M. Thompson MO# 38156
Grace E. Martinez MO# 70921
**BRYAN CAVE LEIGHTON PAISNER**
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, Missouri 64105-2122
Telephone: (816)-374-3229
Facsimile: (816)-374-3300
bob.hoffman@bclplaw.com
rmthompson@bclplaw.com
grace.martinez@bclplaw.com

Nader R. Boulos, P.C. (admitted *pro hac vice*)
Daniel E. Laytin, P.C. (admitted *pro hac vice*)
Jonathan N. Adair (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Nader.Boulos@kirkland.com
Daniel.Laytin@kirkland.com
Jonathan.Adair@kirkland.com

*Attorneys for the Dow Defendants*


/s/ *David L. Anderson*
David L. Anderson
Sheila Armbrust
David Goldenberg
**SIDLEY AUSTIN LLP**
555 California Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400
dlanderson@sidley.com
sarmbrust@sidley.com
dgoldenberg@sidley.com

*Attorneys for Defendant, American Chemistry Council*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 24, 2025, I electronically filed the above and foregoing document via the Court's CM/ECF system, which will send notification of said filing to all counsel of record.

/s/ *Thomas P. Schult*
Thomas P. Schult, MO Bar # 29986
Jeffrey D. Morris, MO Bar # 45243
Lauren Tallent, MO Bar # 72304
Courtney A. Kroeger, MO Bar # 77213
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: (816) 561-7007
Facsimile: (816) 561-1888
tschult@berkowitzoliver.com
jmorris@berkowitzoliver.com
ltallent@berkowitzoliver.com
ckroeger@berkowitzoliver.com

Joshua D. Dick (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 393-8200
jdick@gibsondunn.com

Theodore J. Boutrous Jr. (admitted *pro hac vice*)
Christopher D. Dusseault (admitted *pro hac vice*)
Perlette Michèle Jura (admitted *pro hac vice*)
Bradley J. Hamburger (admitted *pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
tboutrous@gibsondunn.com
cdusseault@gibsondunn.com
pjura@gibsondunn.com
bhamburger@gibsondunn.com

***Attorneys for Defendant, Chevron U.S.A. Inc.***