IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BILLIE RODRIGUEZ, et al.<br>    Plaintiffs,<br><br>v.<br><br>EXXON MOBIL CORPORATION, et al.<br>    Defendants,<br><br>*and*<br><br>STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General<br><br>    Defendant-Intervenor. | Case No. 4:24-cv-00803-SRB |

**PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO EXXON MOBIL CORPORATION, CHEVRON U.S.A. INC., CHEVRON PHILLIPS CHEMICAL COMPANY LP, DUPONT DE NEMOURS, INC., DOW INC., THE DOW CHEMICAL COMPANY, AND <u>AMERICAN CHEMISTRY COUNCIL'S MOTION FOR RECUSAL</u>**

Defendants ask the Court to recuse itself from this case because (1) *if* the Court has personal jurisdiction (which all Defendants seem to want to contest); (2) *if* the case survives motion to dismiss; (3) *if* a municipality class is eventually certified; (4) *if* the City of Kansas City, Missouri is within the municipality class definition;[1] (5) *if* the class certification is affirmed on appeal or denied review under Rule 23(f); (5) *if* the City of Kansas City does not opt out of the certified class and remains a putative class member; (6) *if* Your Honor's spouse is still on the Council then; and (7) *if* Your Honor's spouse would somehow personally gain (or lose) something depending on the outcome of the case, then and only then, there might be an appearance of impropriety. Defendants already argue in other briefing that 1-4 will never happen, and presumably if they did, that 5 would end the issue. No evidence is offered on 5-6, and not even a speculative argument made on 7.

---

[1] Remember, the State of Kansas claims that only the State AGs can represent municipalities. *See* Doc. #81-1 at 12-13.

Your Honor's spouse (hereafter, Councilmember Bough) is a member of a 13-person city council that might someday become a class member—among hundreds of millions potential class members—that could make up nationwide and state law classes. There is nothing in Defendants' Motion for Recusal that suggests even a hint of questioning Your Honor's impartiality or that Councilmember Bough's financial interests are implicated, or influenced at all, by the Court's rulings. Instead, Defendants (minus LyondellBasell Industries and Kansas AG) argue that Councilmember Bough has a "direct interest" in the outcome of the case. Doc. #109 at 2-3. This statement is false. She is not a named party. So any interest would be indirect at best. Here, she is one of 13 Council Members for the City of Kansas City, Missouri, which also is not a party to this case. No direct or even indirect financial interest is shown for the City of Kansas City, let alone for Councilmember Bough. There is no need for recusal. The Court should deny the Motion.

## LEGAL STANDARD

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Canons of judicial conduct include similar standards. *See* ABA Rule 2.11(a) ("A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned [.]"); U.S. Courts Judicial Code of Conduct Canon 3(C)(1) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned[.]"). An "objective standard of reasonableness" determines whether recusal is required. *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003). A judge should recuse if his or her "impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *In re Kansas Pub. Emp. Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996). "***A party introducing a motion to recuse carries a heavy burden of proof***; a judge is presumed to be impartial and the party seeking disqualification

bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992) (emphasis added). A motion to recuse "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *White v. Nat'l Football League*, 585 F.3d 1129, 1138 (8th Cir. 2009) (citations and quotations omitted).

