IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BILLIE RODRIGUEZ, DANIEL ERWIN, MICHAEL B. ACKERMAN, KYLE FOREMAN, DREW SCRUGGS, MARY JANE MCQUEENY, EMILY THORPE, JENNIFER TRITT and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FORD, individually and on behalf of all others similarly situated, <br><br>    Plaintiffs, <br><br>vs. <br><br>EXXON MOBIL CORPORATION, CHEVRON USA INC., CHEVRON PHILLIPS CHEMICAL CORPORATION, DUPONT de NEMOURS, INC., CELANESE CORPORATION, DOW INC., DOW CHEMICAL COMPANY, DUPONT CORPORATION, EASTMAN CHEMICAL COMPANY, LYONDELLBASELL INDUSTRIES N.V., and AMERICAN CHEMISTRY COUNCIL, <br><br>    Defendants, <br><br>and <br><br>STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General, <br><br>    Defendant-Intervenor. | Case No. 4:24-cv-00803-SRB <br><br> **ORAL ARGUMENT REQUESTED** |

### KANSAS'S MOTION TO DISMISS FORD COUNTY'S CLASS ALLEGATIONS

COMES NOW, Defendant-Intervenor State of Kansas, *ex rel*. Kris W. Kobach, Attorney General ("Kansas"), under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), and respectfully moves the Court for an order dismissing Plaintiff The Board of County Commissioners of the County of Ford's ("Ford County") class action allegations for the reasons

1

set forth in this motion, the accompanying supporting suggestions, and any future oral argument.[1] (Doc. 48.)

1. Plaintiff Ford County, a political subdivision of the State of Kansas, joined a consumer class action lawsuit that alleges eleven Plastics Defendants engaged in a coordinated decades-long campaign to misrepresent the recyclability of plastics materials, which artificially raised public demand for plastics and indirect purchasers' costs. Ford County also alleges the rise in public demand for plastics hypothetically caused a statewide and nationwide public nuisance and increased waste management operations costs for counties, cities, and municipalities. Ford County seeks statewide and nationwide remedies on behalf of itself, all individual consumers, all States and all States' political subdivisions. (Doc. 48, at ¶ 161 ("All persons, governmental, and non-governmental entities in the United States and its territories"), at ¶ 162 ("All persons, governmental, and non-governmental entities in the Indirect Purchaser states"), at ¶ 161 ("All counties, cities, and municipalities located within the United States and its territories").)

2. Ford County's class action allegations fail because it cannot assert *parens patriae* standing for "a national, 50-state solution" "to hold these plastics producers and manufacturers accountable[.]" (Doc. 48, ¶¶ 7-8.) Ford County lacks the inherent *parens patriae* authority of sovereign States to assert claims based on the public health, welfare, and safety of all citizens in general. *See Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 607 (1982);

---

[1] Kansas's motion is purposefully limited to the political subdivision plaintiff (*i.e.*, Ford County). But to the extent all or some of the political subdivision's dismissed claims would result in an alleged class of individual consumers representing governmental entities (it should not), Kansas would also argue individual consumers cannot usurp the State's sovereignty or the attorney general's authority and also lack standing to bring these claims. *See, e.g.*, 15 U.S.C. § 15c (attorney general's sole authority to bring federal antitrust claims for the State); K.S.A. 50-162 (attorney general's exclusive authority to bring Kansas Restraint of Trade Act claims for the State and its political subdivisions); K.S.A. 75-702 (attorney general's sole authority to prosecute civil matters for the State); K.S.A. 60-908 (attorney general's exclusive authority to abate statewide nuisances); *see also Thiebaut v. Colo. Springs Utils.*, 455 F. App'x 795, 800 (10th Cir. 2011) (recognizing "that in deciding whether a plaintiff qualifies for *parens patriae* standing, it is appropriate to look to state law" (citing *Hous. Auth. of the Kaw Tribe of Indians of Okla. v. City of Ponca City*, 952 F.2d 1183 (10th Cir. 1991)).

*see also Lynch v. Nat'l Prescription Adm'rs, Inc.*, 787 F.3d 868, 872 (8th Cir. 2015) (attorneys general can invoke *parens patriae* doctrine); *Reynolds v. Sims*, 377 U.S. 533, 575 (1964) (political subdivisions "never were and never have been considered as sovereign entities" thus they cannot invoke *parens patriae* authority).

3. Ford County's class action allegations fail because it cannot usurp the attorney general's common law and statutory authority to bring statewide relief to the State or its political subdivisions. *See, e.g.*, *Illinois v. Associated Milk Producers, Inc.*, 351 F. Supp. 436, 440 (N.D. Ill. 1972) ("the State through its Attorney General is the proper and best representative of the political subdivision organized under the authority of the State" because "[j]ustice and judicial economy is best served by having the largest governmental unit sue on behalf of all its parts rather than having multiple suits brought by various political subdivisions within the State");15 U.S.C. § 15c (attorney general's sole authority to bring federal antitrust claims for the State); K.S.A. 75-702(a) (attorney general's duty to represent the State in all courts); K.S.A. 75-703 (attorney general's authority to prosecute all State contract claims); K.S.A. 60-908 (attorney general's *exclusive* authority to prosecute statewide public nuisances).

4. This Court lacks subject-matter jurisdiction over Ford County's class allegations, under Federal Rule of Civil Procedure 12(b)(1), because Ford County lacks the legal authority and standing to assert claims on behalf of "all persons" and "all governmental entities."

5. Ford County has failed to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6), because Ford County is not the real party in interest and lacks the statutory authority to assert claims on behalf of "all persons" and "all governmental entities."

3

Case 4:24-cv-00803-SRB     Document 113     Filed 03/03/25     Page 3 of 5

6. This Court is the improper venue, under Federal Rule of Civil Procedure 12(b)(3), because no substantial part of the alleged events or omissions giving rise to Ford County's claims occurred in this District.

Pursuant to Local Rule 7.0(f), Kansas files supporting suggestions of relevant fact and applicable law in support of this motion to dismiss.

THEREFORE, Defendant-Intervenor State of Kansas, *ex rel*. Kris W. Kobach, Attorney General, respectfully requests its motion be GRANTED and Ford County's class allegations in this action be DISMISSED without prejudice.[2]

**Dated:** March 3, 2025

Respectfully submitted,

**KRIS W. KOBACH**
**Attorney General of Kansas**

*/s/ Nicholas C. Smith*
Melanie S. Jack, W.D. Mo. No. KS-001292
　*First Assistant Attorney General*
Nicholas C. Smith, W.D. Mo. No. KS-001290
　*Assistant Attorney General*
Adam T. Steinhilber, Mo. Bar No. 73959
　*Assistant Solicitor General*
**OFFICE OF ATTORNEY GENERAL**
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Phone: (785) 296-3751
Fax:　 (785) 291-3699
Email: Melanie.Jack@ag.ks.gov
　　　 Nicholas.Smith@ag.ks.gov
　　　 Adam.Steinhilber@ag.ks.gov

***Attorneys for State of Kansas***

---

[2] And, to the extent dismissal of Ford County's class allegations would result in an alleged class of individual consumers representing governmental entities, Kansas respectfully requests dismissal of the governmental entities class allegations for the same reasons discussed in this motion and supporting suggestions.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of March, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have entered an appearance.

*/s/ Nicholas C. Smith*
Nicholas C. Smith