UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BILLIE RODRIGUEZ, DANIEL ERWIN, MICHAEL B. ACKERMAN, KYLE FOREMAN, DREW SCRUGGS, MARY KANE MCQUEENY, EMILY THORPE, JENNIFER TRITT, and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FORD, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs,* <br> v. <br><br> EXXON MOBIL CORPORATION, CHEVRON USA INC., CHEVRON PHILLIPS CHEMICAL COMPANY LP, DUPONT de NEMOURS INC., CELANESE CORPORATION, DOW INC., DOW CHEMICAL COMPANY, EASTMAN CHEMICAL COMPANY, LYONDELLBASELL INDUSTRIES, N.V., and AMERICAN CHEMISTRY COUNCIL, <br><br> *Defendants*, <br><br> And <br><br> STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General, <br><br> *Defendant-Intervenor*. | Civil Action No. 4:24-00803 <br><br> Honorable Stephen R. Bough <br><br> **ORAL ARGUMENT REQUESTED** |

**SUGGESTIONS IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(B)(2)**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................................................1

FACTUAL BACKGROUND ..................................................................................................2

LEGAL STANDARD................................................................................................................3

ARGUMENT .............................................................................................................................5

    I.    MISSOURI'S LONG-ARM STATUTE DOES NOT REACH
        DEFENDANTS' ALLEGED CONDUCT ................................................................5

    II.   PLAINTIFFS HAVE NOT SHOWN THAT DEFENDANTS ARE
        SUBJECT TO GENERAL JURISDICTION.............................................................6

    III.  PLAINTIFFS HAVE NOT SHOWN THAT DEFENDANTS ARE
        SUBJECT TO SPECIFIC JURISDICTION .............................................................6

    IV.  THE COURT LACKS PERSONAL JURISDICTION OVER CLAIMS
        OF NON-MISSOURI PLAINTIFFS .......................................................................8

CONCLUSION ..........................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bros. & Sisters in Christ v. Zazzle*,
  42 F.4th 948 (8th Cir. 2022) ...................................................................................4

*Bryant v. Smith Interior*,
  310 S.W.3d 227 (Mo. banc 2010) ............................................................................4

*Cunningham v. Subaru of Am.*,
  620 F. Supp. 646 (W.D. Mo. 1985) .........................................................................5

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .................................................................................................6

*Dever v. Hentzen Coatings*,
  380 F.3d 1070 (8th Cir. 2004) .................................................................................3

*In re Dicamba Herbicides Litig.*,
  359 F. Supp. 3d 711 (E.D. Mo. 2019) ......................................................................8

*DURAG Inc. v. Kurzawski*,
  2020 WL 2112296 (D. Minn. May 4, 2020) ........................................................7, 8

*Elliot v. HBO Home Ent. Corp.*,
  2024 WL 5119283 (E.D. Mo. Sept. 30, 2024) .........................................................6

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
  592 U.S. 351 (2021) .........................................................................................4, 6, 7

*Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC*,
  757 F. Supp. 2d 904 (W.D. Mo. 2010) ....................................................................7

*Hawkeye Gold, LLC v. China Nat'l Materials Indus.*,
  89 F.4th 1023 (8th Cir. 2023) ..................................................................................3

*Johnson v. Arden*,
  614 F.3d 785 (8th Cir. 2010) ...................................................................................7

*K-V Pharm. v. J. Uriach & CIA*,
  648 F.3d 588 (8th Cir. 2011) ...................................................................................3

*Kendall Hunt v. Learning Tree Publ'g*,
  74 F.4th 928 (8th Cir. 2023) ....................................................................................4

*Lizama v. H&M*,
  2023 WL 3433957 (E.D. Mo. May 12, 2023) ...........................................................................8

*Lizama v. Venus Laboratories, Inc.*,
  679 F. Supp. 3d 848 (E.D. Mo. 2023)......................................................................................4

*In re Madsen*,
  2014 WL 4180846 (10th Cir. 2014) ........................................................................................1

*Montgomery v. Hopper*,
  687 S.W.3d 426 (Mo. Ct. App. 2024)......................................................................................5

*Myers v. Casino Queen*,
  689 F.3d 904 (8th Cir. 2012) ...................................................................................................4

*State ex rel. Norfolk S. Ry. Co. v. Dolan*,
  512 S.W.3d 41 (Mo. 2017) ......................................................................................................6

