UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BILLIE RODRIGUEZ, DANIEL ERWIN, MICHAEL B. ACKERMAN, KYLE FOREMAN, DREW SCRUGGS, MARY KANE MCQUEENY, EMILY THORPE, JENNIFER TRITT, and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FORD, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> EXXON MOBIL CORPORATION, CHEVRON USA INC., CHEVRON PHILLIPS CHEMICAL COMPANY LP, DUPONT de NEMOURS INC., CELANESE CORPORATION, DOW INC., DOW CHEMICAL COMPANY, EASTMAN CHEMICAL COMPANY, LYONDELLBASELL INDUSTRIES, N.V., and AMERICAN CHEMISTRY COUNCIL, <br><br> *Defendants*. <br><br> and <br><br> STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General, <br><br> *Defendant-Intervenor*. | **Civil Action No. 4:24-00803** <br><br> **Honorable Stephen R. Bough** |

**SUGGESTIONS IN SUPPORT OF
DEFENDANT CHEVRON PHILLIPS CHEMICAL COMPANY LP'S
<u>INDIVIDUAL MOTION TO DISMISS PURSUANT TO RULE 12(B)(2) AND RULE 12(B)(6)</u>**

i

# PRELIMINARY STATEMENT

Defendant Chevron Phillips Chemical Company LP ("CPChem") brings this individual motion to dismiss Plaintiffs' claims against CPChem pursuant to Rule 12(b)(2) and 12(b)(6).

CPChem brings this individual motion pursuant to Rule 12(b)(2) because the Clayton Act does not authorize nationwide personal jurisdiction over CPChem for Plaintiffs' federal antitrust claim (Count 1). CPChem is a limited partnership, and not a corporation. Plaintiffs, who misnamed CPChem as a corporation in the Complaint and the First Amended Complaint (Dkt. 1, Dkt. 48), filed an Unopposed Rule 15(c)(1)(C) Motion to Correct Misnomer on March 6, 2025, correcting this misnomer and properly naming CPChem as a limited partnership. Dkt. 124. This Court granted that Motion the same day and ordered "plaintiffs' first amended complaint is amended by interlineation to correct the misnomer." Dkt. 125.

Because the Clayton Act's nationwide jurisdiction is inapplicable to limited partnerships like CPChem, this Court lacks personal jurisdiction over CPChem for Plaintiffs' federal antitrust claim unless authorized by Missouri's long-arm statute and the Due Process Clause. As discussed in Defendants' Motion to Dismiss Pursuant to Rule 12(b)(2), Dkt. 127, Plaintiffs' allegations satisfy neither Missouri's long-arm statute nor the Due Process Clause. This Court should, therefore, dismiss all of Plaintiffs' claims against CPChem (Counts 1-46) for lack of personal jurisdiction.

Additionally, CPChem brings this individual motion pursuant to Rule 12(b)(6) because Plaintiffs fail to state a claim upon which relief can be granted against CPChem. Plaintiffs' Complaint barely mentions CPChem and, even then, only superficially, without any factual allegations specific to CPChem. Plaintiffs' claims against CPChem rest on nothing more than what the Supreme Court has unequivocally rejected—"an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

## LEGAL STANDARD

### I.     Rule 12(b)(2)

Under Rule 12(b)(2), a plaintiff must make a "prima facie" showing of personal jurisdiction "by pleading 'sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state.'" *Hawkeye Gold, LLC v. China Nat'l Materials Indus.*, 89 F.4th 1023, 1030 (8th Cir. 2023) (quoting *K-V Pharm. v. J. Uriach & CIA*, 648 F.3d 588, 591–92 (8th Cir. 2011)). Personal jurisdiction is only proper if it comports with due process, "such that [the defendant] should reasonably anticipate being haled into court there." *Kendall Hunt Publ'g v. Learning Tree Publ'g*, 74 F.4th 928, 930 (8th Cir. 2023).

