IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| BILLIE RODRIGUEZ, DANIEL ERWIN, MICHAEL B. ACKERMAN, KYLE FOREMAN, DREW SCRUGGS, MARY KANE MCQUEENY, EMILY THORPE, JENNIFER TRITT, and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FORD, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> EXXON MOBIL CORPORATION, CHEVRON U.S.A. INC., CHEVRON PHILLIPS CHEMICAL COMPANY LP, DUPONT de NEMOURS, INC., DUPONT CORPORATION, CELANESE CORPORATION, DOW INC., DOW CHEMICAL COMPANY, EASTMAN CHEMICAL COMPANY, LYONDELLBASELL INDUSTRIES, N.V., and AMERICAN CHEMISTRY COUNCIL, <br><br> *Defendants*. <br><br> And <br><br> STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General, <br><br> *Defendant-Intervenor*. | Case No.: 4:24-00803-SRB <br><br><br> ORAL ARGUMENT REQUESTED |

**SUGGESTIONS IN SUPPORT OF
DOW INC. AND DUPONT DE NEMOURS, INC.'S
<u>MOTION TO DISMISS PURSUANT TO RULE 12(B)(2)</u>**

# TABLE OF CONTENTS

                                                       **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT BACKGROUND ................................................................................................. 2

ARGUMENT .............................................................................................................................. 3

I.      PLAINTIFFS FAIL TO ESTABLISH PERSONAL JURISDICTION UNDER SECTION 12 OF THE CLAYTON ACT .................................................................................. 3

II.     MISSOURI'S LONG-ARM STATUTE DOES NOT CONFER JURISDICTION ........... 7

III.    THE DUE PROCESS CLAUSE DOES NOT PERMIT FINDING JURISDICTION ....... 9

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Blue Cross Blue Shield Antitrust Litig.*,
  225 F. Supp. 3d 1269 (N.D. Ala. 2016) ................................................................................6

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*,
  582 U.S. 255 (U.S. 2017) ..................................................................................................3, 9

*Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*,
  42 F.4th 948 (8th Cir. 2022) ..........................................................................................3, 8, 9

*Campos v. Ticketmaster Corp.*,
  140 F.3d 1166 (8th Cir. 1998) .........................................................................................6, 7

*Canaday v. Anthem Cos., Inc.*,
  9 F.4th 392 (6th Cir. 2021) ..................................................................................................2

*Corr Wireless Commc'ns, L.L.C. v. AT&T, Inc.*,
  907 F. Supp. 2d 793 (N.D. Miss. 2012) ...............................................................................5

*Daniel v. Am. Bd. of Emergency Med.*,
  428 F.3d 408 (2d Cir. 2005) .................................................................................................4

*Dever v. Hentzen Coatings, Inc.*,
  380 F.3d 1070 (8th Cir. 2004) .............................................................................................5

*DURAG Inc. v. Kurzawski*,
  2020 WL 2112296 (D. Minn. May 4, 2020) .....................................................................10

*Epps v. Stewart Info. Servs. Corp.*,
  327 F.3d 642 (8th Cir. 2003) .............................................................................................10

*In re Fed. Fountain, Inc.*,
  165 F.3d 600 (8th Cir. 1999) ............................................................................................3, 4

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
  592 U.S. 351 (2021) ..........................................................................................................3, 9

*GTE New Media Servs., Inc. v. BellSouth Corp.*,
  199 F.3d 1343 (D.C. Cir. 2000) ........................................................................................4, 5

*Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC*,
  757 F. Supp. 2d 904 (W.D. Mo. 2010) ..............................................................................10

*Interocean Trade & Transp., Inc. v. Shanghai AnTong Int'l Freight Agency Co.*,
   No. 13-0176-CV-W-REL, 2014 WL 4983493 (W.D. Mo. Oct. 4, 2014)...................................8

*Johnson v. Arden*,
   614 F.3d 785 (8th Cir. 2010) ...............................................................................................9

*KM Enters., Inc. v. Global Traffic Techs., Inc.*,
   725 F.3d 718 (7th Cir. 2013) ...................................................................................2, 4, 6, 7

*MNG 2005, Inc. v. Paymentech, LLC*,
   No. 18CV1155-JAR, 2020 WL 6582660 (E.D. Mo. Nov. 9, 2020) .........................................5

