# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BILLIE RODRIGUEZ, et al.<br>　　　Plaintiffs,<br><br>v.<br><br>EXXON MOBIL CORPORATION, et al.<br>　　　Defendants,<br><br>*and*<br><br>STATE OF KANSAS, *ex rel.* KRIS W. KOBACH, Attorney General<br><br>　　　Defendant-Intervenor. | Case No. 4:24-cv-00803-SRB |

## PLAINTIFFS' *EMERGENCY* MOTION TO STAY PROCEEDINGS AND TRANSFER PENDING PETITION FOR PANEL REHEARING OR PETITION FOR REHEARING EN BANC

Plaintiffs move the Court on an emergency basis to stay all proceedings and to temporarily defer compliance with the Eighth Circuit's mandate, including any transfer of this case to the District of Kansas, pending resolution of Plaintiffs' forthcoming petition for panel rehearing or petition for rehearing en banc in the Eighth Circuit. In support of this Emergency Motion, Plaintiffs state:

　　　1.　　On April 1, 2025, the United State Court of Appeals for the Eighth Circuit issued a Judgment on Defendant Exxon Mobil Corporation's Petition for Writ of Mandamus. Doc. #160. The Judgment granted the Petition for Writ of Mandamus and vacated the District Court's Order Denying the Motion to Transfer (Doc. #49). The Judgment directed the District Court to "transfer the case to the United States District Court for the District of Kansas." Doc. #160. The Mandate issued forthwith and was filed on April 1, 2025. *Id.*

2. Soon hereafter, Plaintiffs will file an Emergency Motion to Recall Mandate Pending Petition for Rehearing En Banc in the Eighth Circuit, and will be filing a timely petition for panel rehearing or petition for rehearing en banc in the Eighth Circuit.

3. Unless this Court temporarily stays the transfer and proceedings, the case may be transferred before the Eighth Circuit has an opportunity to consider the motion and petition—potentially rendering the appeal functionally moot.

4. A short stay is warranted here because (a) Plaintiffs are diligently pursuing their rights in the appellate court; (b) Plaintiffs' petition for panel rehearing or petition for rehearing en banc will raise substantial issues of exceptional importance; (c) an immediate transfer would irreparably harm Plaintiffs; (d) a stay is critical will ensure the parties do not spend unnecessary time and resources; and (e) no party will be prejudiced by a temporary stay to permit the appellate court to address Plaintiffs' motion to recall the mandate and petition for panel rehearing or petition for rehearing en banc.

WHEREFORE, Plaintiffs request an emergency stay of all proceedings and to temporarily defer any action to transfer the case to the District of Kansas until the Eighth Circuit rules on Plaintiffs' emergency motion to recall the mandate and forthcoming petition for panel rehearing or petition for rehearing en banc in the Eighth Circuit, and for all other relief the Court deems just and proper.

Dated: April 1, 2025.  Respectfully submitted,

/s/ *Rex A. Sharp*
Rex A. Sharp, MO #51205
Isaac L. Diel, MO #39503
W. Greg Wright, MO #49545
Sarah T. Bradshaw, MO #66276
Hammons P. Hepner, MO #77258
SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 261-7564 Fax
rsharp@midwest-law.com
idiel@midwest-law.com
gwright@midwest-law.com
sbradshaw@midwest-law.com
hhepner@midwest-law.com

--and--

Dave Rebein, KS #10476
REBEIN BROTHERS, PA
1715 Central Ave.
Dodge City, KS 67801
Tel: (620) 227-08126

--and--

Glenn I. Kerbs, KS #09754
Samantha F. Sweley, KS #26833
KERBS LAW OFFICE, LLC
1715 Central Ave.
Dodge City, KS 67801
Tel: (620) 255-0238
gkerbs@kerbslaw.com
ssweley@kerbslaw.com

*Attorneys for Plaintiffs
and the Proposed Class*

3

## CERTIFICATE OF SERVICE

I hereby certify that, on April 1, 2025, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Rex A. Sharp*
Rex A. Sharp