**ARGUMENT**

Recusal is not warranted under § 455(a). Despite the many cases cited by Defendants of when this Court has recused itself from cases where the City of Kansas City was involved, there is a key distinction: the City of Kansas City, Missouri was a *named* party in those cases. In such cases, the City of Kansas City, through its Council by majority vote, must vote to sue or defend the suit. That has not happened here, and will not even if it remains a putative class member. Here, there are nine named class representatives; the City of Kansas City, Missouri isn't one of them. *See* Doc. #48 at ¶¶ 15-23 (listing named class representatives). Recusal based on the possibility that the City of Kansas City could be a putative class member, but not even a named party is a bridge too far. "While a judge must recuse [himself] if [his] 'impartiality might reasonably be questioned,' (28 U.S.C. § 455(a)), ***[he] has an equal obligation not to recuse [himself] when there is no reason to do so***." *Ashford v. Douglas County*, Case No. 8:20CV36, 2020 WL 6445834, at *1 (D. Neb. November 3, 2020) (emphasis added) (quoting *Sw. Bell Tel. Co. v. F.C.C.*, 153 F.3d 520, 523 (8th Cir. 1998)). "Were it otherwise, parties could easily engage in judge shopping and deal a serious blow to the integrity of the court system." *Am. Dairy Queen Corp. v. Blume*, No. 11-358 (RHK/TNL), 2012 WL 1005015, at *1 (D. Minn. March 26, 2012) (quotation and citation omitted). In light of all the facts, no reasonable person would conclude that the Court's impartiality might be questioned.

Nor is Councilmember Bough a named party; in fact, she is explicitly excluded from the proposed classes. Doc. #48 at ¶¶ 161-63. While she is a member of a 13-person city council, she

is only one vote out of 13. One vote is clearly not enough to require the City of Kansas City, Missouri to take any action. *See, e.g.,* City of Kansas City Code of Ordinances, Article V., § 502 (requiring "seven votes" to "pass ordinances or adopt resolutions."). Not only do Defendants misstate Your Honor's and his spouse's interest in this case, but they also seem to ignore that there is no interest for the non-party of the City of Kansas City, Missouri.

And the Motion is—at the very least—premature. While the City of Kansas City, Missouri *could* be a class member to the case at *some* point as part of a certified class, it is not yet. Plaintiffs have not moved for class certification. Until Plaintiffs so move and such certification is granted, non-party, putative class members are not parties to the case. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013); *see also Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011) ("Neither a proposed class action nor a rejected class action may bind nonparties."). Indeed, this Court is not bound by the class definitions set forth in a complaint and can act on its own accord for certification should it determine the classes are too broad. *E.g., Lang v. Kansas City Power & Light Co.*, 199 F.R.D. 640, 644 (W.D. Mo. 2001) (citing *Robidoux v. Celani,* 987 F.2d 931, 937 (2d Cir. 1993) and 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Civil Procedure, § 1790). After the claims survive Rule 12(b) scrutiny and after extensive written discovery and depositions, Plaintiffs may elect to amend their class definition and could ultimately move to certify a class that doesn't include the City of Kansas City, Missouri. This is precisely why a Judge's impartiality is not implicated due to a relationship with a putative class member, because "by definition, a putative class member is only a potential class member, rather than a party in fact." *MDCM Holdings, Inc. v. Credit Suisse First Bos. Corp.*, 205 F. Supp. 2d 158, 161 (S.D.N.Y. 2002) Given that Defendants' lone explanation for recusal is because Your Honor's spouse is on the city council for non-party City of Kansas City, Missouri, there is no need for recusal.

To emphasize that Defendants don't come close to meeting their "heavy burden" for recusal, consider the relevant question under § 455(a)—whether the judge is able to put aside his personal relationships to objectively preside over the dispute. *Liteky v. United States*, 510 U.S. 540, 557–58 (1994) (Kennedy, J., concurring). The answer, when considering the facts, is a resounding yes. Simply because the city Your Honor's spouse happens to serve *could* be a class member, at some point in time in which she will no longer be a City Councilmember does not put Your Honor's impartiality in question.[2] The bridge that Defendants seek to build with their arguments is too far attenuated to warrant recusal.[3] In fact, recusal is denied even in significantly closer calls. *See Garrett v. Ohio State Univ.*, 60 F.4th 359, 372 (6th Cir.), *cert. denied sub nom. The Ohio State Univ. v. Gonzales*, 143 S. Ct. 2659 (2023) (affirming the District Court's ruling denying recusal under 455(a) or 455(b) when the Judge was employed by Defendant and Judge's wife owned a store that profited directly from Defendant, and finding the relationship "too de minimis to raise reasonable questions concerning impartiality under § 455(a).").