*Peay v. BellSouth Medical Assistance Plan*,
  205 F.3d 1206 (10th Cir. 2000) ...............................................................................................1

*Remick v. Manfredy*,
  238 F.3d 248 (3d Cir. 2001).....................................................................................................4

*Remmes v. Int'l Flavors & Fragrances, Inc.*,
  389 F. Supp. 2d 1080 (N.D. Iowa 2005)..................................................................................8

*Smith v. Union Carbide Corp.*,
  2015 WL 191118 (Mo. Cir. Jan. 12, 2015)..............................................................................5

*Sperandio v. Clymer*,
  581 S.W.2d 377 (Mo. 1979) ....................................................................................................7

*Stifel, Nicolaus & Co., Inc. v. Sapient Cap., LLC*,
  2024 WL 1014069 (E.D. Mo. Mar. 8, 2024) ...........................................................................4

*Vallone v. CJS Sols. Grp., LLC*,
  9 F.4th 861 (8th Cir. 2021) ...........................................................................................2, 4, 8, 9

**Statutes**

Mo. Rev. Stat § 506.500 ....................................................................................................................5

**Rules**

Rule 12(b)(2).........................................................................................................................1, 3, 6, 9

## PRELIMINARY STATEMENT

Plaintiffs' claims are based on the novel and unprecedented theory that a handful of statements about the recyclability of plastics—which occurred decades ago and which Plaintiffs do not even allege they read or relied on—caused consumers to purchase more plastic products (none of which Defendants are alleged to have manufactured) and at higher prices.[1] Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint Pursuant to Rules 12(b)(1) and (b)(6) ("**MTD**") demonstrates numerous dispositive defects with those claims, but there is a separate threshold problem: none of the Defendants are "at home" in Missouri to support general jurisdiction and Plaintiffs fail to allege any facts demonstrating that Defendants have contacts in Missouri that have any connection to Plaintiffs' claims to support specific jurisdiction. The Amended Complaint does not allege Defendants made any of the allegedly deceptive public statements that are at the core of the purported conspiracy either in Missouri or purposefully directed them at Missouri to effectuate the supposed conspiracy.

In light of this Court's prior rulings interpreting personal jurisdiction under the Clayton Act, Defendants[2] do not dispute that Plaintiffs' single federal antitrust claim (Count 1) is assessed under the Clayton Act's nationwide service of process provision, and Defendants do not *jointly* seek dismissal of that claim under Rule 12(b)(2).[3] But even assuming the Court can exercise

---

[1] In filing this motion, Defendants do not submit to the personal jurisdiction or venue of this Court.
[2] Chevron Phillips Chemical Company LP contests applicability of the Clayton Act's nationwide service of process provision to it for the reasons stated in its individual motion.
[3] Defendants preserve their argument that the Clayton Act's nationwide service of process provision violates Due Process to the extent it allows Defendants to be haled into court in states where they do not have sufficient contact to establish specific personal jurisdiction. *See, e.g.*, *In re Madsen*, 2014 WL 4180846, at *4–5 (10th Cir. 2014) ("Our Tenth Circuit Court of Appeals has expressed some reservations about the constitutional sufficiency of employing only a national contacts analysis."); *Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1212 (10th Cir. 2000) (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)) ("Accordingly, we hold that in a federal question case where jurisdiction is invoked

personal jurisdiction over that claim, the Eighth Circuit has unequivocally held that the assessment of personal jurisdiction requires a "claim-by-claim" analysis. *Vallone v. CJS Sols. Grp., LLC*, 9 F.4th 861, 865 (8th Cir. 2021). And because Plaintiffs do not plead facts sufficient to establish any independent basis to support the exercise of personal jurisdiction with respect to Plaintiffs' other claims (Counts 2–46), they should be dismissed. Additionally, this Court does not have personal jurisdiction over Defendants for the public nuisance, state antitrust, and consumer protection claims (Counts 2, 4, 6, 19, and 36) brought by non-Missouri named Plaintiffs—Michael Ackerman, Kyle Foreman, and Ford County, Kansas—who do not allege that they purchased plastic products in or were otherwise injured in Missouri.