Federal Rule of Civil Procedure 4 provides that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . when authorized by federal statute." Fed. R. Civ. P. 4(k). "Where the applicable federal statute . . . does not authorize nationwide personal jurisdiction . . . the existence of personal jurisdiction depends on the long-arm statute of the forum state and the federal Due Process Clause." *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir. 2022) (citation omitted).

### II.    Rule 12(b)(6)

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014) (quotations omitted). In applying this standard, "naked assertions devoid of further factual enhancement, do not suffice, nor do threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Christopherson v. Bushner*, 33 F.4th 495, 499 (8th Cir. 2022) (quotations and brackets omitted). "Rather, the facts alleged must be enough to raise a right to relief above the speculative level." *Id.* (quotations omitted).

2

**ARGUMENT**

**I.     CPChem is Not Subject to the Clayton Act's Nationwide Jurisdiction.**

Count 1 of Plaintiffs' Complaint asserts a federal antitrust claim. Dkt. 48, ¶¶ 179-84. Section 12 of the Clayton Act grants nationwide jurisdiction for federal antitrust claims against *corporations*. *See Zeavision, LLC v. Bausch & Lomb Inc.*, No. 21-cv-1487, 2022 WL 17092453, at *2 (E.D. Mo. Nov. 21, 2022) ("Section 12 of the Clayton Act grants nationwide jurisdiction over *corporate* antitrust defendants provided there are sufficient minimum contacts with the United States as a whole.") (emphasis added). Specifically, Section 12 provides as follows:

> Any suit, action, or proceeding under the antitrust laws against a *corporation* may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22 (emphasis added).[1]

CPChem is not a corporation; it is a limited partnership. *See* Dkt. 124, 125. Thus, Section 12 of the Clayton Act does not authorize this Court to exercise personal jurisdiction over CPChem: the Act's provision of nationwide personal jurisdiction is "narrowly construed so as to exclude non-corporate defendants." *Kingsepp*, 763 F. Supp. at 25 (exercising personal jurisdiction over two of the three defendants, who "are corporations," but finding it "inappropriate to extend section 12 to encompass" the third defendant, a "trust organized under a charter"); *see also S.F. Comprehensive Tours, LLC v. Tripadvisor, LLC*, 2021 WL 4394253, at *5 (D. Nev. Sept. 24, 2021) ("Multiple district courts and the Third Circuit have strictly construed the statute and excluded

---

[1] While Section 12 refers to venue and out-of-state service on a corporate defendant, "and does not specifically mention the exercise of personal jurisdiction," it "has been interpreted as authorizing federal courts to exercise nationwide personal jurisdiction over *corporate* antitrust defendants." *Kingsepp v. Wesleyan Univ.*, 763 F. Supp. 22, 24 (S.D.N.Y. 1991) (citing *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.,* 647 F.2d 200, 204 n. 6 (D.C. Cir. 1981) (emphasis added).

limited liability companies from Section 12 of the Clayton Act.") (collecting cases); *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 875 (3d Cir. 1944) (Section 12 "applies only to suits against corporations"); *World Skating Fed'n v. Int'l Skating Union*, 357 F. Supp. 2d 661, 664 (S.D.N.Y. 2005) ("[I]t is clear that the provision is directed only to corporations and that it does not apply to other entities that simply share common attributes with corporations."); *Whylie Eye Care Ctr. v. Vision Serv. Plain-Cent. Region, Inc.*, No. 90-c-2250, 1991 WL 83835, at *3 (N.D. Ill. May 10, 1991) ("[I]t is clear that section 12 provides jurisdiction over a corporate defendant . . . . The court then can refer to the state long-arm [statutes] to either reach an individual or a partnership defendant in an antitrust suit where he or it may be found transacting business.").