*Morningside Church v. Rutledge*,
   9 F.4th 615 (8th Cir. 2021) ..................................................................................................9

*Myers v. Casino Queen, Inc.*,
   689 F.3d 904 (8th Cir. 2012) ...............................................................................................8

*Sanderson v. Spectrum Labs, Inc.*,
   227 F. Supp. 2d 1001 (N.D. Ind. 2000) ................................................................................7

*Sitzer v. Nat'l Ass'n of Realtors*,
   No. 19CV0332-SRB, 2019 WL 3892873 (W.D. Mo. Aug. 19, 2019) ..................................5, 6

*Smith v. Union Carbide Corp.*,
   2015 WL 191118 (Mo. Cir. Ct. Jan. 12, 2015).......................................................................8

*State ex rel. Sperandio v. Clymer*,
   581 S.W.2d 377 (Mo. 1979) ...............................................................................................10

*United States v. Scophony Corp. of Am.*,
   333 U.S. 795 (1948)..............................................................................................................6

*Viasystems, Inc. v. EMB–Papst St. Georgen GmbH & Co.*,
   646 F.3d 589 (8th Cir. 2011) ...............................................................................................7

*Walden v. Fiore*,
   571 U.S. 277 (2014)..............................................................................................................9

*Willis Elec. Co., Ltd. v. Polygroup Macau Ltd. (BVI)*,
   437 F. Supp. 3d 693 (D. Minn. 2020) ...........................................................................1, 4, 5

*Zeavision, LLC v. Bausch & Lomb Inc.*,
   No. 4:21CV1487-HEA, 2022 WL 17092453 (E.D. Mo. Nov. 21, 2022)..................................5

Page(s)

**Statutes**

28 U.S.C. § 1391...................................................................................................................4, 5

15 U.S.C. § 22 ................................................................................................................. *passim*

RSMo. § 506.500 ....................................................................................................................8

**Rules**

Federal Rule of Civil Procedure 12(b)(2) ...........................................................1, 2, 8, 10

# PRELIMINARY STATEMENT

Plaintiffs' Amended Complaint ("AC") should be dismissed in its entirety for all the reasons detailed in Defendants' motions to dismiss. This motion sets out additional threshold reasons to dismiss Defendants Dow Inc. and DuPont de Nemours, Inc. ("DPNI") under Rule 12(b)(2): both are *recently created holding companies* that have *never* manufactured, produced, distributed, marketed, or sold plastics—in either Missouri or elsewhere. Nor do they have any reasonable connections with the state of Missouri. Plaintiffs "seek[] to hold [defendant] plastic producers and manufacturers accountable" for "fraudulent representations regarding the recyclability of plastics," which "led to higher plastics prices." AC ¶¶ 1, 8. But Plaintiffs do not identify *any* actionable conduct by Defendants Dow Inc. or DPNI in their 93-page complaint. That is unsurprising given that neither Defendant Dow Inc. nor DPNI are "plastic producers and manufacturers" that have ever engaged in the challenged conduct alleged in this action anywhere in the United States, including Missouri. And as holding companies, Defendants Dow Inc. and DPNI are separate entities not subject to personal jurisdiction for the activities of their subsidiaries absent extraordinary circumstances, none of which Plaintiffs allege or can allege here. Plaintiffs have therefore failed to make a *prima facie* showing that either defendant is subject to the Court's jurisdiction.

Defendants Dow Inc. and DPNI do not dispute that Plaintiffs' single federal antitrust claim (Count 1) is assessed under Section 12 of the Clayton Act, 15 U.S.C. § 22. But Plaintiffs cannot avail themselves of nationwide personal jurisdiction over Defendants Dow Inc. and DPNI under Section 12 without first satisfying the section's special venue provisions, which they cannot do. *Willis Elec. Co., Ltd. v. Polygroup Macau Ltd. (BVI)*, 437 F. Supp. 3d 693, 703 (D. Minn. 2020).