Finally, this Motion is yet another stale attempt at forum-shopping. Defendant Exxon Mobil Corporation has repeatedly tried to move this case to a different venue and has lost that effort. *See* Docs. #3, 49 (denying as moot Exxon Mobil Corporation's Motion to Transfer Venue as Plaintiff voluntarily dismissed the District of Kansas lawsuit).[4] Just because Defendants are

---

[2] Councilmember Bough's term ends August 1, 2027 and she is term limited and may not run for reelection. https://www.kcmo.gov/city-hall/city-officials/about-city-council.
[3] Defendants point to out of circuit caselaw to support recusal based on a financial interest in the case when a member of the judge's household is a member of putative class. Doc. #109 at 6 (citing *Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1030 (5th Cir. 1998)). *Tramonte* is easily distinguished because neither the Court nor Councilmember Bough have a direct financial interest.
[4] The judge shopping by defendants started early in this case. Even before Exxon was served, it moved to transfer venue and persisted even when there was no case to transfer venue to via a Motion for Reconsideration. Then, Kansas AG asked for a change of venue, moved to intervene as a defendant, and claims it alone could pursue claims on behalf of the cities and counties in

unhappy with the judicial assignment and venue doesn't mean they can forum or judge shop to reach their desired judge. *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988) ("The recusal statute does not provide a vehicle for parties to shop among judges."). By even filing the Motion for Recusal, Defendants are improperly and underhandedly trying to paint a shadow of doubt around this Court's impartiality. *In re Kansas Pub. Emp. Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996) ("'In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of him presiding over their case.'") (quoting *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)); *see also In re Medtronic Sprint Fidelis Leads Prod. Liability Litig.*, 601 F. Supp. 2d 1120, 1128 (D. Min. 2009) ('[J]udges should not recuse themselves solely because a party *claims* an appearance of partiality.") (emphasis in original and citation omitted). Should the situation arise where the Court is faced with an *actual* reason for recusal, the Court should recuse itself. But this is not such a case.

## CONCLUSION

The average person on the street would not assume because a member of the judiciary's spouse is part of a 13-person city council for a governmental entity that is not a party to the case would have *any* interest in the litigation. Thus, the Court has no direct or indirect financial or other interest in the outcome of this proceeding. Defendants have not met their high burden of establishing a justification for disqualification and the Motion for Recusal should be denied.

---

Kansas. *See generally* Docs. #81 and 81-1 to 81-2. That intervention to change venue was denied implicitly with the reconsideration denial. Doc. #92. Now, Exxon has filed a writ of mandamus to the Eighth Circuit. The attack on the Court and now the Court's spouse is desperate and offensive. Trying to intimidate the Court with a writ of mandamus on a discretionary motion to transfer venue is shameful.

Dated: February 25, 2025.                    Respectfully submitted,

/s/ *Rex A. Sharp*
Rex A. Sharp, MO #51205
Isaac L. Diel, MO #39503
W. Greg Wright, MO #49545
Sarah T. Bradshaw, MO #66276
Hammons P. Hepner, MO #77258
SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 261-7564 Fax
rsharp@midwest-law.com
idiel@midwest-law.com
gwright@midwest-law.com
sbradshaw@midwest-law.com
hhepner@midwest-law.com

--and--

Dave Rebein, KS #10476
REBEIN BROTHERS, PA
1715 Central Ave.
Dodge City, KS 67801
Tel: (620) 227-08126

--and--

Glenn I. Kerbs, KS #09754
Samantha F. Sweley, KS #26833
KERBS LAW OFFICE, LLC
1715 Central Ave.
Dodge City, KS 67801
Tel: (620) 255-0238
gkerbs@kerbslaw.com
ssweley@kerbslaw.com

*Attorneys for Plaintiffs
and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 25, 2025, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Rex A. Sharp*
Rex A. Sharp