## FACTUAL BACKGROUND

Plaintiffs allege that they purchased plastic products at higher prices than they otherwise would have because of a supposed conspiracy between Exxon Mobil Corporation, Chevron Phillips Chemical Company LP, Chevron U.S.A. Inc. DuPont de Nemours, Inc., Celanese Corporation, Dow Inc., The Dow Chemical Company, Eastman Chemical Company, and LyondellBasell Industries, N.V. (the "**Corporate Defendants**"), and a trade association, the American Chemistry Council ("**ACC**," and together with the Corporate Defendants, the "**Defendants**"). *See* Amended Complaint ("**AC**") (Dkt. No. 48) ¶¶ 3, 172, 174–175. Plaintiffs allege Defendants perpetrated this conspiracy through a handful of public statements about recycling that were made by certain Defendants and various third parties almost entirely in the 1980s and 1990s. *Id.* ¶¶ 85, 94, 96 n.77, 104–105, 107, 142–44. Although some of these statements speak approvingly of recycling, they do not address the availability or efficacy of recycling

---

based on nationwide service of process, the Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendant. In other words, the Fifth Amendment 'protects individual litigants against the burdens of litigation in an unduly inconvenient forum.'").

programs in any particular location—much less in Missouri. *Id.* And Plaintiffs do not allege that any Defendant made or directed any of these statements in or at Missouri, nor do they explain how any of these statements made their way to Missouri. *Id.* Nor could they, as many challenged statements appeared in the *Chicago Tribune* or in materials distributed by the state of California in California schools. *See id.* ¶¶ 113, 115.

The Amended Complaint does not allege that any Defendant has a presence in Missouri relevant to the claims at issue here. Nor do Plaintiffs allege that any Defendant is incorporated or has its principal place of business in Missouri. *See id.* ¶¶ 24–33. And there are no allegations in the Amended Complaint that any Defendant specifically directed or targeted marketing and/or other statements related to plastic recycling at Missouri.

Plaintiffs assert forty-six causes of action under federal and various states laws—but just one under Missouri law. AC ¶¶ 178–520 (alleging one federal and twenty-eight state antitrust claims, a public nuisance claim, violations of fifteen consumer protection and deceptive trade practices laws, and an unjust enrichment claim).

## LEGAL STANDARD

Under Rule 12(b)(2), a plaintiff must make a "prima facie" showing of personal jurisdiction "by pleading 'sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state.'" *Hawkeye Gold, LLC v. China Nat'l Materials Indus.*, 89 F.4th 1023, 1030 (8th Cir. 2023) (quoting *K-V Pharm. v. J. Uriach & CIA*, 648 F.3d 588, 591–92 (8th Cir. 2011)). "To survive a motion to dismiss for lack of personal jurisdiction" the complaint "must state sufficient facts" showing jurisdiction is proper. *K-V Pharm*, 648 F.3d at 591–92. "Once jurisdiction has been controverted or denied," plaintiff "has the burden of proving such facts." *Dever v. Hentzen Coatings*, 380 F.3d 1070, 1072 (8th Cir. 2004).

The law in the Eighth Circuit is clear that personal jurisdiction "must be determined on a *claim-by-claim* basis." *Vallone*, 9 F.4th at 865 (emphasis added). Thus, "the conclusion that the court has personal jurisdiction over a defendant as to a particular claim 'does not necessarily mean that it has personal jurisdiction over that same defendant as to [plaintiff's] other claims.'" *Stifel, Nicolaus & Co., Inc. v. Sapient Cap., LLC*, 2024 WL 1014069, at *4 (E.D. Mo. Mar. 8, 2024) (quoting *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001)); *see also Lizama v. Venus Laboratories, Inc.*, 679 F. Supp. 3d 848, 856 (E.D. Mo. 2023) ("[T]he fact that there is specific jurisdiction over Plaintiff Lizama's claims does not confer specific personal jurisdiction over other claims with no connections to Missouri.").

To establish this Court's personal jurisdiction over their state law claims, Plaintiffs must show that jurisdiction is authorized by Missouri's long-arm statute and permitted by the Due Process Clause. *Bryant v. Smith Interior*, 310 S.W.3d 227, 231 (Mo. banc 2010); *Myers v. Casino Queen*, 689 F.3d 904, 909–10 (8th Cir. 2012). Due process requires that the "conduct and connection with the forum state are such that [a defendant] should reasonably anticipate being haled into court there." *Bros. & Sisters in Christ v. Zazzle*, 42 F.4th 948, 951 (8th Cir. 2022) (citations omitted); *Kendall Hunt v. Learning Tree Publ'g*, 74 F.4th 928, 930 (8th Cir. 2023). "The relevant conduct and connections for the due process analysis depend on whether personal jurisdiction is alleged to be general or specific." *Zazzle, Inc.*, 42 F.4th at 951. Specific jurisdiction, which Plaintiffs purport to rely on, applies "only as to a narrower class of claims"—those which "'arise out of or relate to the defendant's contacts' with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021).