The other provisions of the Clayton Act also support this interpretation of Section 12. The Act applies to "persons," broadly defined "to include corporations *and associations*," 15 U.S.C. § 12 (emphasis added), and yet "section 12 of the same act, which authorizes extraterritorial service, specifies only 'corporation'." *Kingsepp*, 763 F. Supp. at 25 (quoting *McManus v. Tato,* 184 F. Supp. 958, 959 (S.D.N.Y.1959)). "This specificity necessarily excludes individuals and voluntary associations" from the scope of Section 12. *Id.*

"Given the narrow construction of the term 'corporation' in section 12 and the reluctance of courts to extend nationwide service of process under section 12 to non-corporate defendants, it would be inappropriate to extend section 12 to encompass" CPChem. *Kingsepp*, 763 F. Supp. at 25. Thus, this Court's ability to exercise personal jurisdiction over CPChem "depends on the long-arm statute of the forum state and the federal Due Process Clause." *Bros. & Sisters in Christ*, 42 F. 4th at 951. As explained in Defendants' Motion to Dismiss Pursuant to Rule 12(b)(2), Dkt. 127, Plaintiffs' allegations satisfy neither Missouri's long-arm statute nor the Due Process Clause. This

Court should, therefore, dismiss all of Plaintiffs' claims against CPChem, including Plaintiffs' federal antitrust claim (Count 1), for lack of personal jurisdiction.

## II. Plaintiffs Make No Specific Allegations Against CPChem.

Plaintiffs' Complaint mentions CPChem only three times. *See* Dkt. 48, ¶¶ 26, 218, & 233. The Complaint does not include any allegations of specific wrongful conduct or deceptive statements by CPChem. *See id.* "Without specific information regarding" CPChem, "the Court has no basis to analyze" how CPChem "may have affirmatively acted." *In re Crop Inputs Antitrust Litig.*, No. 21-md-2993, 2024 WL 4188654, at *9 (E.D. Mo Sept. 13, 2024). "Such generic pleading" with respect to CPChem "lacks the requisite specificity needed to plausibly allege a conspiracy" or any other claim against CPChem. *See id.* Plaintiffs' claims against CPChem cannot survive a Rule 12(b)(6) motion to dismiss absent "*some* supporting *factual* allegations" specific to CPChem. *See Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 546 (8th Cir. 2015) (supporting dismissal where "the complaint generally recounted antitrust violations 'without any specification of any particular activities by any particular defendant'") (emphasis added).

No such factual allegations exist here. Because Plaintiffs' Complaint "contains no specific information about" CPChem and "does not allege that [CPChem] did anything in particular," it "does not contain sufficient factual information" to state any claim for relief against CPChem. *See O'Neal v. Buckner*, No. 19-cv-3441, 2021 WL 681434, at *4 (W.D. Mo. Feb. 22, 2021). All of Plaintiffs' claims against CPChem should, therefore, be dismissed pursuant to Rule 12(b)(6). *See id.*; *see also Insulate SB*, 797 F.3d at 546; *Crop Inputs*, 2024 WL 4188654, at *9.

## CONCLUSION

For the foregoing reasons, Defendant CPChem respectfully requests the Court dismiss all claims asserted against CPChem in the Complaint (Counts 1–46), pursuant to Rule 12(b)(2) for lack of personal jurisdiction, or Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated: March 10, 2025		Respectfully submitted,

*/s/ Tristan L. Duncan*
Tristan L. Duncan (MO #39525)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Tel: 816-474-6550
Fax: 816-421-5547
Email: tlduncan@shb.com

Daniel B. Rogers (FL #0195634)
SHOOK, HARDY & BACON L.L.P.
Citigroup Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Tel: 305-358-5171
Fax: 305-358-7470
Email: drogers@shb.com

*Attorneys for Defendant, Chevron Phillips Chemical Company LP*

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2025, a copy of the above pleading was served via the District Court ECM/ECF system on all counsel of record.

/s/ *Tristan L. Duncan*
Attorney for Defendant
Chevron Phillips Chemical Company LP

4907-4441-9109