Therefore, for both defendants, Plaintiffs "must establish personal jurisdiction some other way." *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 730 (7th Cir. 2013).[1]

But Plaintiffs do not, and cannot, establish an independent basis for personal jurisdiction over *any* claim against Defendants Dow Inc. or DPNI. **First**, Plaintiffs do not allege any act or omission by either defendant covered by Missouri's long-arm statute. **Second**, neither defendant is subject to specific jurisdiction in Missouri because there is no connection between Plaintiffs' claims and any purposeful contact by either defendant with Missouri.[2] The Court thus lacks personal jurisdiction over Defendants Dow Inc. and DPNI for *all* counts.

## RELEVANT BACKGROUND[3]

Defendants Dow Inc. and DPNI are neither current nor former plastic manufacturers. They are holding companies, and thus have never manufactured, distributed, or developed plastics in Missouri. *See* Massey Decl. ¶¶ 5–8, 10; Schaper Decl. ¶¶ 6–9, 11. In fact, neither entity has any presence in Missouri *whatsoever*. Defendants Dow Inc. and DPNI are neither incorporated nor headquartered in Missouri. *Id.* ¶ 3; ¶¶ 3–4. Neither has ever rented, leased, owned, used, or operated a manufacturing facility, office, or real property in Missouri. *Id.* ¶ 10(a); ¶¶ 9–11. Indeed,

---

[1] Plaintiffs cannot establish personal jurisdiction over either defendant for the independent reasons discussed in Defendants' Rule 12(b)(2) Motion to Dismiss. Plaintiffs' failure to establish personal jurisdiction on their Sherman Act claim also precludes establishing personal jurisdiction over any of the remaining claims. *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 401 (6th Cir. 2021).

[2] The Court also lacks general jurisdiction over Defendants Dow Inc. and DPNI: neither is incorporated or otherwise "at home" in Missouri. Massey Decl. ¶¶ 3–4; Schaper Decl. ¶¶ 3–4; *see* Defendants' Rule 12(b)(2) Motion to Dismiss, at Section II. Further, were resident Plaintiffs somehow able to establish specific personal jurisdiction, the Court would still lack jurisdiction over the claims of Plaintiffs who do not reside in, have not purchased plastic products in, and suffered no injury in Missouri. *See* Defendants' Rule 12(b)(2) Motion to Dismiss, at Section IV.

[3] To avoid duplicative briefing, Defendants Dow Inc. and DPNI incorporate by reference the case background and legal standard set forth in Defendants' Suggestions in Support of Defendants' Rule 12(b)(2) Motion to Dismiss.

neither defendant has any employees in Missouri. *Id.* ¶ 10(e); ¶ 7. Additionally, Defendant Dow Inc. does not test, design, manufacture, distribute, supply, or market any products in Missouri; nor does it target Missouri for business solicitation, promotion, or advertising. Massey Decl. ¶¶ 10(f)–(h). And Defendant DPNI has never designed, developed, manufactured, released, or arranged for disposal or treatment of any products in Missouri. Schaper Decl. ¶ 11. Plaintiffs do not allege otherwise.[4]

## ARGUMENT

To establish this Court's personal jurisdiction over Defendants Dow Inc. and DPNI, Plaintiffs must show (1) that jurisdiction is authorized by either a federal statute (here, the Clayton Act as to Plaintiffs' federal antitrust claim) or Missouri's long-arm statute (as to any of Plaintiffs' claims); and (2) otherwise comports with due process. *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir. 2022) (citations omitted). If jurisdiction is authorized by federal statute, courts have understood due process to require "sufficient contacts with the United States." *In re Fed. Fountain, Inc.*, 165 F.3d 600, 601 (8th Cir. 1999)). Otherwise, due process over a non-resident defendant requires that specific jurisdiction exists, meaning that "Plaintiff[s'] claims must 'arise out of or relate to the defendant's contacts' with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021) (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (U.S. 2017)).

### I.  PLAINTIFFS FAIL TO ESTABLISH PERSONAL JURISDICTION UNDER SECTION 12 OF THE CLAYTON ACT.

Plaintiffs assert personal jurisdiction over Defendants on their Sherman Act claim based on Section 12 of the Clayton Act, 15 U.S.C. § 22. That statute authorizes nationwide service of

---

[4] The AC suggests that Defendant DPNI is a manufacturer of plastic resin, but that is incorrect, as explained in the concurrently filed declaration of Allison A. Schaper.

3

process, but only when venue is proper under the Act's special venue provisions. Here, however, venue is improper in this District under Section 12 for Defendants Dow Inc. and DPNI. Therefore, Plaintiffs cannot establish personal jurisdiction under Section 12's service of process provision over those defendants.