4

# ARGUMENT

## I. MISSOURI'S LONG-ARM STATUTE DOES NOT REACH DEFENDANTS' ALLEGED CONDUCT

Missouri's long-arm statute extends jurisdiction to any cause of action *arising from*: (1) "transaction of any business within this state," (2) "making of any contract within this state," (3) "commission of a tortious act within this state," or (4) "ownership, use, or possession of any real estate situated in this state." Mo. Rev. Stat § 506.500 (emphasis added). Here, the Court lacks personal jurisdiction over Plaintiffs' state law claims (Counts 2–46) because they make no allegation that Defendants engaged in any conduct encompassed by Missouri's long-arm statute. *See, e.g.*, *Montgomery v. Hopper*, 687 S.W.3d 426, 435–36 (Mo. Ct. App. 2024) (finding no personal jurisdiction where plaintiff did not allege conduct subject to Missouri's long-arm statute).

As Plaintiffs make clear in the Amended Complaint, the relevant conduct by Defendants underlying Plaintiffs' claims are the public statements that Defendants allegedly made in furtherance of the supposed conspiracy to increase the demand and price of plastic. However, the Amended Complaint does not plead any facts demonstrating that any of Defendants' alleged statements were made in or directed at Missouri. *See Cunningham v. Subaru of Am.*, 620 F. Supp. 646, 647–48 (W.D. Mo. 1985) ("[Plaintiff] has not alleged that the cause of action arises from [any] business [in Missouri]. Neither has he alleged that [defendant] committed a tort in Missouri, or even that injury resulted in Missouri from a tort committed elsewhere."); *Smith v. Union Carbide Corp.*, 2015 WL 191118, at *2 (Mo. Cir. Jan. 12, 2015) (dismissing claims for lack of personal jurisdiction where defendant had not "committed any act in Missouri in connection with Plaintiff's claims"). As a result, Plaintiffs fail to make even the barest prima facie showing that Missouri's long-arm statute covers Defendants' alleged conduct that gives rise to Plaintiffs' purported injuries. *See* Mo. Rev. Stat § 506.500. That alone warrants dismissal under Rule

5

12(b)(2), regardless of the constraints on the exercise of personal jurisdiction that are discussed below.

## II. PLAINTIFFS HAVE NOT SHOWN THAT DEFENDANTS ARE SUBJECT TO GENERAL JURISDICTION

General jurisdiction is typically limited to a corporation's place of incorporation or principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014). Plaintiffs do not allege any Defendant is incorporated or has its principal place of business in Missouri. And Plaintiffs do not allege any facts suggesting that Defendants have a substantial presence in Missouri, let alone one so exceptional that they could be considered "at home" here.[4] *Daimler AG*, 571 U.S. at 139 n.19. Plaintiffs have thus failed to establish that there is general jurisdiction over any Defendant.

## III. PLAINTIFFS HAVE NOT SHOWN THAT DEFENDANTS ARE SUBJECT TO SPECIFIC JURISDICTION

The Court also lacks specific jurisdiction over each Defendant, which renders exercising personal jurisdiction as to Counts 2–46 beyond the scope of the Due Process Clause. To be subject to personal jurisdiction, a defendant "must take 'some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum [s]tate,'" *and* the suit must "arise out of or relate to defendant's contacts with the forum." *Ford Motor*, 592 U.S. at 352. As "the phrase 'relate to' incorporates real limits," Plaintiffs must show "a strong 'relationship among the defendant, the forum, and the litigation'—the 'essential foundation' of specific jurisdiction." *Id.* at 362.

---

[4] The fact that Plaintiffs allege some Defendants are registered to do business in Missouri does not alter this analysis. *See, e.g.*, *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 44 (Mo. 2017) (rejecting the argument "that, by complying with Missouri's foreign corporation registration statute, Norfolk impliedly consented to general jurisdiction in Missouri"); *Elliot v. HBO Home Ent. Corp.*, 2024 WL 5119283, at *6 (E.D. Mo. Sept. 30, 2024) ("registration as a foreign corporation does *not* create an independent basis for exercising personal jurisdiction.").