Section 12 provides:

> "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process *in such cases* may be served in the district of which it is an inhabitant, or wherever it may be found."

15 U.S.C. § 22 (emphasis added). The first clause of Section 12 concerns venue. The second clause provides for nationwide service of process, and, consequently, nationwide personal jurisdiction under Rule 4(k)(1)(C), which permits jurisdiction to be established by serving a summons or filing a waiver "when authorized by a federal statute." *See In re Fed. Fountain, Inc.*, 165 F.3d at 602 (holding that where Congress authorizes nationwide service of process, federal courts may exercise personal jurisdiction over a defendant so long as the defendant has sufficient minimum contacts with the United States).

But that does not end the analysis under Section 12. Most Circuits interpreting Section 12 to allow for nationwide personal jurisdiction have concluded the statute "must be read as a package deal," meaning Plaintiffs "must satisfy the venue provisions of Section 12's first clause" to avail themselves "of the privilege of nationwide service of process." *KM Enters., Inc.*, 725 F.3d at 729–30.[5] And courts in this District agree. *See, e.g.*, *Willis Elec. Co.*, 437 F. Supp. 3d at 703 ("[T]he

---

[5] *Accord Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 424–25, 427 (2d Cir. 2005) ("[T]he extraterritorial service provision of Clayton Act Section 12 may be invoked to establish personal jurisdiction only when the requirements of the section's venue provisions are satisfied …. [I]f 28 U.S.C. § 1391 is the basis for venue, an antitrust plaintiff cannot employ Section 12's service of process provision to secure personal jurisdiction."); *GTE New Media Servs., Inc. v.*

Clayton Act provides for personal jurisdiction over a corporate defendant so long as venue is established under 15 U.S.C. § 22."); *MNG 2005, Inc. v. Paymentech, LLC*, No. 18CV1155-JAR, 2020 WL 6582660, at *3 n.3 (E.D. Mo. Nov. 9, 2020)).[6]  Thus, a "plaintiff cannot rely on the standard federal venue provision, 28 U.S.C. § 1391, while claiming nationwide personal jurisdiction under the Clayton Act." *Zeavision, LLC v. Bausch & Lomb Inc.*, No. 4:21CV1487-HEA, 2022 WL 17092453, at *2 (E.D. Mo. Nov. 21, 2022).  Instead, plaintiffs must first "establish venue under the Clayton Act" to then "tether[] its jurisdictional claims to the Clayton Act." *MNG 2005, Inc.*, 2020 WL 6582660, at *3 n.3.

Plaintiffs do not meet their burden to establish venue as to Defendants Dow Inc. and DPNI under Section 12.  To be sure, Plaintiffs' complaint generally alleges that "each Defendant transacted business, was found, had agents, or resided in this District."  AC ¶14.  Yet such conclusory statements are "devoid of a factual foundation" anywhere in the AC and thus "do not suffice in [the personal jurisdiction] inquiry."  *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004); *see Corr Wireless Commc'ns, L.L.C. v. AT&T, Inc.*, 907 F. Supp. 2d 793, 800 (N.D. Miss. 2012) (no venue under Clayton Act where plaintiffs failed to show, "other than by general unsubstantiated allegations, that [defendant] was or is transacting business or found within [the] Court's reach").  Plaintiffs' complaint contains only these conclusions, and therefore lacks the "factual foundation" necessary to establish proper venue.

---

*BellSouth Corp.*, 199 F.3d 1343, 1350 (D.C. Cir. 2000) ("[I]nvocation of the nationwide service clause rests on satisfying the venue provision.").

[6]   No district court in this Circuit has endorsed the minority approach. *See Sitzer v. Nat'l Ass'n of Realtors*, No. 19CV0332-SRB, 2019 WL 3892873, at *4 (W.D. Mo. Aug. 19, 2019) (declining to choose between the two interpretations of Section 12 and instead finding jurisdiction proper under either interpretation because the Defendant "transacts business of a substantial character within the Western District of Missouri").