Plaintiffs fail to establish such a relationship here. Plaintiffs assert "[t]his case seeks to hold [defendant] plastic producers and manufacturers accountable" for deceptive and misleading statements about the recyclability of plastics. AC ¶¶ 1, 8–9. Plaintiffs' theory of injury rests on the assertion that Defendants' alleged statements misled consumers and caused them to buy more plastics, at an increased price. *Id.* ¶¶ 2, 6 (explaining that "Defendants' false representations regarding the recyclability of plastics led to" their alleged harm). But Plaintiffs allege no facts establishing that any Defendant made any of the challenged statements in Missouri or "purposefully directed" any challenged statement to Missouri. *Johnson v. Arden*, 614 F.3d 785, 798 (8th Cir. 2010). To the contrary, the Amended Complaint acknowledges that many of the alleged statements appeared only in the *Chicago Tribune* or in materials distributed in California schools. AC ¶¶ 113, 115. The Amended Complaint also does not allege that Defendants specifically directed or targeted marketing or other statements related to plastic recycling toward Missouri or its residents. In short, Plaintiffs fail to allege how any of Defendants' connections to Missouri sufficiently relate to or give rise to Plaintiffs' alleged injury. *Ford Motor*, 592 U.S. at 361.

Finally, the Court would not have jurisdiction over Defendants under a theory of conspiracy jurisdiction. ***First,*** Missouri law does not authorize the exercise of "personal jurisdiction on a party based solely on a co-conspirator's actions." *Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC*, 757 F. Supp. 2d 904, 912 n.1 (W.D. Mo. 2010) (citing *Sperandio v. Clymer*, 581 S.W.2d 377, 383–84 (Mo. 1979)). Because courts in the Eighth Circuit apply conspiracy jurisdiction only to the extent authorized by state law, that theory of jurisdiction is foreclosed to Plaintiffs here. *See, e.g.*, *DURAG Inc. v. Kurzawski*, 2020 WL 2112296, at *5 (D. Minn. May 4, 2020). ***Second,*** even if Missouri recognized conspiracy jurisdiction, Plaintiffs fail

7

to allege the requirements of "both an actionable conspiracy and a substantial act in furtherance of the conspiracy performed in [the state]." *Remmes v. Int'l Flavors & Fragrances, Inc.*, 389 F. Supp. 2d 1080, 1095–96 (N.D. Iowa 2005). As explained in the MTD at Section II.B, Plaintiffs fail to plausibly allege an actionable conspiracy. And Plaintiffs entirely fail to allege that Defendants took any "overt act . . . in furtherance of the conspiracy within [Missouri's] boundaries." *DURAG*, 2020 WL 2112296, at *5; *supra* Section I.

For these reasons, Plaintiffs have failed to adequately plead specific jurisdiction, which renders any exercise of personal jurisdiction in violation of due process.

## IV. THE COURT LACKS PERSONAL JURISDICTION OVER CLAIMS OF NON-MISSOURI PLAINTIFFS

The Court also cannot exercise personal jurisdiction over the state law claims of Plaintiffs Michael Ackerman, Kyle Foreman, and Ford County, Kansas for an independent reason: they do not claim they reside in Missouri or suffered injury in Missouri. The Supreme Court in *BMS* held that where a defendant is subject to specific (rather than general) jurisdiction, an exercise of personal jurisdiction is improper when there is no "connection between the nonresidents' claims and the forum" and where plaintiffs have not alleged to have suffered harm in the state. 582 U.S. at 264. Courts in the Eighth Circuit have applied *BMS* to bar the claims of non-residents named plaintiffs in class actions with no connection to the forum. *See Lizama v. H&M*, 2023 WL 3433957, at *2 (E.D. Mo. May 12, 2023); *see also In re Dicamba Herbicides Litig.*, 359 F. Supp. 3d 711, 722–24 (E.D. Mo. 2019) (applying *BMS* to named plaintiffs in a class action and dismissing nationwide class action claims where defendant was "not 'at home' in Missouri" because "aside from those class members from Missouri" there was no "connection between the forum and the specific claims at issue"); *Vallone*, 9 F.4th at 865. The Eight Circuit has explained that just because the court has "jurisdiction to entertain a claim with connection to" the state, that does not

"establish[] jurisdiction to hear another claim with no such connection." *Vallone*, 9 F.4th at 866 (finding the district court "properly excluded claims with no connection" to the forum state).