5

Nor can Plaintiffs meet their burden. Defendants Dow Inc. and DPNI are neither (i) inhabitants of, nor (ii) found or (iii) transact business in, this District. *See* 15 U.S.C. § 22. **First**, neither is an "inhabitant" of this District. 15 U.S.C. § 22. "A corporation inhabits the district in which it is incorporated," *KM Enters., Inc.*, 725 F.3d at 725, and neither defendant is incorporated under the laws of Missouri; nor does either have their headquarters there. Massey Decl. ¶¶ 3–4; Schaper Decl. ¶¶ 3–4. **Second**, neither Defendants Dow Inc. nor DPNI is "found" in this District. 15 U.S.C. § 22. A corporation is "found" only in districts where it is present and carrying on continuous local activities, *United States v. Scophony Corp. of Am.*, 333 U.S. 795, 805 (1948), and neither has such a presence in Missouri, let alone this District, *see* Massey and Schaper Decls.

**Third**, Defendants Dow Inc. and DPNI do not transact business "of any substantial character" in this District. *See Scophony Corp. of Am.*, 333 U.S. at 807 (explaining that the "test of venue" under Section 12 is whether a party is engaged in the "practical, everyday business or commercial concept of doing or carrying on business of any substantial character") (internal quotation marks omitted). "Transacts business" encompasses "the practical, everyday business or commercial concept of doing or carrying on business of any *substantial* character" and replaces the "highly technical distinctions that had characterized venue determinations." *Campos v. Ticketmaster Corp.*, 140 F.3d 1166, 1173 (8th Cir. 1998) (*quoting Scophony*, 333 U.S. at 807) (emphasis added). At the threshold, Defendants Dow Inc. and DPNI do not have any offices, facilities, or employees in Missouri. Massey Decl. ¶ 10; Schaper Decl. ¶¶ 7–9. Moreover, neither defendant engages in any business or participates in other persistent course of conduct in Missouri. *See id.* ¶ 10; ¶¶ 5–11. Consequently, Plaintiffs cannot establish "the most important factor to consider" in the venue analysis: "'the dollar amount of business transacted in the district.'" *Sitzer*, 2019 WL 3892873, at *3–4 (quoting *In re Blue Cross Blue Shield Antitrust Litig.*, 225 F. Supp. 3d

6

1269, 1293 (N.D. Ala. 2016) (internal citation omitted)); *see KM Enters., Inc.*, 725 F.3d at 731–32 (defendant whose technology was in the district and who made "six direct sales … for a grand total of $2,327.25" did not "transact business" under Section 12).[7]

At bottom, Plaintiffs plead no facts showing that Defendants Dow Inc. and DPNI transact business within this District, much less the *substantial* business that is required under Section 12. Plaintiffs' failure to plead these essential facts thus renders venue under the Clayton Act improper. *See Sanderson v. Spectrum Labs, Inc.*, 227 F. Supp. 2d 1001, 1007 (N.D. Ind. 2000) ("[A] plaintiff cannot merely plead that a defendant is 'transacting business[,]' but must plead sufficient facts demonstrating that the defendant transacts business of a substantial nature within the district."). Accordingly, venue in this District under Section 12 is improper for Defendants Dow Inc. and DPNI, and so Plaintiffs may not rely on Section 12's nationwide service of process to establish personal jurisdiction over these defendants.

## II.  MISSOURI'S LONG-ARM STATUTE DOES NOT CONFER JURISDICTION.

To establish this Court's personal jurisdiction over Plaintiffs' claims—both the federal antitrust claim (without the benefit of nationwide service of process) and state law claims, the AC must show that jurisdiction is authorized by Missouri's long-arm statute and permitted by the Due Process Clause. *Viasystems, Inc. v. EMB–Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 592 (8th Cir. 2011). Missouri's personal jurisdiction analysis involves two separate inquiries: ***first***, whether the "defendant's conduct was covered by the long-arm statute," and ***second***, "whether the exercise

---

[7]  Importantly, a parent-subsidiary relationship is insufficient grounds on which to allege that a parent "transacts business" under Section 12 unless the subsidiary is acting as the parent's alter-ego. *See Campos*, 140 F.3d at 1173 (holding that a parent must at least exercise continuing supervision of and intervention in the subsidiary's affairs for it to be carrying on business of any substantial character within a judicial district). Here, the AC lacks any allegations that Defendants Dow Inc. or DPNI "exercised sufficient control over the operations" of its subsidiary. *See* Defendant Dow Inc.'s Rule 12(b)(6) Motion to Dismiss, at Sections I–II.