Because Plaintiffs Michael Ackerman, Kyle Foreman, and Ford County, Kansas are out-of-state residents who were not allegedly injured in Missouri, this Court cannot exercise personal jurisdiction over Defendants for their claims. Indeed, the Amended Complaint does not allege *any* connection between these Plaintiffs' claims and Missouri. Accordingly, the public nuisance, state antitrust, and consumer protection claims asserted by Plaintiffs Michael Ackerman, Kyle Foreman, and Ford County, Kansas (Counts 2, 4, 6, 19, and 36) should be dismissed for lack of personal jurisdiction for this additional reason.[5]

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request the Court dismiss Plaintiffs' public nuisance, consumer protection, unjust enrichment, and state law antitrust claims (Counts 2–46) pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

---

[5] As discussed in the MTD at Sections II.F and III.A–B, no named Plaintiff has standing to bring claims under a state's laws where they do not reside or suffered no injury. Thus, the remaining named Plaintiffs cannot purport to bring Counts 2, 4, 6, 19, and 36, as they do not allege that they reside in or were injured in California, Florida, or New York—and no other named Plaintiff is a county, city, or municipality that could purport to represent the public nuisance class. AC ¶ 163.

9
Case 4:24-cv-00803-SRB    Document 128    Filed 03/10/25    Page 13 of 17

Dated: March 10, 2025

Respectfully submitted,

By: */s/ Richard N. Bien*

Thomas P. Schult, MO Bar # 29986
Jeffrey D. Morris, MO Bar # 45243
Lauren Tallent, MO Bar # 72304
Courtney A. Kroeger, MO Bar # 77213
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: (816) 561-7007
Facsimile: (816) 561-1888
tschult@berkowitzoliver.com
jmorris@berkowitzoliver.com
ltallent@berkowitzoliver.com
ckroeger@berkowitzoliver.com

Joshua D. Dick (admitted *pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 393-8200
jdick@gibsondunn.com

Theodore J. Boutrous Jr. (admitted *pro hac vice*)
Christopher D. Dusseault (admitted *pro hac vice*)
Perlette Michèle Jura (admitted *pro hac vice*)
Bradley J. Hamburger (admitted *pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
tboutrous@gibsondunn.com
cdusseault@gibsondunn.com
pjura@gibsondunn.com
bhamburger@gibsondunn.com

*Attorneys for Defendant Chevron U.S.A. Inc.*

Kara T. Stubbs MO# 43414
**BAKER STERCHI COWDEN & RICE LLC**
2400 Pershing Road, Suite 500

William F. Ford (MO #35116)
bill.ford@lathropgpm.com
Richard N. Bien (MO #31398)
richard.bien@lathropgpm.com
Emma C. Halling (MO #75986)
emma.halling@lathropgpm.com
Grant A. Harse (KS #001043)
grant.harse@lathropgpm.com
Brody Sabor (MO #73421)
brody.sabor@lathropgpm.com
**LATHROP GPM LLP**
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108
Telephone: (816) 292-2000

David J. Lender (admitted Pro Hac Vice)
david.lender@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000

David R. Singh (Pro Hac Vice to be filed)
david.singh@weil.com
Morgan MacBride (Pro Hac Vice to be filed)
Morgan.macbride@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000

*Attorneys for Defendant Exxon Mobil Corporation*

Robert J. Hoffman MO# 76565
Robert M. Thompson MO# 38156
Grace E. Martinez MO# 70921
**BRYAN CAVE LEIGHTON PAISNER**
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, MO 64105
Phone: 816-374-3229
Fax: 816-374-3300
Bob.hoffman@bclplaw.com
Rmthompson@bclplaw.com
Grace.martinez@bclplaw.com

Kansas City, MO 64108
Phone: 816-471-2121
Fax: 816-472-0288
Stubbs@bakersterchi.com

Nader R. Boulos, P.C. (admitted pro hac vice)
Daniel E. Laytin, P.C. (admitted pro hac vice)
Jonathan N. Adair (admitted pro hac vice)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Phone: 312-862-2000
Fax: 312-862-2200
Nader.boulos@kirkland.com
Daniel.laytin@kirkland.com
Jonathan.adair@kirkland.com