7

of jurisdiction comports with due process requirements." *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909–10 (8th Cir. 2012). Missouri's long-arm statute extends jurisdiction to any cause of action arising from: (1) "transaction of any business within this state," (2) "making of any contract within this state," (3) "commission of a tortious act within this state," or (4) "ownership, use, or possession of any real estate situated in this state." RSMo. § 506.500. And due process requires "that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Zazzle, Inc.*, 42 F.4th at 951 (citations omitted).

Here, the Court lacks personal jurisdiction over Dow Inc. and DPNI because Plaintiffs do not and cannot allege that either defendant engaged in any conduct encompassed by Missouri's long-arm statute. *See, e.g.*, *Interocean Trade & Transp., Inc. v. Shanghai AnTong Int'l Freight Agency Co.*, No. 13-0176-CV-W-REL, 2014 WL 4983493, at *7 (W.D. Mo. Oct. 4, 2014) (dismissing defendant where plaintiff failed to allege that defendant engaged in any "activity covered by Missouri's long-arm statute"). Indeed, the AC does not include any alleged action by Defendants Dow Inc. and DPNI committed in or towards Missouri—let alone the activities required by Missouri's long-arm statute. Nor have Plaintiffs claimed that their alleged injuries are connected to the activities or contacts of either entity in Missouri. *See Smith v. Union Carbide Corp.*, 2015 WL 191118, at *2 (Mo. Cir. Ct. Jan. 12, 2015) (no personal jurisdiction where defendant had not "committed any act in Missouri in connection with Plaintiff's claims" even though defendant's wholly owned subsidiary was based in Missouri). As a result, Plaintiffs fail to make a *prima facie* showing that Missouri's long-arm statute covers Defendants Dow Inc. and DPNI. *See* RSMo. § 506.500. Dismissal is thus warranted under Rule 12(b)(2) before even considering the due process constraints on the exercise of personal jurisdiction.

8
Case 4:24-cv-00803-SRB    Document 133    Filed 03/10/25    Page 13 of 18

## III. THE DUE PROCESS CLAUSE DOES NOT PERMIT FINDING JURISDICTION.

Because the long-arm statute does not confer personal jurisdiction over Defendants Dow Inc. and DPNI, this Court need not proceed further. But personal jurisdiction independently fails under the Due Process Clause. Specific personal jurisdiction requires "'an affiliation between the forum and the underlying controversy,' and where that connection is absent, 'specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.'" *Zazzle, Inc.*, 42 F.4th at 952 (quoting *Bristol-Myers Squibb Co.*, 582 U.S. at 264). To satisfy due process, the defendant "must take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State," *and* "the suit [must] arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co.*, 592 U.S. at 361–62 (cleaned up).

Plaintiffs fail to satisfy these threshold pleading requirements. All of Plaintiffs' claims are premised on an overarching theory that Defendants made deceptive and misleading statements about the recyclability of plastics. *See* AC ¶ 1 ("This case is about Defendants' profit-driven decision to promote the idea to the American consumer that plastics are recyclable and better for the environment, when in reality only a tiny fraction of plastics are ever recycled."). But Plaintiffs allege no facts establishing that Defendants Dow Inc. or DPNI specifically made any of the challenged statements, let alone that they did so in Missouri or "purposefully directed" any of the challenged statements to Missouri. *Johnson v. Arden*, 614 F.3d 785, 798 (8th Cir. 2010). Plaintiffs have thus failed to establish any nexus between their claims and in-state conduct of Defendants Dow Inc. and DPNI. *Morningside Church v. Rutledge*, 9 F.4th 615, 621 (8th Cir. 2021) (affirming dismissal where plaintiffs failed to show "defendants' 'conduct connects [them] to the forum in a meaningful way'") (quoting *Walden v. Fiore*, 571 U.S. 277, 290 (2014)).