*Attorneys for Defendant DuPont de Nemours, Inc.*

David L. Anderson (admitted *pro hac vice*)
dlanderson@sidley.com
Sheila A.G. Armbrust (admitted *pro hac vice*)
sarmbrust@sidley.com
David A. Goldenberg (admitted *pro hac vice*)
dgoldenberg@sidley.com
**SIDLEY AUSTIN LLP**
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

Zachary J. Parker (SBN 71120)
zparker@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

*Attorneys for Defendant American Chemistry Council, INC.*

Michael E. Scoville (Admitted Pro Hac Vice)
**MCGUIREWOODS LLP**
188 16th Street, Suite 500
Black Lives Matter Plaza
Washington, DC 20006

Nader R. Boulos, P.C. (admitted pro hac vice)
Daniel E. Laytin, P.C. (admitted pro hac vice)
Jonathan N. Adair (admitted pro hac vice)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Phone: 312-862-2000
Fax: 312-862-2200
Nader.boulos@kirkland.com
Daniel.laytin@kirkland.com
Jonathan.adair@kirkland.com

Matthew J. Blaschke (Pro Hac Vice to be filed)
mblaschke@kslaw.com
Bailey J. Langner (Pro Hac Vice to be filed)
blangner@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

*Attorneys for Defendants Dow Inc. and The Dow Chemical Company*

Tristan L. Duncan (MO #39525)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Tel: 816-474-6550
Fax: 816-421-5547
Email: tlduncan@shb.com

Daniel B. Rogers (FL #0195634)
**SHOOK, HARDY & BACON L.L.P.**
Citigroup Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Tel: 305-358-5171
Fax: 305-358-7470
Email: drogers@shb.com

*Attorneys for Defendant Chevron Phillips Chemical Company LP*

Telephone: (202) 828-2812
Facsimile: (202) 828-2980
mscoville@mcguirewoods.com

Gregory J. DuBoff (Admitted Pro Hac Vice)
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-1154
Facsimile: (804) 775-2054
gduboff@mcguirewoods.com

Karrie J. Clinkinbeard (Bar ID 51413)
Brian M. Nye (Bar ID 69545)
**ARMSTRONG TEASDALE LLP**
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 54108-2617
Telephone: (816) 221-3420
Facsimile: (816) 221-0786
kclinkbinbeard@atllp.com
bnye@atllp.com

*Attorneys for Defendant Eastman Chemical Company*

Richard Godfrey (*pro hac vice*)
richardgodfrey@quinnemanuel.com
R. Allan Pixton (*pro hac vice*)
allanpixton@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Dr., Suite 2700
Chicago, IL  60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Booker T. Shaw, #255480 MO
bshaw@thompsoncoburn.com
**THOMPSON COBURN LLP**
One US Bank Plaza
St. Louis, MO  63101
Telephone:  (314) 552-6000
Facsimile:  (314) 552-7000

*Attorneys for Celanese Corporation*

G. Edgar James MO# 49585
James M. Humphrey IV MO# 50200
4435 Main Street, Suite 910
Kansas City, MO 64111
Telephone: +1.816.623.0544
Telephone: +1.816.631.0669
ejames@jamessobba.com
jhumphrey@jamessobba.com

David C. Kiernan (admitted *pro hac vice*)
Craig E. Stewart (admitted *pro hac vice*)
Emily F. Knox (admitted *pro hac vice*)
**JONES DAY**
555 California Street, 26th Flr.
San Francisco, CA 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700
dkiernan@jonesday.com
cestewart@jonesday.com
egoldbergknox@jonesday.com

Nicole M. Perry (admitted *pro hac vice*)
J. Bruce McDonald (admitted *pro hac vice*)
Andrew M. Ryngaert (admitted *pro hac vice*)
**JONES DAY**
717 Texas, Suite 3300
Houston, TX 77002.2712
Telephone: +1.832.239.3939
Facsimile: +1.832.239.3600
nmperry@jonesday.com
bmcdonald@jonesday.com
aryngaert@jonesday.com

*Attorneys for Defendant LyondellBasell Industries, N.V.*

## CERTIFICATE OF SERVICE

The foregoing was electronically filed with the Court this 10th day of March, 2025, and served via the Court's ECF system upon all counsel of record.

>   */s/ Richard N. Bien*
>   An Attorney for Defendant
>   ExxonMobil Corporation