Nor could Plaintiffs establish such a nexus. As evident from the supporting declarations, Defendants Dow Inc. and DPNI have no connections to Missouri, let alone those sufficiently

9

related to Plaintiffs' claims. *See supra,* Section I. Indeed, Defendants Dow Inc. and DPNI could not *possibly* have any ties to Missouri concerning the decades-old conspiracy activities alleged—given both entities were only recently formed, Massey Decl. ¶ 4; Schaper Decl. ¶ 5. In the face of these facts, Plaintiffs' generalized allegations that Defendants Dow Inc. and DPNI have a sufficient nexus to Missouri for decades of conduct fall well short of meeting their pleading burden.[8] Nor can Plaintiffs rely on any *other* Defendants' contacts with Missouri—given Missouri law's rejection of conspiracy jurisdiction (as well as their inability to allege a conspiracy at all, much less in Missouri). *Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC,* 757 F. Supp. 2d 904, 912 n.1 (W.D. Mo. 2010) (Missouri law does not recognize the exercise of "personal jurisdiction on a party based solely on a co-conspirator's actions") (citing *State ex rel. Sperandio v. Clymer,* 581 S.W.2d 377, 383–84 (Mo. 1979)); *DURAG Inc. v. Kurzawski,* 2020 WL 2112296, at *5 (D. Minn. May 4, 2020) (Plaintiffs must allege facts showing "the existence of a conspiracy" and that any of the Defendants took any "overt act … in furtherance of the conspiracy within [Missouri's] boundaries"); *see* Defendants' Rule 12(b)(6) Motion to Dismiss, at Section II.B.1.

Therefore, specific jurisdiction does not exist over Defendants Dow Inc. or DPNI, thus rendering any exercise of personal jurisdiction in violation of due process.

## **CONCLUSION**

For the above reasons, and the reasons provided in Defendants' Rule 12(b)(2) Motion to Dismiss, the Court should dismiss Defendants Dow Inc. and DPNI for lack of personal jurisdiction.

---

[8] Specific jurisdiction over Defendants Dow Inc. and DPNI cannot exist through any subsidiary because Plaintiffs do not allege any basis for indirect liability. *See Epps v. Stewart Info. Servs. Corp.,* 327 F.3d 642, 648–49 (8th Cir. 2003) ("personal jurisdiction can be based on the activities of the nonresident corporation's in-state subsidiary, *but only if* the parent so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded") (emphasis added); *see also* Defendant Dow Inc.'s Rule 12(b)(6) Motion to Dismiss, at Section II.

Respectfully submitted,

Dated: March 10, 2025          /s/ Kara T. Stubbs

Kara T. Stubbs          MO# 43414
**BAKER STERCHI COWDEN & RICE LLC**
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone: 816-471-2121
Facsimile: 816-472-0288
stubbs@bakersterchi.com

and

Nader R. Boulos, P.C. (Admitted *pro hac vice*)
Daniel E. Laytin, P.C. (Admitted *pro hac vice*)
Jonathan Adair (Admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: 312-862-2198
Facsimile: 312-862-2000
Nader.boulos@kirkland.com
Daniel.laytin@kirkland.com
Jonathan.adair@kirkland.com

*Counsel for Defendant*
*DuPont De Nemours, Inc.*

Dated: March 10, 2025          /s/ Robert J. Hoffman

Robert J. Hoffman MO# 76565
Robert M. Thompson MO# 38156
Grace E. Martinez MO# 70921
**BRYAN CAVE LEIGHTON PAISNER**
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, MO 64105
Telephone: 816-374-3229
Facsimile: 816-374-3300
Bob.hoffman@bclplaw.com
Rmthompson@bclplaw.com
Grace.martinez@bclplaw.com

and

Nader R. Boulos, P.C. (admitted *pro hac vice*)
Daniel E. Laytin, P.C. (admitted *pro hac vice*)
Jonathan N. Adair (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: 312-862-2000
Facsimile: 312-862-2200
Nader.boulos@kirkland.com
Daniel.laytin@kirkland.com
Jonathan.adair@kirkland.com

and

Matthew J. Blaschke (*Pro Hac Vice* to be filed)
Bailey J. Langner (*Pro Hac Vice* to be filed)
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: 415-318-1200
Facsimile: 415-318-1300
Bblaschke@kslaw.com
Blangner@kslaw.com

*Counsel for Defendant Dow Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the above and foregoing was filed with the Clerk of the Court using the CM/ECF system on this 10th day of March 2025, which will send notification of the same to all counsel of record.

              */s/ Kara T. Stubbs*
              Kara T. Stubbs